# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:15-cv-00109-MR

| | |
|---|---|
| SANDRA M. PETERS, on behalf of herself and all others similarly situated, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>AETNA INC., AETNA LIFE INSURANCE COMPANY, and OPTUMHEALTH CARE SOLUTIONS, INC., )<br>)<br>)<br>)<br>)<br>Defendants. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Motion of Defendants Aetna Inc. and Aetna Life Insurance Company for Leave to File under Seal Private Health Records [Doc. 32].

Defendants Aetna Inc. and Aetna Life Insurance Company moves the Court for leave to file under seal certain medical records of the Plaintiff that are to be filed in support of their Motion to Dismiss. Both the Plaintiff and Optumhealth Care Solutions, Inc. consent to the Defendants' motion. [Doc. 32].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendants' motion. The Defendants filed their motion on August 31, 2015, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, the Defendants have demonstrated that the documents at issue contain personal health information regarding the Plaintiff, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these documents is narrowly tailored to serve the interest of protecting the Plaintiff's privacy.

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion to Seal [Doc. 32] is **GRANTED**, and the Defendants shall be permitted to file the Plaintiff's Explanation of Benefits forms under seal.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge