UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| SANDRA M. PETERS, on behalf of herself and all others similarly situated, ) ) ) | |
| PLAINTIFF, ) | |
| V. ) | Case No. 1:15-cv-00109-MR |
| AETNA INC., AETNA LIFE INSURANCE COMPANY, and OPTUMHEALTH CARE SOLUTIONS, INC., ) ) ) ) | |
| DEFENDANTS. ) ) | |

## AETNA'S ANSWER AND DEFENSES TO
## PLAINTIFF'S CLASS ACTION COMPLAINT

Defendants Aetna Inc. and Aetna Life Insurance Company (together, "Aetna"), by and through undersigned counsel, hereby file this answer to the Class Action Complaint (the "Complaint") filed by Plaintiff Sandra M. Peters on June 12, 2015, as modified by the Court's August 31, 2016 order dismissing some of Plaintiff's claims (Dkt. #54). Except as expressly admitted below, Aetna denies each and every allegation in the Complaint. Aetna's responses to the specific paragraphs of the Complaint, and its defenses, are as follows.

## INTRODUCTION

1. Aetna denies the allegations in paragraph 1.

2. Aetna denies the allegations in paragraph 2.

3. Paragraph 3 contains no factual allegations to which a response is required. To the extent a response is required, Aetna denies the allegations in paragraph 3.

## PARTIES

### *Plaintiff*

4. Aetna denies the allegations in the first and fourth sentences in paragraph 4. Aetna admits that at the time of the specific services alleged in the Complaint, Plaintiff was enrolled in a group health plan sponsored by Mars, Incorporated, that the plan is self-funded and Mars, Incorporated is financially responsible for payment of benefits owed under the terms of the plan, and that the plan is subject to the requirements of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Aetna lacks knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 4 and therefore denies same.

### *Defendants*

5. Aetna admits that Aetna Inc. is a Pennsylvania corporation with its principal business address at 151 Farmington Avenue, Hartford, CT 06156. Aetna further admits that certain direct and indirect subsidiaries of Aetna Inc. insure, underwrite, and/or administer certain health benefits plans. Aetna further admits that Aetna Life Insurance Company ("ALIC"), which is a wholly owned subsidiary

of Aetna Inc., serves as Claim Administrator under the terms of the health benefits plan of which Plaintiff was a member at the time of the specific services alleged in the Complaint, and that its specific roles and responsibilities with respect to that plan are defined by ALIC's administrative services agreement with the plan sponsor and the summary plan description ("SPD") for the plan. Aetna denies any remaining allegations in paragraph 5.

6. Aetna admits that ALIC is a Connecticut corporation with its principal business address at 151 Farmington Avenue, Hartford, CT 06156, and that ALIC is a wholly owned subsidiary of Aetna Inc. Aetna denies the remaining allegations in paragraph 6.

7. Aetna lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of paragraph 7 and therefore denies same. With respect to the second sentence in paragraph 7, Aetna admits that ALIC has entered into an agreement with OptumHealth Care Solutions, Inc. ("Optum"); the contracts between Aetna and Optum speak for themselves and no further response is required.

8. Paragraph 8 asserts legal conclusions, in its entirety, and therefore no response is required. To the extent any further response is required, Aetna denies the remaining allegations in paragraph 8.

3

## JURISDICTION AND VENUE

9.      Paragraph 9 asserts legal conclusions, in its entirety, and therefore no response is required.  To the extent any further response is required, Aetna denies the remaining allegations in paragraph 9.

10.     Paragraph 10 asserts legal conclusions, in its entirety, and therefore no response is required.  To the extent any further response is required, Aetna denies the remaining allegations in paragraph 10.

## FACTUAL ALLEGATIONS

### *Background*

11.     Paragraph 11 refers to Aetna Inc.'s 2014 annual report, which document speaks for itself, and therefore no response is required.  To the extent any further response is required, Aetna admits that paragraph 11 accurately summarizes portions of the 2014 annual report.  Aetna denies any remaining allegations in paragraph 11.

12.     Paragraph 12 refers to Aetna Inc.'s 2014 annual report, which document speaks for itself, and therefore no response is required.  To the extent any further response is required, Aetna admits that paragraph 12 accurately quotes and summarizes portions of the 2014 annual report.  Aetna denies any remaining allegations in paragraph 12.

