# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

|  |  |
|---|---|
| SANDRA M. PETERS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AETNA INC., AETNA LIFE INSURANCE COMPANY, and OPTUMHEALTH CARE SOLUTIONS, INC.,<br><br>Defendants. | Case No. 1:15-cv-00109-MR |

## DEFENDANT OPTUMHEALTH CARE SOLUTIONS, INC.'S ANSWER TO PETERS'S COMPLAINT

Defendant OptumHealth Care Solutions answers Peters's Complaint as follows:

Although Peters's preamble does not require a response, Optum denies the preamble insofar as it suggests that Peters possesses viable class claims.

1. Optum denies the allegations in Paragraph 1.

2. Optum denies the allegations in Paragraph 2 insofar as they purport to describe Optum's conduct. Optum otherwise lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 2 and, on that basis, denies them.

3. Paragraph 3 contains no factual allegations to which a response is required. To the extent a response is required, Optum denies the allegations in Paragraph 3.

4. Optum lacks sufficient knowledge or information to form a belief

about the allegations in Paragraph 4 and, on that basis, denies them.

5. Optum lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 5 and, on that basis, denies them.

6. Optum lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 6 and, on that basis, denies them.

7. Optum's principal address is 11000 Optum Circle, Eden Prairie, Minnesota 55344 and Optum is a Minnesota corporation. Otherwise, Optum denies the allegations in Paragraph 7.

8. Paragraph 8 asserts legal conclusions, and therefore no response is required.

9. Paragraph 9 cites RICO, ERISA, and 28 U.S.C. § 1331. Those statutes speak for themselves, so no response is required. And the Court has an obligation to assure itself of its own jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).

10. Paragraph 10 cites 18 U.S.C. § 1965 and 28 U.S.C. § 1391(b). Those statutes speak for themselves, so no response is required. Otherwise, Paragraph 10 states a legal conclusion.

11. Optum lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 11 and, on that basis, denies them.

12. Optum lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 12 and, on that basis, denies them.

13. Optum lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 13 and, on that basis, denies them.

14. Optum lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 14 and, on that basis, denies them.

15. Optum lacks sufficient knowledge or information to form a belief

about the allegations in Paragraph 15 and, on that basis, denies them.

16. Optum lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 16 and, on that basis, denies them.

17. Paragraph 17 paraphrases the Internal Revenue Code and IRS rules. The Internal Revenue Code and the IRS's rules speak for themselves, so no response is required.

18. Optum lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 18 and, on that basis, denies them.

19. Optum lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 19 and, on that basis, denies them. Insofar as Paragraph 19 paraphrases the Internal Revenue Code, the Internal Revenue Code speaks for itself, so no response is required.

20. ERISA and its regulations speak for themselves, so no response is required.

21. Optum lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 21 and, on that basis, denies them.

22. Optum denies the allegations in Paragraph 22.

23. Inasmuch as the allegations in Paragraph 23 relate to Optum, Optum denies them. Optum lacks sufficient knowledge or information to form a belief about the remainder of the allegations in Paragraph 23, and, on that basis, denies them.

24. Inasmuch as the allegations in Paragraph 24 relate to Optum, Optum denies them. Optum lacks sufficient knowledge or information to form a belief about the remainder of the allegations in Paragraph 24, and, on that basis, denies them. Inasmuch as Paragraph 24 quotes or summarizes materials from the American Medical Association, those materials speak for themselves.

25. Inasmuch as the allegations in Paragraph 25 relate to Optum, Optum

denies them. Optum lacks sufficient knowledge or information to form a belief about the remainder of the allegations in Paragraph 25, and, on that basis, denies them.

26. Optum denies the allegations in Paragraph 26.

27. Inasmuch as the allegations in Paragraph 27 relate to Optum, Optum denies them. Optum lacks sufficient knowledge or information to form a belief about the remainder of the allegations in Paragraph 27, and, on that basis, denies them.

28. Insofar as Paragraph 28 alleges a "scheme" that "forces the insured or plan to pay for more than covered medical expenses," Optum denies those allegations. Otherwise, Optum lacks sufficient knowledge or information to form a belief about the remainder of the allegations in Paragraph 28 and, on that basis, denies them.

29. Optum admits that the Remittance Advice forms are accurate. Optum denies the remainder of the allegations in Paragraph 29.

30. Inasmuch as the allegations in Paragraph 30 relate to Optum, Optum denies them. Optum lacks sufficient knowledge or information to form a belief about the remainder of the allegations in Paragraph 30, and, on that basis, denies them.

31. Inasmuch as the allegations in Paragraph 31 relate to Optum, Optum denies them. Optum lacks sufficient knowledge or information to form a belief about the remainder of the allegations in Paragraph 31, and, on that basis, denies them.

