# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

SANDRA M. PETERS, on behalf of herself and all others similarly situated,

        Plaintiff,

v.

AETNA INC., AETNA LIFE INSURANCE COMPANY, and OPTUMHEALTH CARE SOLUTIONS, INC.,

        Defendants.

Case No. 1:15-cv-00109-MR

## CONSENT PROTECTIVE ORDER

The Parties have agreed that certain categories of documents and information should receive confidential treatment. To that end, they have agreed to the terms of this Order.[1] Accordingly, it is ORDERED:

**1. Scope.** This Order permits Parties and Non-Parties to designate and disclose documents and information in this case as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY (the "Covered Information"), in accordance with the procedures set forth below. This Order will govern all Covered Information that a Party or Non-Party receives in discovery in the above-captioned case. It does not restrict or otherwise govern a Party's or Non-Party's use of its own

---

[1] The litigants in this case are Sandra M. Peters, Aetna Inc., Aetna Life Insurance Company, and OptumHealth Care Solutions, Inc. (each individually, a "Party" and collectively, the "Parties").

Covered Information. Documents that are available in the public domain are not Covered Information.

2. **Definitions.**

**a. "Confidential."** Information designated as "CONFIDENTIAL" is information that is not in the public domain and contains patient health information, employee information, confidential and proprietary business information, and any other information that may reasonably be characterized by a party as requiring confidential treatment to protect a legitimate business or other interest.

CONFIDENTIAL information will also include information supplied in any form, or any portion thereof, that directly or indirectly identifies an individual or subscriber in any manner or for which there is a reasonable basis to believe could be used to identify the individual or subscriber and relates to the past, present, or future physical or mental health or condition of such individual or subscriber, the provision of health care, services or supplies to such individual or subscriber, or the past, present, or future payment for the provision of health care to such individual or subscriber. CONFIDENTIAL information includes, but is not limited to, the following information when it identifies an individual or subscriber: medical bills, claim forms, claims data, grievances or appeals, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests, as well as any summaries or compilations of the information contained in these documents, inasmuch as such summaries or compilations themselves include CONFIDENTIAL information.

CONFIDENTIAL information includes Protected Health Information ("PHI") as defined by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) Privacy Rule. 45 C.F.R. § 160.103. A HIPAA Covered Entity may disclose PHI in the course of a judicial proceeding if certain "satisfactory

assurances" are received. This Order provides the requisite satisfactory assurances that HIPAA requires. See 45 C.F.R. § 164.512(e)(1)(iv).

In accordance with the HIPAA Privacy Rule, this Order allows for the disclosure and receipt of a patient's PHI in the possession of Parties and Non-Parties to this matter for the limited purpose of this litigation, including during discovery, at depositions, hearings, or other judicial proceedings. In accordance with the HIPAA Privacy Rule, this Order specifically prohibits Parties and Non-Parties from using or disclosing the PHI received in this case for any purpose other than the litigation. 45 C.F.R. § 164.512(e)(1)(v)(A). Also, in accordance with the HIPAA Privacy Rule, the PHI disclosed under this Order, including all copies made, will be returned to the Party or Non-Party that produced it, or will be destroyed at the conclusion of this litigation. 45 C.F.R. § 164.512(e)(1)(v)(B). All Parties and Non-Parties will treat all CONFIDENTIAL information and all copies of CONFIDENTIAL information as subject to this Order unless and until the Court orders otherwise or the Parties mutually stipulate otherwise.

This Order constitutes a qualified protective order under 45 C.F.R. § 164.512(e)(1)(v)(A)-(B) of HIPAA's Privacy Rule.

This Order recognizes that it is not practicable to identify and contact all patients whose names or privileged information may be contained in such records and that redaction of all such information would be extremely difficult and would delay the proceedings in this Court. Therefore, this Order expressly authorizes the disclosure of PHI of Non-Party individuals inasmuch as the information is privileged or confidential under state law as well, including but not limited to such information regarding mental health, alcohol/drug abuse, or HIV/AIDS.  That said, a producing Party may, but is not required to, elect to redact from any PHI information reflecting the identities of non-Parties (including putative class members), such as their names, addresses, phone numbers, social security numbers, or member identification

numbers, as an additional layer of protection. A producing Party shall give reasonable notice of any proposed redactions to the requesting Party. If the requesting Party believes the identities are necessary, then the Parties will meet and confer, and if the issue cannot be resolved, the requesting Party may raise the issue with the Court upon a motion. The requesting Party will retain the burden of establishing the impropriety of the redactions.

