THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:15-cv-00109-MR

| | |
|---|---|
| SANDRA M. PETERS, on behalf of herself and all others similarly situated, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>AETNA, INC., AETNA LIFE INSURANCE COMPANY, and OPTUMHEALTH CARE SOLUTIONS, INC., )<br>)<br>)<br>)<br>)<br>Defendants. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Unopposed Motion for Leave to File under Seal Plaintiff's Motion to Compel Aetna and Optum to Produce Documents, Supporting Memorandum, and Exhibits [Doc. 83].

The Plaintiff moves for leave to file under seal a Motion to Compel Aetna and Optum to Produce Documents, a Supporting Memorandum, and Exhibits. [Doc. 83].[1] For grounds, the Plaintiff states that the motion to compel, memorandum of law, and the exhibits thereto all contain information

---

[1] Contemporaneously with her motion to seal, the Plaintiff also filed the subject motion to compel, memorandum, and exhibits under seal. [Doc. 84].

designated as "Confidential" or "Confidential – Attorneys' Eyes Only" under the parties' Protective Order [Doc. 64]. The Defendants do not oppose the Plaintiff's request.

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) if the sealing motion is granted, provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly

tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

Here, the Plaintiff has failed to demonstrate any interest compelling enough to overcome the presumptive right of public access to the motion to compel and its supporting documents, under either the First Amendment or the common law. As grounds for its motion, the Plaintiff contends that the motion and supporting memorandum reference materials, included as exhibits, that were designated "Confidential" and "Confidential -- Attorneys Eyes Only" pursuant to the Protective Order entered in this action. Over 500 pages of exhibits are attached to the motion to compel, nearly all of which is stamped "Confidential" and "Confidential -- Attorneys Eyes Only." The Plaintiff, however, offers no explanation as to why such material is properly designated as such. The fact that counsel may have designated certain material confidential during discovery does not necessarily require sealing when such material is filed in the record. See Legal Newsline v. Garlock Sealing Techs. LLC, 518 B.R. 358, 363 (W.D.N.C. 2014) ("Protective orders serve legitimate purposes in both expediting discovery and protecting trade secrets, proprietary information, privileged communications, and personally sensitive data from inadvertent disclosure during the process of discovery; however, the confidentiality afforded under a Protective Order to discovery

3

materials does not automatically extend to documents submitted to the court."). As the Protective Order itself notes, the Order was

> entered for the purpose of facilitating discovery and protecting confidentiality. Nothing in it will be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until a document-specific ruling has been made.

[Doc. 64 at 10 ¶10]. Thus, it is ultimately up to the Court, not the parties, to decide whether materials that are filed in the record of this case should be shielded from public scrutiny. The Plaintiff's motion to seal, however, fails to provide sufficient grounds upon which the Court can make such a decision for each of the 500+ pages submitted as exhibits to the motion to compel.[2]

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Unopposed Motion for Leave to File under Seal Plaintiff's Motion to Compel Aetna and Optum to Produce Documents, Supporting Memorandum, and Exhibits [Doc. 83] is **DENIED**. The Plaintiff shall have seven (7) days from the entry of this Order to withdraw its Motion to Compel, the supporting Memorandum, and Exhibits

---

[2] Additionally, the Plaintiff fails to explain why less drastic alternatives to wholesale sealing are not feasible. The Plaintiff's motion to compel itself does not discuss any purported confidential materials in any significant depth. Thus, it is unclear why the motion itself requires any sealing at all.

[Doc. 84] from the record.  If such motion and its accompanying documents are not withdrawn within seven (7) days, the entire filing shall be unsealed.

**IT IS SO ORDERED.**

Signed: February 23, 2018

Martin Reidinger
United States District Judge