IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:15-cv-00109-MR

| | |
|---|---|
| SANDRA M. PETERS, on behalf of herself and all others similarly situated,<br><br>             Plaintiff,<br><br>  vs.<br><br>AETNA INC., AETNA LIFE INSURANCE COMPANY, and OPTUMHEALTH CARE SOLUTIONS, INC.,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **O R D E R**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the Court on the Parties' Joint Motion for Leave to File Under Seal Certain Supporting Materials for Plaintiff's Motion to Compel Aetna and Optum to Produce Documents. [Doc. 88].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the

public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the parties' motion. The parties filed their motion on March 8, 2018, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, the parties have demonstrated that the documents at issue contain confidential business information, including confidential rates and contractual terms, negotiation strategies, and detailed discussions of systems and processes

that the Defendants consider proprietary and commercially sensitive, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these documents is narrowly tailored to serve the interest of protecting the Defendants' sensitive business information.

**IT IS THEREFORE ORDERED** that the Parties' Joint Motion for Leave to File Under Seal [Doc. 88] is **GRANTED**, and the following documents and materials shall be filed under seal until further Order of this Court: Exhibits 4, 7, 8, and 9 to Plaintiff's Motion to Compel Defendants Aetna and Optum to Produce Documents Improperly Redacted or Withheld as Privileged; the redacted portions of Exhibits 3, 6, and 13 to Plaintiff's Motion to Compel Defendants Aetna and Optum to Produce Documents Improperly Redacted or Withheld as Privileged; and the redacted portions of Plaintiff's Memorandum in Support of Plaintiff's Motion to Compel Defendants Aetna and Optum to Produce Documents Improperly Redacted or Withheld as Privileged.

**IT IS SO ORDERED.**

Signed: March 13, 2018

Martin Reidinger
United States District Judge