THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:15-cv-00109-MR

| | |
|---|---|
| SANDRA M. PETERS, on behalf of herself and all others similarly situated, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>AETNA INC., AETNA LIFE INSURANCE COMPANY, and OPTUMHEALTH CARE SOLUTIONS, INC., )<br>)<br>)<br>)<br>)<br>Defendants. )<br>_____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Leave to File First Amended Class Action Complaint [Doc. 128]; the Parties' Joint Motion for Leave to File Under Seal Portions of Plaintiff's Motion for Leave to File a First Amended Class Action Complaint and Proposed First Amended Class Action Complaint [Doc. 127]; and the Defendants' Motion for Leave to File under Seal Portions of Defendants' Combined Opposition to Plaintiff's Motion for Leave to File First Amended Class Action Complaint and Exhibits C and D [Doc. 132].

## I. PROCEDURAL BACKGROUND

On June 12, 2015, the Plaintiff Sandra M. Peters filed this putative class action against the Defendants Aetna, Inc., Aetna Life Insurance Company (collectively, "Aetna"), and OptumHealth Care Solutions, Inc. ("Optum"), asserting claims pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq. ("RICO") and the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq. ("ERISA"). [Doc. 1]. In her Complaint, the Plaintiff alleged that Aetna engaged in a fraudulent scheme with Optum and other subcontractors, which were employed to process and administer health care claims, whereby insureds were caused to pay the subcontractors' administrative fees because the Defendants misrepresented such fees as medical expenses. The Plaintiff alleged that these misrepresentations allowed Aetna to illegally (i) obtain payment of the subcontractors' administrative fees directly from insureds when the insureds' deductibles have not been reached; (ii) use insureds' health spending accounts to pay for these fees; (iii) inflate insureds' co-insurance obligations using administrative fees; (iv) artificially reduce the amount of available coverage for medical services when such coverage is subject to an annual cap; and

(v) obtain payment of the administrative fees directly from employers when an insured's deductible has been exhausted or is inapplicable.  [Id.].

The Plaintiff asserted two claims based on RICO violations.  In Count I of the Complaint, the Plaintiff alleged that Aetna and its subcontractors, including Optum, violated 18 U.S.C. § 1962(c) by engaging in acts of mail and wire fraud in furtherance of a common purpose to collect administrative fees from Aetna insureds and plans by improperly characterizing them as payment for covered medical expenses, and as such, constitute an associated-in-fact "enterprise" as defined in 18 U.S.C. § 1961(4). Alternatively, the Plaintiff alleged that Aetna has conducted multiple bilateral association-in-fact RICO enterprises with each of its subcontractors.  In Count II of the Complaint, the Plaintiff alleged that the Defendants conspired to violate 18 U.S.C. § 1962(c), in violation of 18 U.S.C. § 1962(d).  The Plaintiff also asserted two claims under ERISA, alleging that the Defendants breached their fiduciary duties as plan administrators, in violation of 29 U.S.C. § 1132(a)(2) (Count III) and 29 U.S.C. § 1132(a)(1), (a)(3), and/or 29 U.S.C. § 1104 (Count IV).

Aetna and Optum moved to dismiss the action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing that

the Plaintiff lacked standing to assert her claims and that her Complaint otherwise failed to state claims upon which relief can be granted. [Docs. 37, 39]. On August 31, 2016 the Court entered an Order, granting in part and denying in part the Defendants' motions. [Doc. 54]. Specifically, the Court concluded that the Plaintiff had standing to assert claims regarding Aetna's actions with respect to Optum but that the Plaintiff lacked standing to assert any claims with respect to Aetna's interactions with other subcontractors. [Id. at 18-20]. The Court, however, dismissed the Plaintiff's RICO claims with prejudice, reasoning as follows:

> A contractual arrangement through which a claims administrator contracts with a network of providers at a negotiated flat rate hardly suggests the existence of a RICO enterprise. Aetna's purpose in its contractual relationship with Optum is to have insurance claims administered. Optum's purpose is to provide claims administration services for a fee. The fact that a small part of their arrangement deflects responsibility for the fee to an improper party does not transform their otherwise legitimate contractual arrangement into a criminal enterprise. The interactions between Aetna and Optum show only that the defendants had a commercial relationship, not that they had joined together to create a distinct entity for purposes of the allegedly wrongful activity. Without an indication that the cooperation in this case exceeded that inherent in every commercial transaction, the Complaint provides no basis for inferring that the Defendants

4

>were conducting the enterprise's affairs and not their own, independent interests.

[Id. at 25-26]. The Court denied the Defendants' motions with respect to the Plaintiff's ERISA claims. [Id. at 34].

On November 21, 2016, the Court entered a Pretrial Order and Case Management Plan, setting a fact discovery deadline of June 1, 2017 and a class certification motion deadline of October 10, 2017. [Doc. 61]. In April 2017, upon motion of the parties, the Court amended the Case Management Plan to extend the fact discovery deadline to October 1, 2017 and the class certification motion deadline to February 16, 2018. [Doc. 66]. In September 2017, the Case Management Plan was modified again at the parties' request to extend these deadlines to December 15, 2017 and May 9, 2018, respectively. [Doc. 72]. In November 2017, the Case Management Plan was modified a third time at the request of the parties to extend the fact discovery deadline to January 31, 2018 and the class certification motion deadline to June 22, 2018. [Doc. 77]. In January 2018, the Court granted the parties' fourth request for a modification of the Case Management Plan, extending the fact discovery deadline to March 8, 2018 and the class certification motion deadline to August 3, 2018. [Doc. 81]. In the Order, however, the Court cautioned that "[a]bsent a showing of extraordinary

5

circumstances, no further extensions of [these] deadlines will be permitted." [Id. at 2].

