UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Case No. 1:15-cv-00109-MR

| | |
|---|---|
| SANDRA M. PETERS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AETNA INC., AETNA LIFE INSURANCE COMPANY, and OPTUMHEALTH CARE SOLUTIONS, INC.,<br><br>Defendants. | **PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |

Plaintiff Sandra M. Peters respectfully moves this Court to grant class certification pursuant to Fed. R. Civ. P. 23(b)(1) and (b)(3), or, in the alternative, Fed R. Civ. P. (c)(4). Plaintiff seeks an order certifying the following two Classes:

- <u>Plan Claim Class</u>: All participants or beneficiaries of self-insured ERISA health insurance plans administered by Aetna for which plan responsibility for a claim was assessed using an agreed rate between Optum and Aetna that exceeded the provider's contracted rate with Optum for the treatment provided.

- <u>Member Claim Class</u>: All participants or beneficiaries of ERISA health insurance plans insured or administered by Aetna for whom coinsurance responsibility for a claim was assessed using an agreed rate between Optum and Aetna that exceeded the provider's contracted rate with Optum for the treatment provided.

In support of this Motion, Plaintiff relies upon the accompanying Memorandum of Law and Declaration of Jason M. Knott, and the exhibits attached thereto, and shows the Court the following:

1. This case challenges a common and systemic policy carried out by an ERISA claims administrator (Defendants Aetna, Inc. and Aetna Life Insurance Company) and its subcontractor (Defendant Optum HealthCare Solutions, Inc.) of imposing Optum's administrative fees on plans and members;

2. The Classes are sufficiently numerous, with tens of thousands of members of Aetna ERISA plans who, like Plaintiff, were subjected to Defendants' challenged scheme;

3. Plaintiff seeks class-wide relief under ERISA through (1) a declaration that Aetna breached its fiduciary duties of care and loyalty under 29 U.S.C. § 1104 when it caused members and plans to bear responsibility for Optum's administrative fees and misrepresented Optum's fees in EOBs; and that Aetna engaged in prohibited transactions under 29 U.S.C. § 1106 by using plan assets to pay Optum's administrative fees; (2) a declaration that Optum is liable under 29 U.S.C. § 1132(a)(3) for its role in aiding Aetna's fiduciary violations; (3) equitable relief for Defendants' misconduct; and (4) an order requiring Aetna to send corrected EOBs.

4. The claims involve several common questions that are capable of class resolution, including whether Aetna was an ERISA fiduciary, whether Optum was a party in interest under ERISA, whether Aetna breached its fiduciary duties, whether Aetna engaged in prohibited transactions, whether Optum was a party to those transactions, and whether Aetna made misrepresentations about Optum's fees in EOBs;

5. Plaintiff's claims are based on the same alleged facts and legal theory as the putative class members' claims;

6. Plaintiff has a sufficient understanding of her claims, is committed to pursuing this action, and will fairly and adequately protect the interests of the Classes, all of whom have the same interest in identifying and correcting fiduciary breaches, remedying the improper charges for Optum's administrative fees, and requiring Defendants to provide correct and complete information about benefits;

7. Plaintiff is represented by qualified and competent counsel at the Van Winkle Law Firm and Zuckerman Spaeder LLP who have invested significant time and resources into this case and are experienced in class actions like these;

8. The prosecution of separate actions by individual members of the Class would risk inconsistent adjudications or incompatible standards of conduct for Defendants;

3

9. Adjudications as to individual Class members, as a practical matter, would be dispositive of the interests of the other members not parties or would substantially impair or impede their ability to protect their interests.

10. The common questions presented by the Classes' claims predominate as to those claims, and a class action is a superior means of litigating these claims.

WHEREFORE, for the reasons set forth above and in Plaintiff's Memorandum of Law filed herewith, Plaintiff respectfully requests that the Court grant this motion for class certification, certify the proposed Classes, appoint Plaintiff as class representative, and appoint The Van Winkle Firm and Zuckerman Spaeder LLP as Class Counsel.

Dated: August 3, 2018                    Respectfully submitted,

                                         /s/ Larry McDevitt
                                         Larry McDevitt
D. Brian Hufford*                        David M. Wilkerson
Jason S. Cowart*                         THE VAN WINKLE LAW FIRM
Nell Z. Peyser*                          11 North Market Street
ZUCKERMAN SPAEDER LLP                    Asheville, NC 28801
485 Madison Avenue, 10th Floor           (828) 258-2991
New York, NY 10022                       lmcdevitt@vwlawfirm.com
(212) 704-9600
(212) 704-4256 (fax)
dbhufford@zuckerman.com

Carl S. Kravitz*
Jason M. Knott*
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, DC 20036
(202) 778-1800
(202) 822-8106 (fax)
jknott@zuckerman.com

*Attorneys for Plaintiff Sandra M. Peters, on behalf of herself and all others similarly situated*

*pro hac vice

## CERTIFICATE OF SERVICE

  I hereby certify that, on the 3rd day of August, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification via electronic means to the attorneys of record at that time.

            */s/ Larry McDevitt*
            Larry McDevitt