UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Case No. 1:15-cv-00109-MR

| | |
|---|---|
| SANDRA M. PETERS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AETNA INC., AETNA LIFE INSURANCE COMPANY, and OPTUMHEALTH CARE SOLUTIONS, INC.,<br><br>Defendants. | **DECLARATION OF JASON M. KNOTT IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |

I, Jason M. Knott, hereby declare as follows:

1. I am over 18 years of age. I am an attorney licensed to practice in the District of Columbia and have been admitted *pro hac vice* to practice before this Court in this case. I am a partner in the law firm of Zuckerman Spaeder LLP, and I am counsel of record in the above-captioned action for Plaintiff Sandra Peters. I am responsible for the day-to-day management of this action. I have personal knowledge of the facts set forth herein.

2. Exhibit 1 hereto is a true and correct copy of a February 28, 2011 email produced by Aetna Inc and Aetna Life Insurance Company (together, "Aetna") in this action, Bates-labeled AETNA-PETERS-00010642.

3. Exhibit 2 hereto is a true and correct copy of an April 15, 2012 "Provider Agreement" produced by Aetna in this action, Bates-labeled AETNA-PETERS-00000619.

4. Exhibit 3 hereto is a true and correct copy of an April 15, 2012 Contract Oversight Claims Management Agreement produced by Aetna in this action, Bates-labeled AETNA-PETERS-00000451.

5. Exhibit 4 hereto is a true and correct copy of an April 15, 2012 Delegated Patient Management Agreement produced by Aetna in this action, Bates-labeled AETNA-PETERS-00000565.

6. Exhibit 5 hereto is a true and correct copy of an April 15, 2012 Delegated Credentialing Agreement produced by Aetna in this action, Bates-labeled AETNA-PETERS-00000521.

7. Exhibit 6 hereto is a true and correct copy of a June 1, 2013 "Provider Agreement" produced by Aetna in this action, Bates-labeled AETNA-PETERS-00001648.

8. Exhibit 7 hereto is a true and correct copy of a June 1, 2013 Contract Oversight Claims Management Agreement produced by Aetna in this action, Bates-labeled AETNA-PETERS-00001541.

9. Exhibit 8 hereto is a true and correct copy of a June 1, 2013 Delegated Patient Management Agreement produced by Aetna in this action, Bates-labeled AETNA-PETERS-00001583.

10. Exhibit 9 hereto is a true and correct copy of a June 1, 2013 Delegated Credentialing produced by Aetna in this action, Bates-labeled AETNA-PETERS-00034417.

11. Exhibit 10 hereto is a true and correct copy of a January 28, 2016 email produced by Optum HealthCare Solutions, Inc. ("Optum") in this action, Bates-labeled OPTUM-PETERS-000030593.

12. Exhibit 11 hereto is a true and correct copy of a December 21, 2012 Network Reference Tool produced by Aetna in this action, Bates-labeled AETNA-PETERS-00003056.

13. Exhibit 12 hereto is a true and correct copy of a PowerPoint titled Aetna SE Business Model produced by Optum in this action, Bates-labeled OPTUM-PETERS-000048615.

14. Exhibit 13 hereto is a true and correct copy of a March 8, 2012 email and attachments produced by Aetna in this action, Bates-labeled AETNA-PETERS-00006732.

15. Exhibit 14 hereto is a true and correct copy of a document titled "OPTUM/DOL" produced by Aetna in this action, Bates-labeled AETNA-PETERS-00065833.

16. Exhibit 15 hereto is a chart that I, and others acting at my direction, prepared, titled "Plan Language for Mars Plan and Class Claims in Aetna Plan Sample." During discovery, the parties agreed to a random sample of Aetna's claim-by-claim data produced in this action. Defendants then produced plan documents and claim files for certain of the sampled claims. We identified class claims in the sample as follows. First, we identified claims for which members were assessed responsibility for coinsurance based on a rate agreed between Aetna and Optum that exceeded the actual provider's agreed rate. Second, we identified claims for which self-insured plans were assessed responsibility based on a rate agreed between Aetna and Optum that exceeded the actual provider's agreed rate. We then identified the available plan documents for those class claims and compiled the attached chart of relevant excerpts from those plans and Plaintiff's plan.

17. Exhibit 16 hereto is a true and correct copy of a document titled "Aetna SE Q&A" produced by Optum in this action, Bates-labeled OPTUM-PETERS-00031280.

18. ████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████

19. Exhibit 18 hereto is a true and correct copy of Optum's claim files for Ms. Peters's April 28, 2014 service as produced by Optum in this action, Bates-labeled OPTUM-PETERS-000001727.

20. Exhibit 19 hereto is a true and correct copy of a December 23, 2014 email and attachments produced by Aetna in this action, Bates-labeled AETNA-PETERS-00044590.

21. ████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████

22. ████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████

5

23. ████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████

24. Exhibit 23 hereto is a true and correct copy of Optum's January 12, 2018 Supplemental Response and Objections to Plaintiff's Interrogatory No. 2 in this action.

25. Exhibit 24 hereto is a true and correct copy of the April 27, 2018 Expert Report of Constantijn Panis, Ph.D. in this action.

26. Exhibit 25 hereto is a true and correct copy of Plaintiff's May 24, 2018 Second Supplemental and Amended Responses to Aetna's First Set of Interrogatories in this action.

27. Exhibit 26 hereto is a true and correct copy of excerpts from the 30(b)(6) deposition of Aetna in this action.

28. Exhibit 27 hereto is a true and correct copy of excerpts from the deposition of Theresa Eichten in this action.

29. Exhibit 28 hereto is a true and correct copy of excerpts from the 30(b)(6) deposition of Optum in this action.

30. Exhibit 29 hereto is a true and correct copy of excerpts from the deposition of Sandra Peters in this action.

31. Exhibit 30 hereto contains biographical information for Plaintiff's counsel from The Van Winkle Law Firm (Larry McDevitt and David Wilkerson) and Zuckerman Spaeder LLP (Brian Hufford, Jason Cowart, and Jason Knott).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 3, 2018

/s/ Jason M. Knott
Jason M. Knott

7
Case 1:15-cv-00109-MR   Document 144-2   Filed 08/03/18   Page 7 of 7