# EXHIBIT 29

```
 1              UNITED STATES DISTRICT COURT

 2        FOR THE WESTERN DISTRICT OF NORTH CAROLINA

 3                   ASHEVILLE DIVISION.

 4                Case No: 1:15-cv-00109-MR

 5    SANDRA M. PETERS, on

 6    behalf of herself and all

 7    others similarly situated

 8                 Plaintiff,

 9        vs.

10    AETNA, INC., AETNA LIFE

11    INSURANCE COMPANY, AND

12    OPTUMHEALTH CARE

13    SOLUTIONS, INC.,

14                 Defendants

15

16

17         Confidential Attorneys' Eyes only

18
             Video Deposition of Sandra M. Peters
19
                   Monday, March 5, 2018
20
                      At 9:11 a.m.
21
          Taken at:
22        Alston & Bird
          101 South Tryon Street
23        Charlotte, North Carolina

24    Reported by LeShaunda Cass-Byrd, CSR, RPR

25
```

www.huseby.com          Huseby, Inc. Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco

Case 1:15-cv-00109-MR   Document 144-31   Filed 08/03/18   Page 2 of 13

1  A. Not really. Unh-unh (negative).

2  Q. Approximately, how many documents did you
3  look at?

4  A. It's a notebook that thick. Took me hours.

5  Q. And other than Mr. Clark and Mr. Knott,
6  have you discussed the matters in your deposition with
7  anyone else?

8  A. No.

9  Q. Have you reviewed any testimony by anyone
10 else in the case?

11 A. No.

12 Q. Now, Ms. Peters, we are here today because
13 you've brought a lawsuit against Aetna and Optum,
14 correct?

15 A. Yes.

16 Q. Why did you sue Aetna and Optum?

17 A. Because I feel they are guilty of fraud.

18 Q. And can you describe in a little bit more
19 detail what your claims against Aetna and Optum are
20 about?

21 A. I -- I think they are in severe violation
22 of federal ERISA laws. As fiduciary, they are
23 responsible for accurate reporting documents, which
24 they did not do in their EOBs. There was fraudulent
25 CPT codes inserted. I believe Aetna was involved in

www.huseby.com          Huseby, Inc. Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 1:15-cv-00109-MR   Document 144-31   Filed 08/03/18   Page 3 of 13

1   self-motivation for profit, and I think that is in
2   violation of ERISA.  And their action as fiduciary is
3   to look out for my interest in according to plan
4   benefits, and they did not do that.  They put their
5   interest above mine.  And as fiduciary, they are
6   responsible for making sure that I have access and use
7   of the benefits that were in the Mars plan, and they
8   did not do that either.  And I believe they used their
9   connection with Optum to secure funds from the Mars
10  self-insured health plan by paying Optum directly from
11  those funds.
12      Q.    Anything else?
13      A.    That pretty well covers it.
14      Q.    Now, you mentioned ERISA.  Are you familiar
15  with ERISA?
16      A.    Basically, what Mr. Knott has explained to
17  me.
18      Q.    Okay.
19            MR. KNOTT:  And I don't want you to
20       get into discussions that you and I have
21       had.
22  BY MR. SIGLER:
23      Q.    I would like to understand the basis for
24  your statements that Aetna has violated ERISA.  Are
25  there any specific provisions of ERISA that you

www.huseby.com    Huseby, Inc. Regional Centers    800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 1:15-cv-00109-MR   Document 144-31   Filed 08/03/18   Page 4 of 13

1  believe Aetna has violated?

2    A.    Yes.  When the medical provider submits a
3  medical claim to Optum and then when Aetna processes
4  it, that claim comes back with an added CPT code for a
5  procedure or treatment that I did not receive nor was
6  it included on the vendor's original insurance claim.
7  And it's also up-charging me almost double what the
8  original doctor's billing charge was.  And they paid
9  based on that up-charging, which affected my 20
10 percent co-pay by doubling it.  And I consider the
11 whole action fraud.

12   Q.    And is part of your claim that you believe
13 you are paying more through the Optum arrangement than
14 you would if Aetna did not have the Optum arrangement?

15   A.    That is correct.

16   Q.    Other than what Mr. Knott has told you
17 about ERISA, do you have any independent understanding
18 of what ERISA requires or provides?

