# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:15-cv-00109-MR

| | |
|---|---|
| SANDRA M. PETERS, on behalf of herself and all others similarly situated, ) ) ) ) ) Plaintiff, ) ) vs. ) ) AETNA INC., AETNA LIFE ) INSURANCE COMPANY, and ) OPTUMHEALTH CARE SOLUTIONS, ) INC., ) ) Defendants. ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Parties' Joint Motion for Leave to File Under Seal Certain Exhibits and Related Portions of Plaintiff's Brief in Support of Class Certification. [Doc. 143].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the

public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the parties' motion. The parties filed their motion on August 3, 2018, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, the parties have demonstrated that the documents at issue contain private health information, as well as confidential business information that the Defendants consider proprietary and commercially sensitive, and that the public's right

of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these documents is narrowly tailored to serve the interest of protecting the sensitive and confidential information contained therein.

While several of these documents clearly fall within the scope of reasonable protection of privacy and confidential business information, others skirt dangerously close to the core of the business practices that are alleged to be unlawful. The parties are reminded that this is not a secret tribunal; it is a public court. Even though the Court will grant the parties the requested relief, portions of this sealing order are granted with reluctance, and the parties should not take this Order as an indication that such documents will necessarily be granted protection from disclosure if offered as exhibits in any public hearing or trial in this matter.

With regard to Exhibit 15, the explanation for why it is entitled to protection is, at best, scant. Under the circumstances as explained by the Defendants in their Memorandum, the Court will temporarily seal Exhibit 15, pending further explanation and justification by the parties.

**IT IS THEREFORE ORDERED** that the Parties' Joint Motion for Leave to File Under Seal [Doc. 143] is **GRANTED**, and the following documents and materials filed in support of the Plaintiff's Motion for Class Certification shall be filed under seal until further Order of this Court: the redacted portions of the Plaintiff's Brief; the redacted portions of the Declaration of Jason M. Knott; the redacted portions of Exhibits 24 and 26; and Exhibits 1-10, 12, 15-23, 27, and 28.

**IT IS FURTHER ORDERED** that, within fourteen (14) days of the entry of this Order, the parties shall file a supplemental brief further explaining and justifying the permanent sealing of Exhibit 15.

**IT IS SO ORDERED.**

Signed: August 9, 2018

Martin Reidinger
United States District Judge