IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:15-cv-00109-MR

| | |
|---|---|
| SANDRA M. PETERS, on behalf of herself and all others similarly situated, ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | **O R D E R** |
| AETNA INC., AETNA LIFE INSURANCE COMPANY, and OPTUMHEALTH CARE SOLUTIONS, INC., ) ) ) ) ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Aetna's Supplemental Memorandum in Support of Continued Sealing of Portions of Exhibit 15 to Plaintiff's Motion for Class Certification [Doc. 154] and the Plaintiff's Response to Aetna's Supplemental Memorandum [Doc. 155].

On August 9, 2018, the Court entered an Order granting the parties' joint motion to seal certain exhibits submitted in support of the Plaintiff's motion for class certification. [Doc. 149]. With respect to Exhibit 15, the Court ordered that the exhibit should be only temporarily sealed, and the Court directed the parties to file supplemental briefing further explaining and

justifying the permanent sealing of this exhibit. [Id. at 4]. The parties filed their supplemental briefs on August 23, and 27, 2018. [Docs. 154, 155]. In their supplemental filings, the Defendants (collectively, "Aetna") advocate allowing Exhibit 15 to be filed with limited redactions, while the Plaintiff contends that the exhibit should not be sealed at all.

Plaintiff's Exhibit 15 is a chart that quotes standardized plan provisions from twenty-two Summary Plan Descriptions ("SPDs") for Aetna plans. The quoted provisions include typical plan language such as the definitions of "Medically Necessary," "Negotiated Charge," and "Network Provider." There does not appear to be any meaningful variation of these terms among the plans. [See Doc. 146-3].

The right of public access to judicial records and documents "may be abrogated only in unusual circumstances." Doe v. Public Citizen, 749 F.3d 246, 266 (4th Cir. 2014) (quoting Stone v. Univ. of Maryland Med. Sys. Corp., 855 F.2d 178, 182 (4th Cir. 1988)). The presumption of public access can be rebutted "if countervailing interests heavily outweigh the public interests in access." Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988). As the party seeking to overcome this presumption, Aetna bears the burden of demonstrating that a significant interest outweighs the

presumption.  See Virginia Dep't of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004).

In support of its request for a limited redaction, Aetna argues that certain customers "do not make their SPDs publicly-available and take deliberate steps to limit disclosure only to their employees and beneficiaries." [Doc. 154 at 4].  In support of this argument, Aetna submits declarations from six plan sponsors claiming that disclosure of their SPDs would cause competitive harm by providing information that competitors could use to recruit employees or information about labor costs. [See, e.g., Doc. 154-2 to 154-7].  Aetna and the plan sponsors do not offer any detail, however, as to how the particular information cited from the SPDs that is cited in Exhibit 15 could possibly be damaging to competitive interests if disclosed.  Exhibit 15 does not include all of the provisions of the SPDs; rather, it quotes from selected standardized provisions of the plans, including the definitions of "Medically Necessary," "Negotiated Charge," and "Network Provider."  The plan sponsor declarations do not address these standardized provisions or explain why disclosing them would be competitively harmful to their businesses.  A conclusory statement that disclosure of the SPDs in their entireties would be harmful is simply insufficient to justify sealing the limited information provided in Exhibit 15.

The plan sponsors contend that, due to the commercially sensitive nature of the SPDs, they limit the disclosure of the SPDs only to their beneficiaries and employees. Many of these plan sponsors, however, have thousands of employees. The Court fails to see how the public filing of the limited information set forth in Exhibit 15 could possibly do any competitive harm when the SPDs cited are already disseminated to thousands of employees on an unrestricted basis.

For all these reasons, the Court will deny the Defendants' request to allow a redacted version of Exhibit 15 to be filed.

**IT IS, THEREFORE, ORDERED** that the Defendants' request for a limited redaction of Exhibit 15 is **DENIED**. The Clerk of Court shall unseal Exhibit 15 to the Plaintiff's Motion for Class Certification and file Exhibit 15 as an unsealed document on the public docket.

**IT IS SO ORDERED.**

Signed: September 6, 2018

Martin Reidinger
United States District Judge