UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| SANDRA M. PETERS, on behalf of herself and all others similarly situated, <br><br> PLAINTIFF, <br><br> v. <br><br> AETNA INC., AETNA LIFE INSURANCE COMPANY, and OPTUMHEALTH CARE SOLUTIONS, INC., <br><br> DEFENDANTS. | ) ) ) ) ) ) ) ) Case No. 1:15-cv-00109-MR ) ) ) ) ) ) ) ) |

### DECLARATION OF JASON N. KLEINWAKS IN SUPPORT OF DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

I, Jason N. Kleinwaks, hereby declare as follows:

1. I am over 18 years of age. I am an attorney licensed to practice in the State of New York and the District of Columbia and have been admitted *pro hac vice* to practice before this Court in this case. I am an associate at the law firm of Gibson, Dunn & Crutcher LLP, and I am counsel of record in the above-captioned action for Defendants Aetna Inc. and Aetna Life Insurance Company (collectively "Aetna"). I have personal knowledge of the facts set forth herein.

2. Exhibit 1 hereto is a true and correct copy of excerpts from the 30(b)(6) deposition of Aetna in this action.

3. Exhibit 2 hereto is a true and correct copy of excerpts from the deposition of Shiron Hagens in this action.

4. Exhibit 3 hereto is a true and correct copy of excerpts from the deposition of Jennifer Cross Hennigan in this action.

5. Exhibit 4 hereto is a true and correct copy of excerpts from the deposition of Cyndy Kilpinen in this action.

6. Exhibit 5 hereto is a true and correct copy of excerpts from the deposition of Dawn Waggoner in this action.

7. Exhibit 6 hereto is a true and correct copy of a January 11, 2012 email and attached Excel spreadsheet produced by Aetna in this action, Bates-labeled AETNA-PETERS-00015341 and AETNA-PETERS-00015343. Because the spreadsheet was produced in native format, a true and correct PDF version has been included along with the Bates-labeled cover sheet.

8. Exhibit 7 hereto is a true and correct copy of excerpts of a June 15, 2016 document titled "Aetna SE – Physical Health Value Review" produced by Aetna in this action, Bates-labeled AETNA-PETERS-00032583.

9. Exhibit 8 hereto is a true and correct copy of the June 8, 2018 Expert Report of Dr. Daniel P. Kessler, Ph.D. in this action.

10. Exhibit 9 hereto is a true and correct copy of a declaration signed by Valerie Peppin on September 5, 2018.

11. Exhibit 10 hereto is a true and correct copy of a document titled "Southeast Region PT Proposal Evaluation" produced by Aetna in this action, Bates-labeled AETNA-PETERS-00006165.

12. Exhibit 11 hereto is a true and correct copy of an Excel spreadsheet titled "Southeast Region Chiro Proposal Evaluation" produced by Aetna in this action, Bates-labeled AETNA-PETERS-00012640. Because the spreadsheet was produced in native format, a true and correct PDF version has been included along with the Bates-labeled cover sheet.

13. Exhibit 12 hereto is a true and correct copy of an Excel spreadsheet produced by Aetna in this action, Bates-labeled AETNA-PETERS-00041160. Because the spreadsheet was produced in native format, a true and correct PDF version has been included along with the Bates-labeled cover sheet.

14. Exhibit 13 hereto is a true and correct copy of a document titled "Optum PT SE region" produced by Aetna in this action, Bates-labeled AETNA-PETERS-00006752.

15. Exhibit 14 hereto is a true and correct copy of Deposition Exhibit 1, a September 9, 2011 email produced by Aetna in this action, Bates-labeled AETNA-PETERS-00015288.

16. Exhibit 15 hereto is a true and correct copy of excerpts from the deposition of Theresa Eichten in this action.

3

17. Exhibit 16 hereto is a true and correct copy of excerpts from the deposition of Ellen Gallagher in this action.

18. Exhibit 17 hereto is a true and correct copy of excerpts from the 30(b)(6) deposition of Optum in this action.

19. Exhibit 18 hereto is a true and correct copy of Deposition Exhibit 127, a "Master Services Agreement No. MSA-700992" between Aetna Life Insurance Company and Mars, Inc. effective January 1, 2014 produced by Aetna in this action, Bates-labeled AETNA-PETERS-00002771.

