IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:15-cv-00109-MR

| | | |
|---|---|---|
| SANDRA M. PETERS, on behalf of herself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | **O R D E R** |
| AETNA INC., AETNA LIFE INSURANCE COMPANY, and OPTUMHEALTH CARE SOLUTIONS, INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the Court on the Defendants' Motion for Leave to File Under Seal Certain Exhibits and Related Portions of Defendants' Brief in Opposition to Plaintiff's Motion for Class Certification and Brief in Support of Defendants' Motion to Strike Report and Exclude Testimony of Constantijn Panis, Ph.D. [Doc. 169].

The Defendants move to seal a number of exhibits and portions of their briefs filed in opposition to the Plaintiff's class certification and in support of their motion challenging the testimony of the Plaintiff's expert. The press and the public have, under both the First Amendment and the common law,

a qualified right of access to judicial documents and records filed in civil and criminal proceedings.  Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014).  "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'"  Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)).  The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'"  Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives."  Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendants' motion.  The Defendants filed

their motion on October 1, 2018, and it has been accessible to the public through the Court's electronic case filing system since that time.  Further, the Defendants have demonstrated that the documents at issue contain confidential and sensitive business information as well as protected health information of the Plaintiff, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure.  Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these documents is narrowly tailored to serve the interest of protecting the confidential and sensitive nature of these documents.

**IT IS THEREFORE ORDERED** that the Defendants' Motion for Leave to File Under Seal Certain Exhibits and Related Portions of Defendants' Brief in Opposition to Plaintiff's Motion for Class Certification and Brief in Support of Defendants' Motion to Strike Report and Exclude Testimony of Constantijn Panis, Ph.D. [Doc. 169] is **GRANTED**, and the following documents and materials shall be filed under seal until further Order of this Court: the redacted portions of the Defendants' brief in opposition to the Plaintiff's Motion for Class Certification; the redacted portions of Exhibits 1-5, 8, 15, 16, 27, 78, and 79 to the Defendants' brief in opposition to the Plaintiff's

Motion for Class Certification; Exhibits 6, 7, 10-14, 18-21, 24, 25, 28, 29, 33, 36-41, 43, 45, 46, 48, 51-53, 55, 56, 58, 60-63, 65, 66, 68, 70, 71, 73, 75, and 77 to the Defendants' brief in opposition to the Plaintiff's Motion for Class Certification; and the redacted portions of the brief in support of the Defendants' Motion to Strike Report and Exclude Testimony of Constantijn Panis, Ph.D. and the redacted portions of Exhibits 1 and 2 thereto.

**IT IS SO ORDERED.**

Signed: October 3, 2018

Martin Reidinger
United States District Judge