# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:15-cv-00109-MR

| | |
|---|---|
| SANDRA M. PETERS, on behalf of herself and all others similarly situated, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>AETNA INC., AETNA LIFE INSURANCE COMPANY, and OPTUMHEALTH CARE SOLUTIONS, INC., )<br>)<br>)<br>)<br>)<br>Defendants. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the parties' Joint Motion for Leave to File Under Seal Exhibits and Related Portions of Plaintiff's Response to Defendants' Motion to Strike Report and Exclude Testimony of Constantijn Panis, Ph.D. [Doc. 174] and the parties' Joint Motion for Leave to File Under Seal Exhibits and Portions of Plaintiff's Reply in Support of Class Certification [Doc. 178].

The parties jointly move to seal portions of the exhibits and portions of the brief filed in opposition to the Defendants' motion challenging the testimony of the Plaintiff's expert and portions of the exhibits and portion of

the brief filed in further support of the Plaintiff's motion for class certification. [Docs. 174, 178].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents

and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the parties' motions. The parties filed their motions on October 5 and 9, 2018, respectively, and such motions have been accessible to the public through the Court's electronic case filing system since that time. Further, the parties have demonstrated that the documents at issue contain confidential and sensitive business information as well as protected health information of non-parties, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these documents is narrowly tailored to serve the interest of protecting the confidential and sensitive nature of these documents.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion for Leave to File Under Seal Exhibits and Related Portions of Plaintiff's Response to Defendants' Motion to Strike Report and Exclude Testimony of Constantijn Panis, Ph.D. [Doc. 174] and the parties' Joint Motion for Leave to File Under Seal Exhibits and Portions of Plaintiff's Reply in Support of Class Certification

[Doc. 178] are **GRANTED**, and the following documents and materials shall be filed under seal until further Order of this Court: the redacted portions of the Plaintiff's Response to Defendants' Motion to Strike Report and Exclude Testimony of Constantijn Panis, Ph.D., and the redacted portions of Exhibits 1 and 2 thereto; and the redacted portions of the Plaintiff's Reply in Support of Class Certification, and the redacted portions of Exhibits 1 and 2 thereto.

**IT IS SO ORDERED.**

Signed: October 10, 2018

Martin Reidinger
United States District Judge