UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| SANDRA M. PETERS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>AETNA INC., AETNA LIFE INSURANCE COMPANY, and OPTUMHEALTH CARE SOLUTIONS, INC.,<br><br>Defendants. | Case No. 1:15-cv-00109-MR |

## DECLARATION OF REBECCA L. GAUTHIER IN SUPPORT OF OPTUM'S MEMORANDUM SUPPORTING ITS MOTION FOR SUMMARY JUDGMENT

I, Rebecca L. Gauthier, declare as follows:

1. I am over 18 years of age. I am an attorney licensed to practice in the State of North Carolina and in the State of New York. I am an associate at the law firm of Alston & Bird LLP, and I am counsel of record in the above-captioned action for Defendant OptumHealth Care Solutions, Inc. I have personal knowledge of the facts set forth below.

2. Exhibit 1 is a true and correct copy of excerpts from the deposition of Sandra M. Peters in this litigation.

3. Exhibit 2 is a true and correct copy of excerpts from the 30(b)(6) deposition of Aetna in this litigation.

4. Exhibit 3 is a true and correct copy of excerpts from the deposition of Cyndy Kilpinen in this litigation.

5. Exhibit 4 is a true and correct copy of the June 8, 2018 Expert Report of Dr. Daniel P. Kessler marked as Exhibit 213 to the Kessler deposition in this litigation.

6. Exhibit 5 is a true and correct copy of a document at the Bates range AETNA-PETERS-00015288 through AETNA-PETERS-00015292 that Aetna produced in this litigation and that is Exhibit 1 to the deposition of Dawn Waggoner in this litigation.

7. Exhibit 6 is a true and correct copy of excerpts from the deposition of Shiron Hagens in this litigation.

8. Exhibit 7 is a true and correct copy of a January 11, 2012 email and attached Excel spreadsheet that Aetna produced in this litigation at the Bates range AETNA-PETERS-00015341 through AETNA-PETERS-00015342 and AETNA-PETERS-00015343. Because the spreadsheet was produced in native format, a true and correct PDF version has been included along with the Bates-labeled cover sheet.

9. Exhibit 8 is a true and correct copy of excerpts from the deposition of Theresa Eichten in this litigation.

10. Exhibit 9 is a true and correct copy of excerpts from the deposition of Jennifer Cross Hennigan in this litigation.

11. Exhibit 10 is a true and correct copy of excerpts from the deposition of Dawn Waggoner in this litigation.

12. Exhibit 11 is a true and correct copy of excerpts from the 30(b)(6) deposition of Optum in this litigation.

13. Exhibit 12 is a true and correct copy of a document Bates-numbered AETNA-PETERS-00032583 and AETNA-PETERS-32588 that Aetna produced in this litigation and that is an excerpt from Exhibit 58 to the deposition of Shiron Hagens in this litigation.

14. Exhibit 13 is a true and correct copy of a document at the Bates range AETNA-PETERS-00003056 through AETNA-PETERS-00003059 that Aetna produced in this litigation and that is Exhibit 9 to the deposition of Dawn Waggoner in this litigation (and Exhibit 126 to the 30(b)(6) deposition of Aetna in this litigation).

15. Exhibit 14 is a true and correct copy of a document at the Bates range OPTUM-PETERS-000040745 through OPTUM-PETERS-000040749 that Optum produced in this litigation and that is Exhibit 45 to the deposition of Theresa Eichten in this litigation.

16. Exhibit 15 is a true and correct copy of excerpts from the deposition of David Elton in this litigation.

17. Exhibit 16 is a true and correct copy of Theresa Eichten's September 7, 2018 Declaration.

18. Exhibit 17 is a true and correct copy of a document at the Bates range AETNA-PETERS-00002771 through AETNA-PETERS-00002945 that Aetna produced in this litigation and that is Exhibit 127 to the 30(b)(6) deposition of Aetna in this litigation.

19. Exhibit 18 is a true and correct copy of a Summary Table based on the September 7, 2018 Declaration of Theresa Eichten (Exhibit 16) and Exhibit 207 to the deposition of Dr. Constantijn Panis in this litigation.

20. Exhibit 19 is a true and correct copy of a document at the Bates range AETNA-PETERS-00002946 through AETNA-PETERS-00003017 that Aetna produced in this litigation and that is Exhibit 133 to the 30(b)(6) deposition of Aetna in this litigation.

21. Exhibit 20 is a true and correct copy of excerpts from the deposition of Dr. Constantijn Panis in this litigation.

22. Exhibit 21 is a true and correct copy of the April 15, 2012 Provider Agreement between Aetna and Optum—produced by Aetna in this litigation at Bates range AETNA-PETERS-00000619 through AETNA-PETERS-00000851—which is Exhibit 4 to the deposition of Dawn Waggoner in this litigation.

23. Exhibit 22 is a true and correct copy of the June 1, 2013 Provider Agreement between Aetna and Optum—produced by Aetna in this litigation at Bates range AETNA-PETERS-00001648 through AETNA-PETERS-00001749—which is Exhibit 6 to the deposition of Dawn Waggoner in this litigation.

24. Exhibit 23 is a true and correct copy of the July 1, 2016 Amendment No. 4 to June 1, 2013 Provider Agreement—produced by Optum in this litigation at Bates range OPTUM-PETERS-000000364 through OPTUM-PETERS-000000432—which is Exhibit 63 to the deposition of Ellen Gallagher in this litigation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed February 1, 2019.

*/s/ Rebecca L. Gauthier*
Rebecca L. Gauthier