# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:15-cv-00109-MR

SANDRA M. PETERS, on behalf of )
herself and all others similarly )
situated, )
　 )
　　　　　　Plaintiff, )
　 )
　　　　vs. )　　　　　　**O R D E R**
　 )
AETNA INC., AETNA LIFE )
INSURANCE COMPANY, and )
OPTUMHEALTH CARE SOLUTIONS, )
INC., )
　 )
　　　　　　Defendants. )
_____ )

**THIS MATTER** is before the Court on the parties' Joint Motion for

Leave to File Under Seal Certain Exhibits and Related Portions of Plaintiff's

Brief in Opposition to Optum's Motion for Summary Judgment [Doc. 198].

The parties jointly move to seal portions of certain exhibits and portions

of the brief filed in opposition to Optum's Motion for Summary Judgment.

[Doc. 198].  While the parties agree that certain exhibits should be sealed,

the Plaintiff objects to the redactions to her brief.  [Id. at 3].

The press and the public have, under both the First Amendment and

the common law, a qualified right of access to judicial documents and

records filed in civil and criminal proceedings.  <u>Doe v. Public Citizen</u>, 749 F.3d 246, 265 (4th Cir. 2014).  "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'"  <u>Id.</u> at 265-66 (quoting in part <u>Rushford v. New Yorker Magazine, Inc.</u>, 846 F.2d 249, 253 (4th Cir. 1988)).  The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'"  <u>Id.</u> at 266 (quoting in part <u>In re Wash. Post Co.</u>, 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives."  <u>Ashcraft v. Conoco, Inc.</u>, 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the parties' motions.  The parties filed their motion on March 15, 2019, and such motion has been accessible to the

public through the Court's electronic case filing system since that time. Further, the parties have demonstrated that the documents at issue (and the portions of those documents directly quoted in the Plaintiff's Brief) contain confidential and sensitive business information as well as protected health information of non-parties, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these documents is narrowly tailored to serve the interest of protecting the confidential and sensitive nature of these documents.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion for Leave to File Under Seal Certain Exhibits and Related Portions of Plaintiff's Brief in Opposition to Optum's Motion for Summary Judgment [Doc. 198] is **GRANTED**, and the exhibits and portions of the Plaintiff's Brief identified in the table set forth in the parties' Motion to Seal [Doc. 198 at 2-3] shall be sealed until further Order of this Court.

**IT IS SO ORDERED.**    Signed: March 21, 2019

Martin Reidinger
United States District Judge