IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:15-cv-00109-MR

SANDRA M. PETERS, on behalf of  )
herself and all others similarly  )
situated,  )
                                                         )
                Plaintiff,  )
                                                         )
     vs.  )        <u>O R D E R</u>
                                                         )
AETNA INC., AETNA LIFE  )
INSURANCE COMPANY, and  )
OPTUMHEALTH CARE SOLUTIONS,  )
INC.,  )
                                                         )
              Defendants.  )
_____ )

**THIS MATTER** is before the Court on the Defendants' Motion for Leave to File under Seal Certain Exhibits and Related Portions of Aetna's Brief in Support of Its Motion for Summary Judgment [Doc. 226].

The Defendants move for leave to file a redacted version of Aetna's brief in support of its Motion for Summary Judgment, as well as redacted versions of Exhibits 1, 3, 6, 11, 12, 14, and 16 thereto, and to file fully under seal Exhibits 4, 7, 8, 9, 10, 18, and 19. As grounds for sealing, the Defendants state that these exhibits contain confidential business information, negotiation strategies, pricing information, discussion of internal

processes, and various other information that the Defendants consider proprietary and commercially sensitive. As grounds for redaction of the brief, the Defendants maintain that the brief quotes from or otherwise characterizes the content of these confidential materials. [Doc. 227]. The Plaintiff takes no position as to whether the exhibits attached to Aetna's brief should be sealed, but she objects to the redaction of the brief itself. [See Doc. 226 at 3].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the parties' motions. The parties filed their motion on May 23, 2019, and such motion has been accessible to the public through the Court's electronic case filing system since that time. Further, the Defendants have demonstrated that the documents at issue contain confidential and sensitive business information, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing these exhibits, the Court concludes that sealing of these documents is narrowly tailored to serve the interest of protecting the confidential and sensitive nature of the information contained therein.

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion for Leave to File under Seal Certain Exhibits and Related Portions of Aetna's Brief in Support of Its Motion for Summary Judgment [Doc. 226] is **GRANTED**, and Exhibits 4, 7, 8, 9, 10, 18, and 19; the redacted portions of Aetna's Brief; and the redacted versions of Exhibits 1, 3, 6, 11, 12, 14, and 16 filed in support of Aetna's Motion for Summary Judgment shall be filed under seal under further Order of this Court.

**IT IS SO ORDERED.**

Signed: June 17, 2019

Martin Reidinger
United States District Judge