13.     Aetna admits that ALIC serves as a claim administrator or third-party administrator under the terms of some health benefits plans, including the health benefits plan of which Plaintiff was a member at the time of the specific services alleged in the Complaint, and that its specific roles and responsibilities with respect to that plan and any other plans are defined by ALIC's individual contracts with the plan sponsors and by specific terms of each plan.  Aetna further admits that for some claims under some of these plans, ALIC's responsibilities include processing claims and providing access to a network of providers who have entered into network participation agreements.  Aetna further admits that many plans are subject to ERISA.  Aetna denies any remaining allegations in paragraph 13.

14.     Aetna admits that ALIC typically receives compensation from plan sponsors of self-funded plans in exchange for services rendered as claim administrator or third-party administrator for those plans and that its specific roles and responsibilities with respect to the health benefits plan of which Plaintiff was a member at the time of the specific services alleged in the Complaint and any other plans are defined by ALIC's individual contracts with the plan sponsors and by specific terms of each plan.  Aetna further admits that contracts between plan sponsors and providers of such services are sometimes referred to as "administrative services agreements," among other names, and that those

agreements set out, among other terms, the fee or other compensation to be paid for those services. Aetna denies any remaining allegations in paragraph 14.

15. Aetna admits that for fully-insured plans for which an Aetna affiliate both insures and administers the plan, there is generally no "administrative services agreement." Aetna denies the remaining allegations in paragraph 15.

16. To the extent paragraph 16 purports to characterize Aetna Inc.'s 2014 annual report, that document speaks for itself and no response is required. To the extent any further response is required, Aetna admits that the quoted portions of the 2014 annual report are quoted accurately.

17. Paragraph 17 asserts legal conclusions, in its entirety, and therefore no response is required. To the extent that Plaintiff purports to characterize Internal Revenue Service rules, Aetna refers to those rules, which speak for themselves.

18. The first sentence in paragraph 18 refers to Aetna Inc.'s 2014 annual report, which document speaks for itself, and therefore no response is required. To the extent any further response is required with respect to the first sentence in paragraph 18, Aetna admits that the quoted portions of the 2014 annual report are quoted accurately. With respect to the second sentence in paragraph 18, Aetna admits that a "high deductible health plan," in general, may have a higher annual deductible coupled with a maximum limit on the sum of the annual deductible and out of pocket expenses, and potentially lower premiums as compared to other types

of health benefits plans. To the extent that Plaintiff purports to characterize Internal Revenue Service rules, Aetna refers to those rules, which speak for themselves. Aetna denies any remaining allegations in paragraph 18.

19. The first sentence in paragraph 19 refers to Aetna's website, which speaks for itself, and therefore no response is required. To the extent any further response to that sentence is required, Aetna admits that Health Reimbursement Arrangements are available in connection with certain health benefits plans. With respect to the second sentence in paragraph 19, Aetna admits that, in general, in a Health Reimbursement Arrangement, an employer sets aside a certain amount of money annually that a plan member may use to pay for qualifying medical expenses. The third sentence in paragraph 19 states a legal conclusion to which no response is required. To the extent that Plaintiff purports to characterize Internal Revenue Service rules, Aetna refers to those rules, which speak for themselves. To the extent the allegations in paragraph 19 are intended to refer to the practices of a particular plan member or plan, Aetna lacks knowledge or information sufficient to admit or deny the allegations and therefore denies same.

20. The first sentence in paragraph 20 states a legal conclusion to which no response is required. To the extent any further response to paragraph 20 is required, Aetna denies the allegations.

## *Aetna's Cost-Shifting Scheme*

21.     Aetna admits that, for some claims and some plans, Aetna affiliates have processed claims, adjudicated claims, and entered into network participation agreements with providers, among other contractual responsibilities.  Aetna denies the remaining allegations in paragraph 21.

22.     Aetna denies the allegations in paragraph 22 insofar as they relate to any "Subcontractor" other than Optum (or a "collection of Subcontractors") on the basis that the Court dismissed Plaintiff's RICO claims and held that Plaintiff lacks standing "to assert any claims regarding Aetna's actions with respect to any subcontractors other than Optum."  To the extent any further response is required, Aetna denies the allegations in paragraph 22.

23.     Aetna denies the allegations in paragraph 23 insofar as they relate to any "Subcontractor" other than Optum on the basis that the Court has dismissed Plaintiff's RICO claims and held that Plaintiff lacks standing "to assert any claims regarding Aetna's actions with respect to any subcontractors other than Optum."  To the extent that paragraph 23 purports to characterize contracts between Aetna and Optum, those documents speak for themselves and no response is required.  To the extent any further response is required, Aetna denies the remaining allegations in paragraph 23.