32. Inasmuch as Paragraph 32 alleges a "scheme," Optum denies the allegations. Paragraph 32 paraphrases the Patient Protection and Affordable Care Act. That statute speaks for itself, so no response is required. Otherwise, Optum lacks sufficient knowledge or information to form a belief about the remainder of

the allegations in Paragraph 32 and, on that basis, denies them.

33. Optum admits that Optum serves a "purely administrative role." And Aetna's contract with Optum speaks for itself. Otherwise, Optum denies the allegations in Paragraph 33.

34. Aetna's contract with Optum speaks for itself. Otherwise, Optum denies the allegations in Paragraph 34.

35. Optum's contracts with providers speak for themselves. Otherwise, Optum denies the allegations in Paragraph 35.

36. Optum denies the allegations in Paragraph 36.

37. The Summary Plan Description (if any) speaks for itself. Otherwise, Optum lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 37 and, on that basis, denies them.

38. The Summary Plan Description (if any) speaks for itself. Otherwise, Optum lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 38 and, on that basis, denies them.

39. The Summary Plan Description (if any) speaks for itself. Otherwise, Optum lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 39 and, on that basis, denies them.

40. Carolina Chiropractic Plus's documents speak for themselves, so no response is required.

41. The provider agreement speaks for itself, so no response is required.

42. Optum did not issue the EOB described in Paragraph 42, so Optum lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 42 and, on that basis, denies them. In all events, any EOB would speak for itself.

43. Optum did not issue the EOB described in Paragraph 43, so Optum

lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 43 and, on that basis, denies them. In all events, any EOB would speak for itself.

44. Optum did not issue the EOB described in Paragraph 43, so Optum lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 44 and, on that basis, denies them. In all events, any EOB would speak for itself. Optum also denies Peters's characterization of Optum's conduct and fees. Paragraph 44 also quotes and paraphrases Medicare Learning Network Matters; that article speaks for itself, so no response is required.

45. Carolina Chiropractic Plus's documents speak for themselves. Otherwise, Optum lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 45 and, on that basis, denies them.

46. The provider agreement speaks for itself, so no response is required.

47. Optum did not issue the EOB described in Paragraph 47, so Optum lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 47 and, on that basis, denies them. In all events, any EOB would speak for itself.

48. Optum did not issue the EOB described in Paragraph 48, so Optum lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 48 and, on that basis, denies them. In all events, any EOB would speak for itself.

49. Optum denies Peters's characterization of Optum's conduct and fees. Optum did not issue the EOB described in Paragraph 49, so Optum lacks sufficient knowledge or information to form a belief about the remainder of the allegations in Paragraph 49 and, on that basis, denies them. In all events, any EOB would speak for itself.

50. Optum denies Peter's characterization of Optum's conduct and fees.

Optum did not issue the EOB described in Paragraph 50, so Optum lacks sufficient knowledge or information to form a belief about the remainder of the allegations in Paragraph 50 and, on that basis, denies them. In all events, any EOB would speak for itself.

51. PRO Physical Therapy's documents speak for themselves. Otherwise, Optum denies the allegations in Paragraph 51.

52. Optum did not issue the EOB described in Paragraph 52, so Optum lacks sufficient knowledge or information to form a belief about the remainder of the allegations in Paragraph 52 and, on that basis, denies them. In all events, any EOB would speak for itself.

53. Optum did not issue the EOB described in Paragraph 53, so Optum lacks sufficient knowledge or information to form a belief about the remainder of the allegations in Paragraph 53 and, on that basis, denies them. In all events, any EOB would speak for itself.

54. Optum denies Peters's characterization of Optum's conduct and fees. Optum did not issue the EOB described in Paragraph 54, so Optum lacks sufficient knowledge or information to form a belief about the remainder of the allegations in Paragraph 54 and, on that basis, denies them. In all events, any EOB would speak for itself. Inasmuch as Paragraph 54 quotes and paraphrases Medicare Learning Network Matters, the article speaks for itself.

55. Optum admits that the RA described in Paragraph 55 was accurate. Optum denies the remainder of the allegations in Paragraph 55.

56. Optum denies the allegations in Paragraph 56.

57. Optum lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 57 and, on that basis, denies them.

58. Optum lacks sufficient knowledge or information to form a belief

about the allegations in Paragraph 58 and, on that basis, denies them.

59. Inasmuch as the allegations in Paragraph 59 relate to Optum, Optum denies them. Otherwise, Optum lacks sufficient knowledge or information to form a belief about the remainder of the allegations in Paragraph 59 and, on that basis, denies them.

60. Optum lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 60 and, on that basis, denies them.

61. Paragraph 61 describes Peters's Complaint, a document that speaks for itself. This Court dismissed with prejudice Peters's RICO claims. *See* Dkt. No. 54, Memorandum Opinion and Order (Aug. 31, 2016).