      **b. "Confidential-Attorneys' Eyes Only."** Information designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" is information that the designating Party or Non-Party reasonably and in good faith believes is so competitively sensitive that its disclosure to another party could result in significant competitive or commercial disadvantage or other significant harm to the designating Party or Non-Party or another person.

      **3.** **Form and Timing of Designation.**

      **a. Documents**. A Party or Non-Party may designate a document as confidential by stamping the word(s) CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY on each page of the document in a manner which will not interfere with the document's legibility. Documents generally should be designated by the producing Party before, or contemporaneously with, the production or disclosure of the documents. But inadvertent or unintentional production of documents without prior designation will not be deemed a waiver, in whole or in part, of the right to designate documents as otherwise allowed by this Order.

      **b. Deposition or Other Proceeding.** In the case of depositions or other pre-trial testimony, designation of the portion of the transcript (including exhibits) containing Covered Information will be made (i) by a statement to that effect on the record during the proceeding in which the testimony is received, or (ii) by written notice served on counsel of record in this litigation within fourteen business days

after receipt of the transcript. But before that fourteen-day period expires, all testimony, exhibits and transcripts of depositions or other testimony will be treated as CONFIDENTIAL material.

    **c. Non-Written Materials.** Any non-written Covered Information may be designated by labeling the outside of that non-written material with the words CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY. If a receiving Party generates any "hard copy" transcription or printout from any designated non-written materials, then the person who generates that "hard copy" transcription must affix the appropriate stamp under Paragraph 3(a) above and take reasonable steps to maintain the confidentiality of those materials.

    **d. Designation Of Materials Produced By Another Party or Non-Party.** A Party or Non-Party may designate materials produced by another Party or Non-Party under this Order. Those designations generally should be made within 15 business days of receiving the production, to the extent practicable. But any failure to make the designation within that period will not be deemed a waiver, in whole or in part, of the right to designate documents as otherwise allowed by this Order. Parties and Non-Parties will comply with all reasonable requests to delay distribution of produced materials until such time as a Party or Non-Party can review the production to determine whether a designation is warranted.

    4. **Protection of Confidential Material.**

    **a. General Protections.** No Covered Information will be used or disclosed for any purposes whatsoever other than preparing for and conducting the litigation. This restriction applies to all persons permitted to see Covered Information under this Order.

    **b. Parties and counsel of record.** The Parties, their counsel of record, and all of their respective employees and document services vendors may review CONFIDENTIAL documents and information without the prior approval of the

opposing Party, and without executing an acknowledgment pursuant to Paragraph 4(c) below.

**c. Limited disclosure of CONFIDENTIAL documents to Non-Parties.** The Parties, their counsel of record, and all of their respective employees and document services vendors will not disclose or permit the disclosure of any documents or information designated CONFIDENTIAL under the terms of this Order, including any documents containing PHI as defined in this Order, to any other person or entity except those set forth below, and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment A) that they have read and understand the terms of this Order and are bound by it. All signed acknowledgements will be maintained by counsel of record and will be provided to the designating Party or Non-Party upon good cause shown. Subject to those requirements, the following categories of persons may be allowed to review information designated CONFIDENTIAL under this Order:

- Investigators or expert witnesses retained by the Parties or their counsel of record in connection with the litigation;
- Witnesses and their counsel in preparation for or during depositions, court-mandated conferences or hearings, or the trial of this case, provided that (a) the record reflects that the witness is already familiar with the subject matter of the CONFIDENTIAL information and (b) no copies of CONFIDENTIAL material may be retained by such witnesses or their counsel;
- Court reporters, videographers, and stenographers transcribing a deposition, conference, hearing, or trial;
- Any other persons upon consent of the designating Party or Non-Party or upon order of the Court.