On May 29, 2018, the Plaintiff filed the present motion seeking leave to file an Amended Complaint. For grounds, the Plaintiff contends that she "has uncovered evidence in discovery showing that Defendants . . . have coordinated in establishing and directing a RICO enterprise to illegally collect Optum's charges from members and plans under the guise that the charges are medical expenses." [Doc. 128 at 1]. Accordingly, the Plaintiff seeks leave to amend her Complaint to "reflect these new facts about Defendants' enterprise and to test her RICO claims on the merits." [Id. at 1-2]. The Defendants oppose the Plaintiff's motion. [Doc. 135].

## II. DISCUSSION

The Court dismissed the Plaintiff's RICO claims more than two years ago. By dismissing these claims with prejudice, the Court declined to grant the Plaintiff any leave to amend or replead these claims. See United States v. Union Corp., 194 F.R.D. 223, 236 (E.D. Pa. 2000). As the Court's Order did not dismiss all of the Plaintiff's claims, however, it was not a final judgment and therefore remained subject to modification. See Fed. R. Civ.

P. 54(b). The Plaintiff, however, never sought reconsideration of this dismissal order.

The Plaintiff argues that she was not required to seek reconsideration of the dismissal. Rather, she contends that she could properly seek amendment pursuant to Rule 15(a), which provides that amendments may be made with leave of Court and that such leave should be given freely "when justice so requires." Fed. R. Civ. P. 15(a).

Regardless of the appropriate procedural vehicle for the Plaintiff's request, the fact remains that amendment of the Plaintiff's Complaint would only be proper if such amendment were not futile. Here, the Plaintiff asserts that her amended pleading is based on evidence which was disclosed during discovery in this litigation. These "newly discovered facts," however, are not materially different from the factual allegations that the Court previously considered in dismissing her RICO claims.

The Court previously considered the Plaintiff's allegations that Aetna used false codes in EOBs to conceal Optum's administrative fees; that the Defendants coordinated to develop this alleged plan; that Aetna failed to disclose the manner in which it charged these fees to plan sponsors and members; and that the supposed scheme was intended to ensure that Aetna

7

did not have to pay Optum's fees.  Contrary to the Plaintiff's contention, the Court did not dismiss these claims because of a lack of factual detail and specificity; rather, the Plaintiff's claims were dismissed because her allegations, when taken as true, simply do not describe a RICO enterprise. Even taking all of the Plaintiff's newly amended factual allegations as true, the Plaintiff has still failed to plausibly allege "that 'the cooperation in this case exceeded that inherent in every commercial transaction'" and "'that [the Defendants were] conducting the enterprise's affairs' and not their own independent interests."  [Doc. 54 at 26 (quoting <u>United Food & Commercial Workers Unions & Employers Midwest Health Benefits Fund v. Walgreen Co.</u>, 719 F.3d 849, 856 (7th Cir. 2013)) (alteration in original)].  The Plaintiff's proposed amended allegations do nothing to change the Court's prior Rule 12(b)(6) analysis.

In addition to the futility of the Plaintiff's proposed amendment, the Court finds that the Plaintiff's amendment is dilatory and would require a significant modification of the Case Management Plan.  Rule 16 of the Federal Rules of Civil Procedure provides that a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "Rule 16(b)'s good cause standard focuses on the timeliness of

8

the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party." Montgomery v. Anne Arundel County, 182 F. App'x 156, 162 (4th Cir. 2006).

Here, the Plaintiff contends that she learned of the facts upon which she bases her amended allegations during the course of discovery. The Plaintiff, however, waited more than 11 weeks after the discovery period ended to file her motion to amend. The Plaintiff has not proffered any good reason for this delay.

The fact discovery period has closed, and the Plaintiff is on the verge of filing her motion for class certification. Granting the Plaintiff leave to amend the Complaint at this late date in order to re-assert her RICO claims would prejudice the Defendants by forcing them to conduct further discovery, thereby adding even further expense. See 6 Charles Alan Wright, et al., Federal Practice and Procedure, § 1487 (3d ed. 2018). Moreover, allowing an amendment at this point would undoubtedly result in a delay in the resolution of the class certification issue, which would in turn disrupt the Court's administration of justice and the management of its caseload. This matter is already one of the oldest cases on the Court's docket; allowing the

Plaintiff to amend her Complaint at this late date would only further delay the resolution of this action.

For all these reasons, the Plaintiff's motion for leave to file an amended complaint is denied. Further, in light of the representations of the parties as set forth in the Defendants' Supplemental Submission Regarding Pending Motions to Seal [Doc. 140], the parties' motions to seal [Docs. 127, 132] are deemed withdrawn.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Leave to File First Amended Class Action Complaint [Doc. 128] is **DENIED**.

**IT IS FURTHER ORDERED** that the Parties' Joint Motion for Leave to File Under Seal Portions of Plaintiff's Motion for Leave to File a First Amended Class Action Complaint and Proposed First Amended Class Action Complaint [Doc. 127] and the Defendants' Motion for Leave to File under Seal Portions of Defendants' Combined Opposition to Plaintiff's Motion for Leave to File First Amended Class Action Complaint and Exhibits C and D [Doc. 132] are **DEEMED WITHDRAWN**.

**IT IS SO ORDERED.**

Signed: July 27, 2018

Martin Reidinger
United States District Judge