19   A.    Just basically, what you can get on the
20 internet.

21   Q.    Okay.  And have you done internet research
22 about ERISA?

23   A.    Just a little bit, just enough to know what
24 is involved.

25   Q.    And what did you learn from the internet

www.huseby.com       Huseby, Inc. Regional Centers       800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 1:15-cv-00109-MR   Document 144-31   Filed 08/03/18   Page 5 of 13

 1   Optum.

 2       Q.    And that is relief that you seek in the
 3   lawsuit as well?

 4       A.    Yes.

 5       Q.    Anything other than the relief you are
 6   seeking in the lawsuit that you just described that
 7   you are seeking in connection with this case?

 8             MR. KNOTT:  Object to the form.

 9             THE WITNESS:  Do you want to rephrase
10      that?

11   BY MR. SIGLER:

12       Q.    Do you understand the question?

13       A.    No, I do not.

14       Q.    Okay.  So you are seeking damages in the
15   case, and you are also seeking the other relief that
16   you just described, correct?

17       A.    Yes.

18       Q.    Are you seeking anything else based your
19   participation in the case?

20       A.    No.

21       Q.    Ms. Peters, do you recall whether you
22   reviewed a draft of the complaint before it was filed
23   in the case?

24       A.    Yes, I did.

25       Q.    And did you make any changes to the

www.huseby.com          Huseby, Inc. Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 1:15-cv-00109-MR   Document 144-31   Filed 08/03/18   Page 6 of 13

```
 1  complaint?
 2      A.   I made sure it was accurate.
 3      Q.   And to make it accurate, did you have to
 4  make any changes to it?
 5      A.   I think there were one or two things I
 6  corrected.
 7      Q.   Do you recall what corrections you made?
 8      A.   No.
 9      Q.   Other than the meeting you had yesterday
10  with Mr. Knott, have you had any other in-person
11  meetings with your counsel at any point in this case?
12      A.   They visited me at my home.
13      Q.   Approximately, when did that happen?
14      A.   Fall of last year.
15      Q.   And what did you do in that visit?
16      A.   Just discussion.
17      Q.   Did you go through documents?
18      A.   No, we did not.
19      Q.   Was anyone else present at the meeting
20  other than your counsel?
21      A.   My husband was there.
22      Q.   And who was there from your counsel,
23  Mr. Knott?
24      A.   Mr. Knott and Miles Clark.
25      Q.   And why was your husband present?
```

www.huseby.com   Huseby, Inc. Regional Centers   800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 1:15-cv-00109-MR   Document 144-31   Filed 08/03/18   Page 7 of 13

```
 1    A.    He was just there at home.
 2    Q.    Is your husband participating in this
 3  lawsuit in any way?
 4    A.    Not at all.
 5    Q.    And so other than the in-person meeting you
 6  had yesterday with Mr. Knott and the one you just
 7  described from fall of last year, have you had any
 8  other in-person meetings with your counsel?
 9    A.    No.
10    Q.    And approximately, how many times have you
11  spoken to your counsel on the phone?
12    A.    I couldn't tell you.
13    Q.    More or less than ten?
14    A.    I couldn't tell you.  I don't know.
15    Q.    Do you have any regularly-scheduled calls
16  with counsel?
17    A.    No.
18    Q.    Are you actively involved in the strategy
19  and decisionmaking in this case?
20    A.    Yes.
21    Q.    How so?
22    A.    He discusses with me anything that comes
23  up, and he questions you about any documentation and
24  we go over it.  And I do whatever is necessary to
25  proceed this in a positive direction.
```

www.huseby.com    Huseby, Inc. Regional Centers    800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 1:15-cv-00109-MR   Document 144-31   Filed 08/03/18   Page 8 of 13

```
 1      Q.    And do you feel like you have a good
 2  understanding of what claims are being asserted by
 3  plaintiff in this case?
 4      A.    Yes.
 5      Q.    Do you have an understanding of where
 6  things stand right now in the litigation?
 7      A.    Not precisely, no.
 8      Q.    Do you know whether any of the claims that
 9  were brought in the original complaint were dismissed?
10      A.    Yes, I believe the RICO violations were
11  dismissed.
12      Q.    And the claims that are being asserted in
13  the case, are those the same claims you described
14  earlier when I asked you why you brought the case?
15      A.    Yes.
16      Q.    Are you aware that there was a mediation in
17  the case?
18      A.    A settlement discussion?
19      Q.    Correct.
20      A.    Yes.
21      Q.    And did you have any participation in that
22  settlement discussion?
23      A.    No.
24      Q.    Did you have any discussions with counsel
25  before the settlement discussion about what offers had
```

www.huseby.com   Huseby, Inc. Regional Centers   800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco

Case 1:15-cv-00109-MR   Document 144-31   Filed 08/03/18   Page 9 of 13

 1  been made in the case?
 2      A.   Yes.
 3      Q.   And did you provide input to counsel on how
 4  to respond to the offers that were made?
 5      A.   Yes.
 6      Q.   If the case moves ahead, are you prepared
 7  to testify at court if needed?
 8      A.   Yes, I am.
 9      Q.   Now, you understand in this case that you
10  are being proposed as a class representative?
11      A.   Yes.
12      Q.   Have you ever served as a class
13  representative before?
14      A.   No.  No.
15      Q.   Have you ever been involved in any other
16  litigation matters before?
17      A.   No.
18      Q.   And you understand what I mean by
19  litigation?
20      A.   Lawsuit.
21      Q.   Court cases?
22      A.   Or do you -- talking about trial, jury duty
23  or anything like that?
24      Q.   Well, let me ask in a different way then.
25  Have you ever been a party to any other court cases

www.huseby.com            Huseby, Inc. Regional Centers              800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 1:15-cv-00109-MR   Document 144-31   Filed 08/03/18   Page 10 of 13

 1     Q.    Is there any difference between the claims
 2  that you are bringing on your own behalf and the
 3  claims that you are bringing on behalf of those other
 4  health plan members?
 5     A.    I have no knowledge of their situations.
 6     Q.    So there may be differences, correct?
 7     A.    Yes.
 8           MR. KNOTT:  Object to the form.
 9  BY MR. SIGLER:
10     Q.    And you described a little bit earlier the
11  relief that you are seeking in this case, damages plus
12  the additional court orders from the court regarding
13  the practice that you challenge, correct?
14     A.    And I think Aetna should be required to
15  reimburse the fund assets for the money that they used
16  to pay Optum, and I think they should have to
17  reimburse all plan members that had to pay extra out
18  of pocket.  And I think because of the ERISA
19  violations and the fraud that was detailed, I think
20  you should be penalized.
21     Q.    And what penalties are you seeking?
22     A.    I will leave that up to the court to
23  decide.
24     Q.    Are there any penalties that you are asking
25  for, though?

www.huseby.com    Huseby, Inc. Regional Centers    800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 1:15-cv-00109-MR   Document 144-31   Filed 08/03/18   Page 11 of 13

 1           (Defendant's Exhibit 144 was marked
 2       for identification.)
 3   BY MR. SIGLER:
 4       Q.    Ms. Peters, you have been handed a document
 5   marked Exhibit 144.  We're starting where we left off
 6   in the other case, which is why we are starting at
 7   144 -- excuse me, the other deposition.
 8             Please take as much time as you need to
 9   look at that, and then I'm going to ask you whether
10   you recognize it.
11       A.    Okay.
12       Q.    Do you recognize this document?
13       A.    Yes, I do.
14       Q.    These are responses to interrogatories that
15   was served by Aetna, correct?
16       A.    Yes.
17       Q.    And you understand that interrogatories are
18   questions that Aetna asked of yourself in this case,
19   correct?
20       A.    Yes.
21       Q.    And if you turn to page 22 of the document,
22   there is a page that says verification and there is a
23   signature there.  That is your signature, correct?
24       A.    Correct.
25       Q.    And did you review the responses here to

www.huseby.com          Huseby, Inc. Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 1:15-cv-00109-MR   Document 144-31   Filed 08/03/18   Page 12 of 13

```
 1   ensure that they were complete, truthful and accurate
 2   before signing this?
 3       A.    Yes.
 4       Q.    And you believe them to be complete,
 5   truthful and accurate when you signed, correct?
 6       A.    Yes.
 7       Q.    Is this one of the documents you reviewed
 8   in preparation for your deposition yesterday?
 9       A.    Yes, it is.
10             (Defendant's Exhibit 145 was marked
11         for identification.)
12   BY MR. SIGLER:
13       Q.    Ms. Peters, you have been handed a document
14   marked Exhibit 145.  I would like you to take a look
15   at this document as well, and then I will have the
16   same or similar series of questions about this
17   document.
18             Do you recognize this document?
19       A.    Yes.
20       Q.    And this is several additional supplemental
21   answers to some of the questions in the previous
22   document, correct?
23       A.    Yes.
24       Q.    Is this one of the documents, 145, that you
25   reviewed in preparation for your deposition?
```

www.huseby.com            Huseby, Inc. Regional Centers            800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 1:15-cv-00109-MR   Document 144-31   Filed 08/03/18   Page 13 of 13