20. Exhibit 19 hereto is a true and correct copy of Deposition Exhibit 128, an "Administrative Services Agreement" between Aetna Life Insurance Company and Mars, Inc. effective January 1, 1997 produced by Aetna in this action, Bates-labeled AETNA-PETERS-00002705.

21. Exhibit 20 hereto is a true and correct copy of appendices to the Administrative Services Agreement between Aetna Life Insurance Company and Mars, Inc. produced by Aetna in this action, Bates-labeled AETNA-PETERS-00081492.

22. Exhibit 21 hereto is a true and correct copy of an "Amendment No. 2" to the Administrative Services Agreement Number ASC-700992 between Aetna Life Insurance Company and Mars, Inc. produced by Aetna in this action, Bates-labeled AETNA-PETERS-00002735.

23. Exhibit 22 hereto is a true and correct copy of Deposition Exhibit 133, a "Health Care Plan Summary Plan Description" for the Mars, Incorporated Health Care Plan in effect January 1, 2012 produced by Aetna in this action, Bates-labeled AETNA-PETERS-00002946.

24. Exhibit 23 hereto is a true and correct copy of a declaration signed by Jennifer Cross Hennigan on September 5, 2018.

25. Exhibit 24 hereto is a true and correct copy of Deposition Exhibit 63, an "AMENDMENT No. 4" effective July 1, 2016 to the June 1, 2013 Provider Agreement between Aetna and Optum produced by Optum in this action, Bates-labeled OPTUM-PETERS-000000364.

26. Exhibit 25 hereto is a true and correct copy of Deposition Exhibit 121, a document titled "HOPP ISSUE: 527 – Southeast Chiropractic Vendor – OptumHealth Care Solutions, Inc." produced by Aetna in this action, Bates-labeled AETNA-PETERS-00004278.

27. Exhibit 26 hereto is a true and correct copy of excerpts from the deposition of Sandra M. Peters in this action.

28. Exhibit 27 hereto is a true and correct copy of excerpts from the deposition of Constantijn Panis, Ph.D. in this action.

29.     Exhibit 28 hereto is a true and correct copy of a December 18, 2014 Explanation of Benefits statement for Sandra Peters produced by Plaintiff in this action, Bates-labeled Peters000323.

30.     Exhibit 29 hereto is a true and correct copy of a June 12, 2014 Explanation of Benefits statement for Sandra Peters produced by Aetna in this action, Bates-labeled AETNA-PETERS-00003315.

31.     Exhibit 30 hereto is a true and correct copy of Deposition Exhibit 177, containing an October 29, 2014 letter from Joseph Collazo at Aetna to Rosemary D. Revis of the North Carolina Department of Justice; and a November 4, 2014 letter from Rosemary D. Revis to Sandra M. Peters.  This document was produced by Plaintiff in this action, Bates-labeled Peters000022.

32.     Exhibit 31 hereto is a true and correct copy of Deposition Exhibit 180, containing a November 24, 2014 letter from Rosemary D. Revis of the North Carolina Department of Justice to Chiro OptumHealth Care Solutions; a December 24, 2014 letter from Joseph Collazo at Aetna to Rosemary D. Revis; and a January 9, 2015 letter from Rosemary D. Revis to Sandra M. Peters. This document was produced by Plaintiff in this action, Bates-labeled Peters000029.

33.     Exhibit 32 hereto is a true and correct copy of Deposition Exhibit 171, containing a May 16, 2014 letter from Cathy Bachman of Aetna to Sandra Peters; a June 9, 2014 letter from Ronald Peters to Cathy Bachman; a September 12, 2014

letter from Sandra Peters to Cathy Bachman; and an October 14, 2014 letter from Cathy Bachman to Sandra Peters.  This document was produced by Plaintiff in this action, Bates-labeled Peters000093.