24.     Aetna denies the allegations in paragraph 24 insofar as they relate to any "Subcontractor" other than Optum on the basis that the Court has dismissed Plaintiff's RICO claims and held that Plaintiff lacks standing "to assert any claims regarding Aetna's actions with respect to any subcontractors other than Optum." With respect to the first sentence in paragraph 24, Aetna admits that service providers who are part of Optum's network of providers are instructed to submit to Optum information regarding the services they have provided. To the extent any further response to that sentence is required, Aetna denies any remaining allegations. With respect to the second sentence in paragraph 24, Aetna lacks knowledge or information sufficient to admit or deny the allegations contained therein and therefore denies same. With respect to the third sentence in paragraph 24, to the extent that Plaintiff purports to characterize any documents, those documents speak for themselves and no response is required. Aetna admits that medical providers often use CPT codes to report their services. To the extent any further response is required, Aetna lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 24 and therefore denies same.

25.     Aetna denies the allegations in paragraph 25 insofar as they relate to any "Subcontractor" other than Optum on the basis that the Court has dismissed Plaintiff's RICO claims and held that Plaintiff lacks standing "to assert any claims regarding Aetna's actions with respect to any subcontractors other than Optum."

To the extent that paragraph 25 purports to characterize contracts between Aetna and Optum, those documents speak for themselves and no response is required. To the extent any further response is required, Aetna lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 25 and therefore denies same.

26. Aetna denies the allegations in paragraph 26 insofar as they relate to any "Subcontractor" other than Optum on the basis that the Court has dismissed Plaintiff's RICO claims and held that Plaintiff lacks standing "to assert any claims regarding Aetna's actions with respect to any subcontractors other than Optum." To the extent that the first sentence in paragraph 26 purports to characterize contracts between Aetna and Optum, those documents speak for themselves and no response is required. Aetna denies the remaining allegations in paragraph 26.

27. Aetna denies the allegations in paragraph 27 insofar as they relate to any "Subcontractor" other than Optum on the basis that the Court has dismissed Plaintiff's RICO claims and held that Plaintiff lacks standing "to assert any claims regarding Aetna's actions with respect to any subcontractors other than Optum." Aetna denies the remaining allegations in paragraph 27.

28. Aetna admits that some plans include a deductible—an amount that a plan member must pay for covered medical services before the health benefits plan begins to pay—and that for these plans an Explanation of Benefits ("EOB") will

generally reflect whether an amount has been applied to the deductible or whether the health benefits plan is paying a given amount, under the terms of the plan. Aetna also admits that under some of these plans that have these features, the deductible may be satisfied automatically through a plan member's Health Reimbursement Arrangement or Health Savings Account. Aetna denies the remaining allegations in paragraph 28.

29.     Aetna denies the allegations in paragraph 29 insofar as they relate to any "Subcontractor" other than Optum on the basis that the Court has dismissed Plaintiff's RICO claims and held that Plaintiff lacks standing "to assert any claims regarding Aetna's actions with respect to any subcontractors other than Optum." Aetna lacks knowledge or information sufficient to admit or deny the allegations regarding the contents of "Remittance Advice" forms that Optum allegedly sends providers and therefore denies same. Aetna denies the remaining allegations in paragraph 29.

30.     Aetna denies the allegations in paragraph 30 insofar as they relate to any "Subcontractor" other than Optum on the basis that the Court has dismissed Plaintiff's RICO claims and held that Plaintiff lacks standing "to assert any claims regarding Aetna's actions with respect to any subcontractors other than Optum." Aetna denies the remaining allegations in paragraph 30.

31.     Aetna denies the allegations in paragraph 31 insofar as they relate to any "Subcontractor" other than Optum on the basis that the Court has dismissed Plaintiff's RICO claims and held that Plaintiff lacks standing "to assert any claims regarding Aetna's actions with respect to any subcontractors other than Optum." Aetna denies the remaining allegations in paragraph 31.

32.     Aetna denies the allegations in the first sentence in paragraph 32. With respect to the second sentence in paragraph 32, Aetna admits that a Medical Loss Ratio generally relates to the percentage of premium dollars paid that a health plan spends on medical costs and activities that improve health care quality.  The third sentence in paragraph 32 asserts legal conclusions, and therefore no response is required.  Aetna denies the allegations in the fourth sentence in paragraph 32 insofar as they relate to any "Subcontractor" other than Optum on the basis that the Court has dismissed Plaintiff's RICO claims and held that Plaintiff lacks standing "to assert any claims regarding Aetna's actions with respect to any subcontractors other than Optum."  To the extent any further response is required, Aetna denies the remaining allegations in paragraph 32.