62. Paragraph 62 describes Peters's Complaint, a document that speaks for itself. Optum denies that Peters has viable ERISA or class claims.

63. Paragraph 63 describes Peters's Complaint, a document that speaks for itself. Optum denies that Peters has viable class or ERISA claims.

64. Inasmuch as the allegations in Paragraph 64 relate to Optum, Optum denies them. Otherwise, Optum lacks sufficient knowledge or information to form a belief about the remainder of the allegations in Paragraph 64 and, on that basis, denies them.

65. This Court has dismissed with prejudice Peters's RICO claims. *See* Dkt. No. 54, Memorandum Opinion and Order (August 31, 2016). Paragraph 65 contains legal conclusions, which do not require a response. Otherwise, Optum denies the allegations in Paragraph 65.

66. Paragraph 66 contains legal conclusions, which do not require a response. Otherwise, Optum denies the allegations in Paragraph 66.

67. Optum lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 67 and, on that basis, denies them.

68. Paragraph 68 contains legal conclusions, which do not require a

response. Otherwise, Optum denies the allegations in Paragraph 68.

69. Paragraph 69 contains legal conclusions, which do not require a response. Otherwise, Optum denies the allegations in Paragraph 69.

70. Paragraph 70 contains legal conclusions, which do not require a response. Otherwise, Optum denies the allegations in Paragraph 70.

71. Paragraph 71 contains legal conclusions, which do not require a response. Otherwise, Optum denies the allegations in Paragraph 71.

### COUNT I - RICO – Violation of U.S.C. § 1962(c)

72. Paragraph 72 incorporates Paragraphs 1 through 71 of Peters's Complaint. Optum likewise incorporates its earlier responses to Paragraphs 1 through 71 as if set forth in full.

* * *

Paragraphs 73 through 90 relate to Peters's RICO claims. This Court has dismissed with prejudice the RICO claims. *See* Dkt. No. 54, Memorandum Opinion and Order (Aug. 31, 2016). Accordingly, no response to Paragraphs 73 through 90 is required. Inasmuch as a response is required, Optum denies the allegations in Paragraphs 73 through 90.

### COUNT III - ERISA – 29 U.S.C. § 1132(a)(2)

91. Paragraph 91 incorporates Paragraphs 1 through 90 of Peters's Complaint. Optum likewise incorporates its earlier responses to Paragraphs 1 through 90 as if set forth in full.

92. ERISA and its regulations speak for themselves and do not require a response. Otherwise, Optum denies the allegations in Paragraph 92.

93. ERISA and its regulations speak for themselves and do not require a response. Otherwise, Optum denies the allegations in Paragraph 93.

94. ERISA and its regulations speak for themselves and do not require a response. Otherwise, Optum denies the allegations in Paragraph 94.

95. Optum denies the allegations in Paragraph 95.

96. Optum denies the allegations in Paragraph 96.

97. ERISA and its regulations speak for themselves and do not require a response. Otherwise, Optum denies the allegations in Paragraph 97.

98. ERISA and its regulations speak for themselves and do not require a response. Otherwise, Optum denies the allegations in Paragraph 98.

**COUNT IV - ERISA – 29 U.S.C. § 1132(a)(1), (a)(3), and/or 29 U.S.C. § 1104**

99. Paragraph 99 incorporates Paragraphs 1 through 98 of Peters's Complaint. Optum likewise incorporates its earlier responses to Paragraphs 1 through 98 as if set forth in full.

100. Paragraph 100 contains legal conclusions, which do not require a response. Otherwise, Optum denies the allegations in Paragraph 100.

101. Optum denies the allegations in Paragraph 101.

\* \* \*

The Prayer for Relief on page 26 of the Complaint is not an allegation, so no response is required. If a response is required, Optum denies that there is any legal or factual basis for any of the relief that Peters seeks.

\* \* \*

Unless expressly admitted above, Optum denies each and every allegation in the Complaint and denies that Peters is entitled to any judgment or any of the various relief that she seeks.

\* \* \*

Peters's demand for a jury trial is not an allegation, so no responsive pleading is required. If a response is required, Optum denies that Peters is entitled to a jury

trial on her remaining claims.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Peters's claims are barred in whole or in part by the applicable statutes of limitation or the equitable doctrine of laches.

### THIRD DEFENSE

Peters lacks Article III standing to sue on her remaining claims.

### FOURTH DEFENSE

Peters's claims must be dismissed in whole or in part because she failed to exhaust administrative remedies or to satisfy the statutory conditions precedent for her claims.