**d. Disclosure of CONFIDENTIAL-ATTORNEYS' EYES ONLY Materials.** Subject to Paragraph 6, in the absence of prior written permission from the designating Party or Non-Party or an order by the Court, CONFIDENTIAL-ATTORNEYS' EYES ONLY MATERIALS must not be disclosed to any person other than (1) outside counsel of record in this case (and support staff employees and litigation vendors who perform work tasks for outside counsel of record related to this case) and (2) outside testifying or consulting experts or investigators, but only if they have executed the acknowledgement in Attachment A.

**e. Copies.** All copies, duplicates, extracts, summaries, or descriptions of Covered Information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY under this Order, or any portion of such a document, must be affixed with the appropriate designation if it does not already appear on the copy. The copies will then be afforded the full protection of this Order.

**5.** **<u>Filing of Covered Information.</u>** Subject to Paragraph 6, any Party seeking to file Covered Information with the Court must contact the designating Party or Non-Party 5 days before the filing to: (a) provide the designating Party or Non-Party with notice that it seeks to file Covered Information with the Court; and (b) meet and confer in good faith to determine whether a redacted version of the Covered Information can be filed with the Court. If the Parties do not agree to file a redacted version, the Party seeking to file such Covered Information must file such material in accordance with the Court's standard procedures for filing documents under seal (*see* Local Civil Rule 6.1) when any documents (including briefs), tangible things, or information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial. The Parties must work together in good faith to coordinate the filing of all motions and material covered by this paragraph to permit compliance with the Local Rules.

6. **Challenges to Designation.** Any designation is subject to challenge according to the following procedures:

    **a.** The burden of proving the necessity of a designation remains with the Party or Non-Party asserting confidentiality.

    **b.** A Party or Non-Party who contends that documents designated are not entitled to confidential treatment must give written notice to the designating Party or Non-Party of the specific documents (by Bates number) and specific basis for the challenge. The designating Party or Non-Party will have 15 days from service of the written notice to determine whether the dispute can be resolved without judicial intervention. If no resolution is reached, the Party challenging the designation may move the Court for an order removing the designation, and any papers filed in support of or in opposition to this motion must, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material.

    **c.** Notwithstanding any challenge to the designation of documents, all material previously designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY must continue to be treated as subject to the full protections of this Order until either (1) the Party or Non-Party claiming the designation withdraws such designation in writing or (2) the Court rules that the documents should no longer be designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY.

    **d.** Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

**7. Inadvertent Production of Privileged Information or Work Product.** Pursuant to Rule 502 of the Federal Rules of Evidence, the inadvertent disclosure of protected communications or information will not constitute a waiver of any privilege or other protection (including work product) in the case of an inadvertent disclosure. Upon realizing an inadvertent disclosure, the producing Party will notify the receiving Party of the inadvertent disclosure and instruct the receiving Party to promptly sequester, return, delete, or destroy all copies of the inadvertently produced communications or information (including any and all work product containing such communications or information). Upon receiving such a request from the producing Party, the receiving Party must promptly sequester, return, delete, or destroy all copies of such inadvertently produced communications or information (including any work product containing such communications or information), and must make no further use of such communications or information (or work product containing such communications or information). Nothing in this Order prevents the receiving Party from challenging the propriety of the attorney-client, work product, or other designation of protection.

**8. Treatment on Conclusion of Litigation.**

**a. Order Remains in Effect.** The Court will retain continuing jurisdiction after the conclusion of this litigation, including without limitation during any appeal, to enforce the provisions of this Order, in accordance with its contempt powers and with all other powers provided for in this Order. Moreover, pursuant to the Court's Pretrial Order and Case Management Plan, the ultimate disposition of protected materials is subject to a final order of the Court on the completion of the litigation.

**b. Return of Designated Documents.** Subject to any final order of the Court on the completion of the litigation, within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY under this

Order must be returned to the producing Party or Non-Party unless: (1) the document has been entered as evidence or filed in Court; or (2) the receiving Party opts for destruction in lieu of return, in which case the receiving Party should provide prompt notice of this election and provide a certification that it has destroyed all applicable Covered Information within thirty (30) days after the conclusion of the litigation. Notwithstanding the above requirements to return or destroy documents, counsel of record may retain attorney work product, without limitation. An attorney may use his or her work product in a subsequent litigation provided that such use does not disclose the confidential information.

9. **Order Subject to Modification.** This Order is subject to modification on the motion of any Party. The Order will not, however, be modified until the Parties will have been given notice and an opportunity to be heard on the proposed modification.