34. Exhibit 33 hereto is a true and correct copy of excerpts from a "Master Services Agreement" and "Statement of Available Services" between Aetna Life Insurance Company and Allstate Insurance Company effective January 1, 2013, produced by Aetna in this action, Bates-labeled AETNA-PETERS-00076376.  For the Court's convenience, provisions of this exhibit have been outlined in red.

35. Exhibit 34 hereto is a true and correct copy of excerpts from a Summary Plan Description for the Allstate "Cafeteria Medical Plan" produced by Aetna in this action, Bates-labeled AETNA-PETERS-00076454.  For the Court's convenience, provisions of this exhibit have been outlined in red.

36. Exhibit 35 hereto is a true and correct copy of excerpts from a Summary Plan Description document for Allstate entitled "General Provisions" produced by Aetna in this action, Bates-labeled AETNA-PETERS-00076602.  For the Court's convenience, provisions of this exhibit have been outlined in red.

37. Exhibit 36 hereto is a true and correct copy of excerpts from an "Administrative Services Agreement" between Aetna Life Insurance Company and AmeriGas Propane, Inc. effective January 1, 2006, produced by Aetna in this

action, Bates-labeled AETNA-PETERS-00070700. For the Court's convenience, provisions of this exhibit have been outlined in red.

38. Exhibit 37 hereto is a true and correct copy of excerpts from a "Master Services Agreement" and "Statement of Available Services" between Aetna Life Insurance Company and Ampco-Pittsburgh Corporation effective January 1, 2015, produced by Aetna in this action, Bates-labeled AETNA-PETERS-00075076. For the Court's convenience, provisions of this exhibit have been outlined in red.

39. Exhibit 38 hereto is a true and correct copy of excerpts from: (1) a "Benefit Services Agreement" between Aetna Life Insurance Company and Bank of America, N.A. effective January 1, 2009, produced by Aetna in this action, Bates-labeled AETNA-PETERS-00078839; and (2) "Schedule A" produced by Aetna in this action, Bates-labeled AETNA-PETERS-00078806. For the Court's convenience, provisions of this exhibit have been outlined in red.

40. Exhibit 39 hereto is a true and correct copy of excerpts from: (1) the "General Services Agreement" and addendums between Aetna Life Insurance Company and Bank of America, N.A. effective January 1, 2016, produced by Aetna in this action, Bates-labeled AETNA-PETERS-00078307; and (2) "Amendment" produced by Aetna in this action, Bates-labeled AETNA-PETERS-

00078346.  For the Court's convenience, provisions of this exhibit have been outlined in red.

41. Exhibit 40 hereto is a true and correct copy of excerpts from a "Master Services Agreement" and "Statement of Available Services" between Aetna Life Insurance Company and Booz Allen Hamilton effective January 1, 2013, produced by Aetna in this action, Bates-labeled AETNA-PETERS-00074156.  For the Court's convenience, provisions of this exhibit have been outlined in red.

42. Exhibit 41 hereto is a true and correct copy of excerpts from a "Master Services Agreement" and "Statement of Available Services" between Aetna Life Insurance Company and CarMax, Inc. effective March 1, 2012, produced by Aetna in this action, Bates-labeled AETNA-PETERS-00075470.  For the Court's convenience, provisions of this exhibit have been outlined in red.

43. Exhibit 42 hereto is a true and correct copy of excerpts from a Summary Plan Description of CarMax produced by Aetna in this action, Bates-labeled AETNA-PETERS-00075636.  For the Court's convenience, provisions of this exhibit have been outlined in red.

44. Exhibit 43 hereto is a true and correct copy of excerpts from an "Administrative Services Agreement" and addendums between Aetna Life Insurance Company and Dendrite International, Inc., produced by Aetna in this

action, Bates-labeled AETNA-PETERS-00069270. For the Court's convenience, provisions of this exhibit have been outlined in red.