### The Aetna-Optum Agreement

33.     Aetna admits that ALIC has entered into an agreement with Optum. To the extent that paragraph 33 purports to characterize contracts between Aetna

and Optum, those documents speak for themselves and no response is required. Aetna denies the remaining allegations in paragraph 33.

34.     Aetna admits that ALIC has entered into an agreement with Optum. To the extent that paragraph 34 purports to characterize contracts between Aetna and Optum, those documents speak for themselves and no response is required. To the extent that paragraph 34 purports to characterize contracts between Optum and its chiropractors, those documents speak for themselves and no response is required; in addition, Aetna lacks knowledge or information relating to those contracts and therefore denies any allegations relating to them. Aetna denies the remaining allegations in paragraph 34.

35.     Aetna lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 35 and therefore denies same.

36.     Aetna denies the allegations in paragraph 36.

### Allegations Regarding Sandra Peters

37.     Aetna lacks knowledge or information sufficient to admit or deny the allegation in the first sentence in paragraph 37 and therefore denies same. With respect to the second sentence in paragraph 37, Aetna admits that the SPD refers to ALIC as the Claim Administrator and that its specific roles and responsibilities with respect to that plan are defined by ALIC's administrative services agreement with the plan sponsor and the SPD for the plan. The third and fourth sentences in

paragraph 37 refer to the SPD Plaintiff allegedly received, which document speaks for itself, and therefore no response is required. Aetna denies the allegations in the fifth sentence in paragraph 37 insofar as they relate to any "Subcontractor" other than Optum on the basis that the Court has dismissed Plaintiff's RICO claims and held that Plaintiff lacks standing "to assert any claims regarding Aetna's actions with respect to any subcontractors other than Optum." Aetna denies any remaining allegations in paragraph 37.

38.     Aetna denies the allegations in paragraph 38 insofar as they relate to any "Subcontractor" other than Optum on the basis that the Court has dismissed Plaintiff's RICO claims and held that Plaintiff lacks standing "to assert any claims regarding Aetna's actions with respect to any subcontractors other than Optum." Paragraph 38 refers to the SPD Plaintiff allegedly received, which document speaks for itself, and therefore no response is required. To the extent any further response is required, Aetna admits that the quoted portions of the SPD are quoted accurately, but otherwise denies any remaining allegations in paragraph 38.

39.     Aetna denies the allegations in paragraph 39 insofar as they relate to any "Subcontractor" other than Optum on the basis that the Court has dismissed Plaintiff's RICO claims and held that Plaintiff lacks standing "to assert any claims regarding Aetna's actions with respect to any subcontractors other than Optum." Paragraph 39 refers to the SPD Plaintiff allegedly received, which document

speaks for itself, and therefore no response is required. To the extent any further response is required, Aetna admits that the quoted portions of the SPD are quoted accurately, but otherwise denies any remaining allegations in paragraph 39.

40.     Aetna lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 40 and therefore denies same.

41.     Aetna lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 41 and therefore denies same.

42.     Paragraph 42 refers to the EOB dated August 1, 2013 that Plaintiff allegedly received from ALIC, which document speaks for itself, and therefore no response is required. To the extent any further response is required, Aetna admits that the EOB is quoted accurately, but otherwise denies the remaining allegations in paragraph 42.

43.     Paragraph 43 refers to the EOB dated August 1, 2013 that Plaintiff allegedly received from ALIC, which document speaks for itself, and therefore no response is required. To the extent any further response is required, Aetna admits that the EOB is quoted accurately, but otherwise denies the remaining allegations in paragraph 43.

44.     Aetna denies the allegations in paragraph 44.

45.     Aetna lacks knowledge or information sufficient to admit or deny the allegations in paragraph 45 and therefore denies same.

46.     Aetna lacks knowledge or information sufficient to admit or deny the allegations in paragraph 46 and therefore denies same.

47.     Paragraph 47 refers to the EOB dated July 24, 2014 that Plaintiff allegedly received from ALIC, which document speaks for itself, and therefore no response is required. To the extent any further response is required, Aetna admits that the EOB is quoted accurately, but otherwise denies the remaining allegations in paragraph 47.