### FIFTH DEFENSE

Some or all of the relief that Peters seeks is not available under ERISA. *See, e.g.*, *Montanile v. Bd. of Tr. of the Nat'l Elevator Indus. Health Benefit Plan*, No. 14-723, 136 S. Ct. 651, 658 (2016) (an equitable remedy under § 502(a)(3) must run against "specifically identified funds that remain in the defendant's possession or against traceable items that the defendant purchased with the funds," and may not run against the defendant's "general assets"); *Varity Corp. v. Howe*, 516 U.S. 489, 514-15 (1996).

### SIXTH DEFENSE

Peters's claims against Optum, individually and on behalf of the putative class, are barred in whole or in part because the alleged damages or "losses to the

plan" were not directly or proximately caused by any wrongdoing or breach of duty by Optum.

## SEVENTH DEFENSE

Peters's claims are barred in whole or in part by her and the putative class members' failure to mitigate damages.

## EIGHTH DEFENSE

Peters's claims are barred because Optum owed her no fiduciary duty and otherwise violated no fiduciary standard.

## TENTH DEFENSE

Peters's claims are barred in whole or in part because Optum did not make any misrepresentation and because Peters did not reasonably rely on any alleged misrepresentations.

## ELEVENTH DEFENSE

Peters's claims are barred in whole or in part because they are contrary to or conflict with ERISA, 29 U.S.C. §§ 1001-1461, and its attendant regulations.

## TWELFTH DEFENSE

Peters is not entitled to a jury trial on her ERISA claims.

## THIRTEENTH DEFENSE

Peters lacks standing to assert claims for breach of fiduciary duty under ERISA § 502(a)(2).

## FOURTEENTH DEFENSE

Because Peters has an adequate remedy (if any) in the form of a claim for benefits under ERISA § 502(a)(1)(B), she is precluded from suing for fiduciary breach under ERISA.

## FIFTEENTH DEFENSE

Peters inappropriately seeks a money judgment under ERISA § 502(a)(3), which permits only claims for appropriate equitable relief.

## SIXTEENTH DEFENSE

Peters lacks standing to assert claims on behalf of ERISA plans in which she does not participate.

## SEVENTEENTH DEFENSE

Peters's claims and the claims of the putative class members are barred, in whole or in part, to the extent that they did not sue the proper defendant and/or seek to impose liability on any Optum entity based on actions taken by another Optum entity, on the ground that Optum entities are distinct, not alter egos, and there are no facts to support any veil-piercing or other vicarious liability.

## EIGHTEENTH DEFENSE

Peters's claims and the claims of the putative class members are barred, in whole or in part, inasmuch as they assigned their benefits to a provider or anyone else relating to the services at issue in this lawsuit.

## NINETEENTH DEFENSE

Peters's claims and the claims of the putative class members are barred, in whole or in part, inasmuch as they failed to satisfy any prerequisites, conditions, or obligations that their health benefits plans require in order to enforce rights and benefits under the terms of those plans.

## TWENTIETH DEFENSE

Peters's claims and the claims of the putative class members are barred, in whole or in part, inasmuch as any contractual limitations period has lapsed. By way of example only, many plan members' plans may contain a contractual limitations period limiting the time in which they can file a lawsuit challenging a determination by the plan; those plan members' claims would be barred inasmuch as those periods have already run.

## TWENTY-FIRST DEFENSE

Peters's claims and the claims of the putative class members are barred, in whole or in part, inasmuch as they have failed to mitigate their damages.

## TWENTY-SECOND DEFENSE

Peters's claims and the claims of the putative class members are barred, in whole or in part, inasmuch as their claims are subject to arbitration clauses contained in their plan documents or other binding arbitration agreements.

## TWENTY-THIRD DEFENSE

Additional facts that may support additional defenses may come to light through discovery or further investigation. Optum reserves the right to assert new affirmative defenses in the future.

Respectfully submitted this 4th day of October, 2016.

/s Mark T. Calloway
Mark T. Calloway (NC Bar No. 10822)
Michael R. Hoernlein (NC Bar No. 40419)
Brian D. Boone (NC Bar No. 38910)
Alston & Bird LLP
Bank of America Plaza, Suite 4000
101 South Tryon Street
Charlotte, NC 28280
Tel: (704) 444-1000
Fax: (704) 444-1111
mark.calloway@alston.com
michael.hoernlein@alston.com
brian.boone@alston.com

*Counsel for Defendant OptumHealth Care Solutions, Inc.*

# CERTIFICATE OF SERVICE

I certify that on October 4, 2016, I filed and served a copy of this Answer using the CM/ECF system and through U.S. Mail on all counsel of record.

/s Michael R. Hoernlein
Michael R. Hoernlein (NC Bar No. 40419)
ALSTON & BIRD LLP
Bank of America Plaza, Suite 4000
101 South Tryon Street
Charlotte, NC 28280
Tel: (704) 444-1000
Fax: (704) 444-1111
michael.hoernlein@alston.com

*Counsel for Defendant OptumHealth Care Solutions, Inc.*