10. **No Judicial Determination.** This Order is entered for the purpose of facilitating discovery and protecting confidentiality. Nothing in it will be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until a document-specific ruling has been made.

11. **Persons Bound.** This Order is effective upon being entered and binds: (1) counsel of record who signed below and their respective law firms; (2) their respective clients; and (3) Non-Parties.

12. **Relief from Order.** A Party or Non-Party needing relief from the provisions of this Order may, if agreement between or among the Parties cannot be reached, seek appropriate relief from the Court upon due notice to all other Parties. This Order is without prejudice to all rights of Parties and Non-Parties regarding

objections as to discovery and admissibility as set forth in this Court's Local Civil Rules and Federal Rules of Civil Procedure.

13. **<u>Service of Order.</u>** The Parties will serve a copy of this Order simultaneously with any subpoena or other discovery request made to a Non-Party.

**IT IS SO ORDERED.**

Signed: December 30, 2016

Martin Reidinger
United States District Judge

/s E. Thomison Holman
E. Thomison Holman
NC Bar No. 19380
Matthew S. Roberson
NC Bar No. 32901
ADAMS HENDON CARSON CROW
& SAENGER, P.A.
72 Patton Avenue
Asheville, NC 28801
tholman@adamsfirm.com
mroberson@adamsfirm.com
Tel: (828) 252-7381
Fax: (828) 252-5018

/s Geoffrey M. Sigler (*pro hac vice*)
Geoffrey M. Sigler (*pro hac vice*)
Jason E. Neal (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
GSigler@gibsondunn.com
Tel: (202) 955-8500
Fax: (202) 530-9635

/s Richard J. Doren (*pro hac vice*)
Richard J. Doren (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
RDoren@gibsondunn.com
Tel: (213) 229-7000
Fax: (213) 229-6038

*Attorneys for Defendants Aetna Inc. and Aetna Life Insurance Company*

/s Larry McDevitt
Larry McDevitt
David M. Wilkerson
Heather Whitaker Goldstein
THE VAN WINKLE LAW FIRM
11 North Market Street
Asheville, NC 28801
Tel: (828) 258-2991
lmcdevitt@vwlawfirm.com

/s D. Brian Hufford (*pro hac vice*)
D. Brian Hufford (*pro hac vice*)
Jason S. Coward (*pro hac vice*)
ZUCKERMAN SPAEDER LLP
399 Park Avenue, 14th Floor
New York, NY 10022
Tel.: (212) 897-3434
Fax: (212) 704-4256
dbhufford@zuckerman.com

/s Carl S. Kravitz (*pro hac vice*)
Carl S. Kravitz (*pro hac vice*)
Jason M. Knott (*pro hac vice*)
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
Tel.: (202) 778-1800
Fax: (202) 822-8106
jknott@zuckerman.com

*Attorneys for Plaintiff Sandra M. Peters, on behalf of herself and all others similarly situated*

<u>/s Brian D. Boone</u>
Mark T. Calloway
Michael R. Hoernlein
Brian D. Boone
ALSTON & BIRD LLP
Bank of America Plaza, Suite 4000
101 South Tryon Street
Charlotte, NC 28280
Tel: (704) 444-1000
Fax: (704) 444-1111
brian.boone@alston.com

*Attorneys for Defendant*
*OptumHealth Care Solutions, Inc.*

**ATTACHMENT A**

**ACKNOWLEDGMENT OF UNDERSTANDING
AND
AGREEMENT TO BE BOUND**

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

| | |
|---|---|
| SANDRA M. PETERS, on behalf of herself and all others similarly situated, ) ) ) ) Plaintiff, ) ) v. ) ) AETNA INC., AETNA LIFE INSURANCE ) COMPANY, and OPTUMHEALTH CARE ) SOLUTIONS, INC., ) ) Defendants. ) ) | Case No. 1:15-cv-00109-MR |

**ACKNOWLEDGMENT OF UNDERSTANDING
AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he or she has read the Order dated [_____], in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the Western District of North Carolina in matters relating to the Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

The undersigned acknowledges that violation of the Order may result in penalties for contempt of court.

Name: [_____]

Job Title: [_____]

Employer: [_____]

Business Address: [_____]

Date: [_____][_____]
Signature