45. Exhibit 44 hereto is a true and correct copy of excerpts from a Summary Plan Description of Dendrite International, Inc. produced by Aetna in this action, Bates-labeled AETNA-PETERS-00069297. For the Court's convenience, provisions of this exhibit have been outlined in red.

46. Exhibit 45 hereto is a true and correct copy of excerpts from an "Administrative Services Agreement" and addendums between Aetna Life Insurance Company and Cognizant Technology Solutions Corporation produced by Aetna in this action, Bates-labeled AETNA-PETERS-00080722. For the Court's convenience, provisions of this exhibit have been outlined in red.

47. Exhibit 46 hereto is a true and correct copy of excerpts from a "Master Services Agreement" and "Statement of Available Services" between Aetna Life Insurance Company and Compass Group USA, Inc. effective January 1, 2011, produced by Aetna in this action, Bates-labeled AETNA-PETERS-00071751. For the Court's convenience, provisions of this exhibit have been outlined in red.

48. Exhibit 47 hereto is a true and correct copy of excerpts from a Summary Plan Description of Compass Group produced by Aetna in this action,

Bates-labeled AETNA-PETERS-00071872. For the Court's convenience, provisions of this exhibit have been outlined in red.

49. Exhibit 48 hereto is a true and correct copy of excerpts from: (1) an "Administrative Services Agreement" and addendums between Aetna Life Insurance Company, Costco Wholesale Corporation, and Costco Benefits Committee effective January 1, 2003, produced by Aetna in this action, Bates-labeled AETNA-PETERS-00074801; and (2) "AMENDMENT to ADMINISTRATIVE SERVICE AGREEMENT" produced by Aetna in this action, Bates-labeled AETNA-PETERS-00074799. For the Court's convenience, provisions of this exhibit have been outlined in red.

50. Exhibit 49 hereto is a true and correct copy of excerpts from a Summary Plan Description of Costco Wholesale produced by Aetna in this action, Bates-labeled AETNA-PETERS-00074839. For the Court's convenience, provisions of this exhibit have been outlined in red.

51. Exhibit 50 hereto is a true and correct copy of excerpts from a Summary Plan Description of Costco Wholesale produced by Aetna in this action, Bates-labeled AETNA-PETERS-00074590. For the Court's convenience, provisions of this exhibit have been outlined in red.

52. Exhibit 51 hereto is a true and correct copy of excerpts from a "Master Services Agreement" and "Statement of Available Services" between

Aetna Life Insurance Company and Computer Sciences Corporation effective January 1, 2010, produced by Aetna in this action, Bates-labeled AETNA-PETERS-00074263. For the Court's convenience, provisions of this exhibit have been outlined in red.

53. Exhibit 52 hereto is a true and correct copy of excerpts from an "Administrative Services Only Agreement," and accompanying documents between Aetna Life Insurance Company and SmithKline Beecham Corporation effective January 1, 2002, produced by Aetna in this action, Bates-labeled AETNA-PETERS-00075393. For the Court's convenience, provisions of this exhibit have been outlined in red.

54. Exhibit 53 hereto is a true and correct copy of excerpts from an "Administrative Services Agreement," addendums, and exhibits between Aetna Life Insurance Company and HCA Management Services L.P. produced by Aetna in this action, Bates-labeled AETNA-PETERS-00077781. For the Court's convenience, provisions of this exhibit have been outlined in red.

55. Exhibit 54 hereto is a true and correct copy of excerpts from a Summary Plan Description of HCA produced by Aetna in this action, Bates-labeled AETNA-PETERS-00077848. For the Court's convenience, provisions of this exhibit have been outlined in red.

56. Exhibit 55 hereto is a true and correct copy of excerpts from a "Master Services Agreement" and "Statement of Available Services" between Aetna Life Insurance Company and HUB International Limited effective January 1, 2012, produced by Aetna in this action, Bates-labeled AETNA-PETERS-00071085. For the Court's convenience, provisions of this exhibit have been outlined in red.