48.     Paragraph 48 refers to the EOB dated July 24, 2014 that Plaintiff allegedly received from ALIC, which document speaks for itself, and therefore no response is required. To the extent any further response is required, Aetna admits that the EOB is quoted accurately, but otherwise denies the remaining allegations in paragraph 48.

49.     Aetna denies the allegations in paragraph 49.

50.     Aetna denies the allegations in paragraph 50.

51.     Aetna denies the allegations in the first sentence in paragraph 51. Aetna lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 51 and therefore denies same.

52.     The first and second sentences in paragraph 52 refer to the EOB dated September 25, 2014 that Plaintiff allegedly received from ALIC, which document speaks for itself, and therefore no response is required. To the extent any further

response is required, Aetna admits that the EOB is quoted accurately, but otherwise denies the remaining allegations in paragraph 52.

53.     Paragraph 53 refers to the EOB dated September 25, 2014 that Plaintiff allegedly received from ALIC, which document speaks for itself, and therefore no response is required.  To the extent any further response is required, Aetna admits that the EOB is quoted accurately, but otherwise denies the remaining allegations in paragraph 53.

54.     Aetna denies the allegations in paragraph 54.

55.     Aetna lacks knowledge or information sufficient to admit or deny the allegations in the first sentence in paragraph 55 and therefore denies same.  Aetna denies the allegations in the second sentence in paragraph 55.

56.     Aetna denies the allegations in paragraph 56.

57.     Paragraph 57 purports to quote and characterize correspondence with the State of North Carolina's Department of Justice, which documents speak for themselves, and therefore no response is required.  To the extent any further response is required, Aetna admits that the quoted portions of the pieces of correspondence are quoted accurately and otherwise denies the allegations in paragraph 57.

58.     Aetna denies the allegations in paragraph 58 on the basis that the Court has dismissed Plaintiff's RICO claims and held that Plaintiff lacks standing "to assert any claims regarding Aetna's actions with respect to any subcontractors other than Optum."

59.     Aetna denies the allegations in paragraph 59 on the basis that the Court has dismissed Plaintiff's RICO claims and held that Plaintiff lacks standing "to assert any claims regarding Aetna's actions with respect to any subcontractors other than Optum."

60.     Aetna denies the allegations in paragraph 60 on the basis that the Court has dismissed Plaintiff's RICO claims and held that Plaintiff lacks standing "to assert any claims regarding Aetna's actions with respect to any subcontractors other than Optum."

## CLASS ALLEGATIONS

61.     Paragraph 61 asserts legal conclusions, in its entirety, and therefore no response is required.  To the extent a response is required, Aetna denies the allegations in paragraph 61.

62.     Paragraph 62 asserts legal conclusions, in its entirety, and therefore no response is required.  To the extent a response is required, Aetna denies the allegations in paragraph 62.

63.     Paragraph 63 asserts legal conclusions, in its entirety, and therefore no response is required. To the extent a response is required, Aetna denies the allegations in paragraph 63.

64.     Paragraph 64 asserts legal conclusions, in its entirety, and therefore no response is required. To the extent a response is required, Aetna denies the allegations in paragraph 64.

65.     Paragraph 65 asserts legal conclusions, in its entirety, and therefore no response is required. To the extent a response is required, Aetna denies the allegations in paragraph 65.

66.     Paragraph 66 asserts legal conclusions, in its entirety, and therefore no response is required. To the extent a response is required, Aetna denies the allegations in paragraph 66.

67.     Paragraph 67 asserts legal conclusions, in its entirety, and therefore no response is required. To the extent a response is required, Aetna denies the allegations in paragraph 67.

68.     Paragraph 68 asserts legal conclusions, in its entirety, and therefore no response is required. To the extent a response is required, Aetna denies the allegations in paragraph 68.

69.     Paragraph 69 asserts legal conclusions, in its entirety, and therefore no response is required.  To the extent a response is required, Aetna denies the allegations in paragraph 69.

70.     Paragraph 70 asserts legal conclusions, in its entirety, and therefore no response is required.  To the extent a response is required, Aetna denies the allegations in paragraph 70.

71.     Paragraph 71 asserts legal conclusions, in its entirety, and therefore no response is required.  To the extent a response is required, Aetna denies the allegations in paragraph 71.

## CLAIMS FOR RELIEF

### COUNT I
### RICO – Violation of U.S.C. § 1962(c)

72.     Aetna repeats its responses to the above paragraphs as if fully set forth herein.  In addition, Aetna need not respond to the allegations in paragraph 72 on the basis that the Court has dismissed Count I with prejudice.