57. Exhibit 56 hereto is a true and correct copy of excerpts from: (1) a "Master Services Agreement" and "Statement of Available Services" between Aetna Life Insurance Company and Johnson & Johnson effective January 1, 2014, produced by Aetna in this action, Bates-labeled AETNA-PETERS-00070313; and (2) "Exhibit G – Dispute Resolution" produced by Aetna in this action, Bates-labeled AETNA-PETERS-00070295. For the Court's convenience, provisions of this exhibit have been outlined in red.

58. Exhibit 57 hereto is a true and correct copy of excerpts from a Summary Plan Description of Johnson & Johnson produced by Aetna in this action, Bates-labeled AETNA-PETERS-00070438. For the Court's convenience, provisions of this exhibit have been outlined in red.

59. Exhibit 58 hereto is a true and correct copy of excerpts from an "Administrative Services Agreement" and addendums between Aetna Life Insurance Company and KPMG LLP, produced by Aetna in this action, Bates-

labeled AETNA-PETERS-00079588. For the Court's convenience, provisions of this exhibit have been outlined in red.

60. Exhibit 59 hereto is a true and correct copy of excerpts from a Summary Plan Description of KPMG LLP produced by Aetna in this action, Bates-labeled AETNA-PETERS-00079464. For the Court's convenience, provisions of this exhibit have been outlined in red.

61. Exhibit 60 hereto is a true and correct copy of excerpts from an "Administrative Services Agreement" and addendums between Aetna Life Insurance Company and Manufacturers and Traders Trust Company, produced by Aetna in this action, Bates-labeled AETNA-PETERS-00069201. For the Court's convenience, provisions of this exhibit have been outlined in red.

62. Exhibit 61 hereto is a true and correct copy of excerpts from a "Master Services Agreement" and "Statement of Available Services" between Aetna Life Insurance Company and Nash Holdings LLC effective January 1, 2014, produced by Aetna in this action, Bates-labeled AETNA-PETERS-00077400. For the Court's convenience, provisions of this exhibit have been outlined in red.

63. Exhibit 62 hereto is a true and correct copy of excerpts from a "Master Services Agreement" and "Statement of Available Services" between Aetna Life Insurance Company and New York Life Insurance Company effective January 1, 2014, produced by Aetna in this action, Bates-labeled AETNA-

PETERS-00070022. For the Court's convenience, provisions of this exhibit have been outlined in red.

64. Exhibit 63 hereto is a true and correct copy of excerpts from an "Administrative Services Agreement" between Aetna Life Insurance Company and Paychex, Inc. effective January 1, 1997, produced by Aetna in this action, Bates-labeled AETNA-PETERS-00070762. For the Court's convenience, provisions of this exhibit have been outlined in red.

65. Exhibit 64 hereto is a true and correct copy of excerpts from a Summary Plan Description of Paychex, Inc. produced by Aetna in this action, Bates-labeled AETNA-PETERS-00070797. For the Court's convenience, provisions of this exhibit have been outlined in red.

66. Exhibit 65 hereto is a true and correct copy of excerpts from a "Master Services Agreement" and "Statement of Available Services" between Aetna Life Insurance Company and Pier 1 Imports, Inc. effective January 1, 2014, produced by Aetna in this action, Bates-labeled AETNA-PETERS-00068653. For the Court's convenience, provisions of this exhibit have been outlined in red.

67. Exhibit 66 hereto is a true and correct copy of excerpts from an "Administrative Services Agreement" and addendums between Aetna Life Insurance Company and Realogy Corporation, produced by Aetna in this action,

15

Case 1:15-cv-00109-MR   Document 162-1   Filed 09/07/18   Page 15 of 19

Bates-labeled AETNA-PETERS-00071266. For the Court's convenience, provisions of this exhibit have been outlined in red.

68. Exhibit 67 hereto is a true and correct copy of excerpts from a Summary Plan Description of Realogy produced by Aetna in this action, Bates-labeled AETNA-PETERS-00071216. For the Court's convenience, provisions of this exhibit have been outlined in red.