### *Existence of a RICO Enterprise*

73.     Aetna need not respond to the allegations in paragraph 73 on the basis that the Court has dismissed Count I with prejudice.  To the extent a response is required, Aetna denies the allegations in paragraph 73.

74. Aetna need not respond to the allegations in paragraph 74 on the basis that the Court has dismissed Count I with prejudice. To the extent a response is required, Aetna denies the allegations in paragraph 74.

75. Aetna need not respond to the allegations in paragraph 75 on the basis that the Court has dismissed Count I with prejudice. To the extent a response is required, Aetna denies the allegations in paragraph 75.

### Conduct or Participation in the Enterprise's Affairs

76. Aetna need not respond to the allegations in paragraph 76 on the basis that the Court has dismissed Count I with prejudice. To the extent a response is required, Aetna denies the allegations in paragraph 76.

### Pattern of Racketeering Activity

77. Aetna need not respond to the allegations in paragraph 77 on the basis that the Court has dismissed Count I with prejudice. To the extent a response is required, Aetna denies the allegations in paragraph 77.

78. Aetna need not respond to the allegations in paragraph 78 on the basis that the Court has dismissed Count I with prejudice. To the extent a response is required, Aetna denies the allegations in paragraph 78.

79. Aetna need not respond to the allegations in paragraph 79 on the basis that the Court has dismissed Count I with prejudice. To the extent a response is required, Aetna denies the allegations in paragraph 79.

80. Aetna need not respond to the allegations in paragraph 80 on the basis that the Court has dismissed Count I with prejudice. To the extent a response is required, Aetna denies the allegations in paragraph 80.

81. Aetna need not respond to the allegations in paragraph 81 on the basis that the Court has dismissed Count I with prejudice. To the extent a response is required, Aetna denies the allegations in paragraph 81.

82. Aetna need not respond to the allegations in paragraph 82 on the basis that the Court has dismissed Count I with prejudice. To the extent a response is required, Aetna denies the allegations in paragraph 82.

83. Aetna need not respond to the allegations in paragraph 83 on the basis that the Court has dismissed Count I with prejudice. To the extent a response is required, Aetna denies the allegations in paragraph 83.

84. Aetna need not respond to the allegations in paragraph 84 on the basis that the Court has dismissed Count I with prejudice. To the extent a response is required, Aetna denies the allegations in paragraph 84.

85. Aetna need not respond to the allegations in paragraph 85 on the basis that the Court has dismissed Count I with prejudice. To the extent a response is required, Aetna denies the allegations in paragraph 85.

## COUNT II
## RICO – Violation of 18 U.S.C. § 1962(d)

86.     Aetna repeats its responses to the above paragraphs as if fully set forth herein.  In addition, Aetna need not respond to the allegations in paragraph 86 on the basis that the Court has dismissed Count II with prejudice.

87.     Aetna need not respond to the allegations in paragraph 87 on the basis that the Court has dismissed Count II with prejudice.  To the extent a response is required, Aetna denies the allegations in paragraph 87.

88.     Aetna need not respond to the allegations in paragraph 88 on the basis that the Court has dismissed Count II with prejudice.  To the extent a response is required, Aetna denies allegations in paragraph 88.

89.     Aetna need not respond to the allegations in paragraph 89 on the basis that the Court has dismissed Count II with prejudice.  To the extent a response is required, Aetna denies the allegations in paragraph 89.

90.     Aetna need not respond to the allegations in paragraph 90 on the basis that the Court has dismissed Count II with prejudice.  To the extent a response is required, Aetna denies the allegations in paragraph 90.

## COUNT III
## ERISA – 29 U.S.C. § 1132(a)(2)

91.     Aetna repeats its responses to the above paragraphs as if fully set forth herein.

92.     Paragraph 92 asserts legal conclusions, in its entirety, and therefore no response is required.

93.     Paragraph 93 asserts legal conclusions, in its entirety, and therefore no response is required.

94.     Paragraph 94 asserts legal conclusions, in its entirety, and therefore no response is required.

95.     Aetna denies the allegations in paragraph 95.

96.     Aetna denies the allegations in paragraph 96.

97.     The first sentence in paragraph 97 states legal conclusions, in its entirety, and therefore no response is required.  Aetna denies the remaining allegations in paragraph 97.

98.     Aetna denies the allegations in paragraph 98.

## COUNT IV
## ERISA – 29 U.S.C. § 1132(a)(1), (a)(3), and/or 29 U.S.C. § 1104

99.     Aetna repeats its responses to the above paragraphs as if fully set forth herein.

100.    Paragraph 100 states legal conclusions, in its entirety, and therefore no response is required.  To the extent a response is required, Aetna denies the allegations in paragraph 100.