69. Exhibit 68 hereto is a true and correct copy of excerpts from: (1) an "Administrative Services Agreement" and addendums between Aetna Life Insurance Company and SAP America, Inc. produced by Aetna in this action, Bates-labeled AETNA-PETERS-00076981; and (2) "Amendment" produced by Aetna in this action, Bates-labeled AETNA-PETERS-00077017. For the Court's convenience, provisions of this exhibit have been outlined in red.

70. Exhibit 69 hereto is a true and correct copy of excerpts from a Summary Plan Description of SAP America produced by Aetna in this action, Bates-labeled AETNA-PETERS-00076690. For the Court's convenience, provisions of this exhibit have been outlined in red.

71. Exhibit 70 hereto is a true and correct copy of excerpts from a "Master Services Agreement" and "Statement of Available Services" between Aetna Life Insurance Company and Save the Children Federation, Inc. effective January 1, 2010, produced by Aetna in this action, Bates-labeled AETNA-

PETERS-00077753. For the Court's convenience, provisions of this exhibit have been outlined in red.

72. Exhibit 71 hereto is a true and correct copy of excerpts from a "Master Services Agreement" and "Statement of Available Services" between Aetna Life Insurance Company and Toll Bros., Inc. effective July 1, 2013, produced by Aetna in this action, Bates-labeled AETNA-PETERS-00076128. For the Court's convenience, provisions of this exhibit have been outlined in red.

73. Exhibit 72 hereto is a true and correct copy of excerpts from a Summary Plan Description of Toll Brothers produced by Aetna in this action, Bates-labeled AETNA-PETERS-00076181. For the Court's convenience, provisions of this exhibit have been outlined in red.

74. Exhibit 73 hereto is a true and correct copy of excerpts from a "Master Services Agreement" and accompanying documents between Aetna Life Insurance Company and Travelport Inc. effective January 1, 2012, produced by Aetna in this action, Bates-labeled AETNA-PETERS-00068743. For the Court's convenience, provisions of this exhibit have been outlined in red.

75. Exhibit 74 hereto is a true and correct copy of excerpts from a Summary Plan Description of Travelport produced by Aetna in this action, Bates-labeled AETNA-PETERS-00068861. For the Court's convenience, provisions of this exhibit have been outlined in red.

76. Exhibit 75 hereto is a true and correct copy of excerpts from a "Master Services Agreement" and accompanying documents between Aetna Life Insurance Company and VMware, Inc. effective May 1, 2010, produced by Aetna in this action, Bates-labeled AETNA-PETERS-00069562. For the Court's convenience, provisions of this exhibit have been outlined in red.

77. Exhibit 76 hereto is a true and correct copy of excerpts from a Summary Plan Description of VMWARE, Inc. produced by Aetna in this action, Bates-labeled AETNA-PETERS-00069437. For the Court's convenience, provisions of this exhibit have been outlined in red.

78. Exhibit 77 hereto is a true and correct copy of excerpts from an "Administrative Services Agreement" and addendums between Aetna Life Insurance Company and Westinghouse Electric Company LLC produced by Aetna in this action, Bates-labeled AETNA-PETERS-00069693. For the Court's convenience, provisions of this exhibit have been outlined in red.

79. Exhibit 78 hereto is a true and correct copy of a declaration signed by Amanda Zuravnsky on September 6, 2018.

80. Exhibit 79 hereto is a true and correct copy of a declaration signed by Theresa Eichten on September 7, 2018.

81. Exhibit 80 hereto is a true and correct copy of excerpts from a Summary Plan Description of CSC produced by Aetna in this action, Bates-labeled

AETNA-PETERS-00074391. For the Court's convenience, provisions of this exhibit have been outlined in red.

82. Exhibit 81 hereto is a true and correct copy of excerpts from a Summary Plan Description of Nash Holdings LLC produced by Aetna in this action, Bates-labeled AETNA-PETERS-00077534. For the Court's convenience, provisions of this exhibit have been outlined in red.

I declare under penalty of perjury that the foregoing is true and correct. Executed September 7, 2018.

/s/ Jason N. Kleinwaks  
Jason N. Kleinwaks