101.    Aetna denies the allegations in paragraph 101.

## PRAYER FOR RELIEF

Aetna denies any allegations in the Prayer for Relief and further denies that Plaintiff is entitled to any of the relief requested.

## GENERAL DENIAL

Aetna denies all allegations in the Complaint that have not been expressly admitted herein.

## AFFIRMATIVE DEFENSES

Aetna asserts the following affirmative and other defenses. In asserting these defenses, Aetna does not assume the burden of proof or the burden of persuasion with respect to any issue as to which applicable law places the burden of proof on Plaintiff. In addition, Aetna specifically and expressly reserves the right to amend these defenses, or to add additional defenses, based on legal theories, facts and circumstances that may or will be discovered and/or further legal analysis of Plaintiff's positions in this litigation.

## FIRST AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, because Plaintiff and the putative class members lack standing under Article III of the Constitution and under ERISA. By way of example only, Plaintiff and the putative class members lack standing to the extent that they have

25

not paid any amounts out of pocket for chiropractic or physical therapy services or sustained any other alleged concrete injury or damage as a result of the challenged actions taken by Aetna and/or Optum. In addition, Plaintiff and the putative class members lack standing to the extent they are no longer members of the plans through which they seek relief, or to the extent they cannot establish the immediate possibility of future harm.

**SECOND AFFIRMATIVE DEFENSE**

**(Statutory Compliance)**

Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, on the ground that Aetna complied with all statutes, regulations, or other laws in effect at the time of the conduct alleged in the Complaint, including ERISA.

**THIRD AFFIRMATIVE DEFENSE**

**(Full Performance)**

Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, on the ground that Aetna has complied with its contractual obligations, including the terms of relevant health benefits plans and administrative services contracts with plan sponsors.

## FOURTH AFFIRMATIVE DEFENSE

### (Improper Defendant)

Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, to the extent that they did not sue the proper defendant and/or seek to impose liability on any Aetna entity based on actions taken by another Aetna entity, on the ground that Aetna entities are distinct, not alter egos, and there are no facts to support any veil-piercing or other vicarious liability. By way of example only, Aetna Inc. is a distinct corporate entity that is not a fiduciary or claim administrator/third-party administrator for the Mars, Incorporated plan and therefore it is not a proper defendant in this action.

## FIFTH AFFIRMATIVE DEFENSE

### (No Fiduciary Duty)

Plaintiff's breach-of-fiduciary-duty claims under ERISA and the claims of the putative class members are barred, in whole or in part, to the extent that an Aetna defendant is not a fiduciary under the relevant health benefits plan or did not function as a fiduciary in connection with the actions at issue in this case.

## SIXTH AFFIRMATIVE DEFENSE

### (No Breach of Duty)

Plaintiff's breach-of-fiduciary-duty claims under ERISA and the claims of the putative class members are barred, in whole or in part, to the extent that Aetna

did not breach any applicable fiduciary duty.  By way of example only, claims by Plaintiff and/or the putative class members are barred to the extent that the Aetna-Optum relationship benefitted them or reasonably was thought to have benefitted them and/or the plan as a whole.  In addition, claims by Plaintiff and/or the putative class members are barred to the extent that the plan sponsors for the applicable plans were aware of and consented to Aetna's relationship with Optum.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Appeals)

Plaintiff's ERISA claims and the claims of the putative class members are barred, in whole or in part, to the extent that they failed to exhaust administrative procedures under the terms of the applicable plans for challenging benefits determinations.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, to the extent that they fail to state a claim under Sections 502(a)(2) or (a)(3) of ERISA.  By way of example only, Plaintiff's claims and the claims of the putative class members are barred to the extent that they are claims for benefits under Section 502(a)(1)(B) that have been improperly reframed as fiduciary-duty claims.

## NINTH AFFIRMATIVE DEFENSE

### (Relief Unavailable)

Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, to the extent that they seek relief that is not available under Sections 502(a)(2) or (a)(3) of ERISA. By way of example only, Plaintiff's claims and the claims of the putative class members are barred to the extent that they seek monetary relief (such as "restoration of monetary losses") that was not typically available in equity, or to the extent that the relief is not otherwise permitted under controlling authorities applying the relevant provisions of ERISA.

## TENTH AFFIRMATIVE DEFENSE

### (Assignment)

Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, to the extent that they assigned their benefits to a provider or anyone else relating to the services at issue in this lawsuit.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Breach of Contract/Failure to Perform)

Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, to the extent that they failed to satisfy any prerequisites, conditions, or obligations that their health benefits plans require in order to enforce rights and benefits under the terms of those plans.

29

## TWELFTH AFFIRMATIVE DEFENSE

### (Claims Barred by Statute of Limitations/Statute of Repose)

Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, to the extent that the applicable statute of limitations and/or statute of repose has lapsed.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Claims Barred by Contractual Limitations in Plans)

Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, to the extent that any contractual limitations period has lapsed. By way of example only, many plan members' plans contain a contractual limitations period limiting the time in which they can file a lawsuit challenging a determination by the plan; these plan members' claims are barred to the extent that these periods have already run.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, to the extent that the equitable doctrines of waiver, estoppel, laches, and/or unclean hands apply.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, to the extent that they have failed to mitigate their damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Arbitration)

Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, to the extent that their claims are subject to arbitration clauses contained in their plan documents or other binding arbitration agreements.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

Aetna expressly and specifically reserves the right to amend this Answer to add, delete, and/or modify defenses based upon legal theories, facts, and circumstances that may or will be divulged through discovery and/or further legal analysis of Plaintiff's position in this litigation.


**WHEREFORE**, Aetna respectfully requests that the Court:

(a)    Dismiss Plaintiff's claims with prejudice;

(b)    Deny Plaintiff's prayers for relief;

(c)     Award Aetna the costs of this suit, including reasonable attorneys'

fees; and

(d)     Award Aetna any other such relief as the Court may deem

appropriate.


Respectfully submitted, this the 4th day of October, 2016.

 /s/ E. Thomison Holman

E. Thomison Holman                     Geoffrey M. Sigler*
   NC Bar No. 19380                     Jason Neal*
Matthew S. Roberson                    Gibson, Dunn & Crutcher LLP
   NC Bar No. 32901                     1050 Connecticut Avenue, N.W.
Adams Hendon Carson Crow               Washington, DC 20036
& Saenger, P.A.                        GSigler@gibsondunn.com
72 Patton Avenue                       JENeal@gibsondunn.com
Asheville, NC 28801                    Tel: (202) 955-8500
tholman@adamsfirm.com                  Fax: (202) 530-9635
mroberson@adamsfirm.com
Tel: (828) 252-7381                    Richard J. Doren*
Fax: (828) 252-5018                    Gibson, Dunn & Crutcher LLP
                                       333 South Grand Avenue
                                       Los Angeles, CA 90071
                                       RDoren@gibsondunn.com
                                       Tel: (213) 229-7000
                                       Fax: (213) 229-6038
                                       * Admitted pro hac vice

*Counsel for Defendants Aetna Inc. and Aetna Life Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I certify that I served the foregoing Aetna's Answer and Defenses to Plaintiff's Class Action Complaint using the CM/ECF system on all counsel of record.

Larry McDevitt
David M. Wilkerson
Heather Whitaker Goldstein
THE VAN WINKLE LAW FIRM
11 North Market Street
Asheville, NC 28801
Telephone: (828) 258-2991
Facsimile: (828) 257-2767
Email: lmcdevitt@vwlawfirm.com
dwilkerson@vwlawfirm.com
hgoldstein@vwlawfirm.com

OF COUNSEL:
D. Brian Hufford
Jason Cowart
ZUCKERMAN SPAEDER LLP
399 Park Avenue, 14th Floor
New York, NY 10022
(212) 897-3434
(212) 704-4256 (fax)
dbhufford@zuckerman.com
jcowart@zuckerman.com

Carl S. Kravitz
Jason M. Knott
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, DC 20036
(202) 778-1800
(202) 822-8106 (fax)
ckravitz@zuckerman.com
jknott@zuckerman.com
*Counsel for Plaintiff Sandra M. Peters*, on behalf of herself and all others similarly situated.

Mark T. Calloway
Michael R. Hoernlein
Brian D. Boone
Alston & Bird LLP
Bank of America Plaza, Suite 4000
101 South Tryon Street
Charlotte, NC 28280
Tel: (704) 444-1000
Fax: (704) 444-1111
mark.calloway@alston.com
michael.hoernlein@alston.com
brian.boone@alston.com
*Attorneys for Defendant*
*OptumHealth Care Solutions, Inc.*

This the 4th day of October, 2016.

/s/ E. Thomison Holman
E. Thomison Holman

33