IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:15-cv-00109-MR

| | |
|---|---|
| SANDRA M. PETERS, on behalf of herself and all others similarly situated, ) ) ) ) Plaintiff, ) ) vs. ) ) AETNA INC., AETNA LIFE ) INSURANCE COMPANY, and ) OPTUMHEALTH CARE SOLUTIONS, ) INC., ) ) Defendants. ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the parties' Joint Motion for Leave to File under Seal Certain Exhibits and Related Portions of Plaintiff's Brief in Opposition to Aetna's Motion for Summary Judgment [Doc. 231].

The parties move for leave to file a redacted version of Plaintiff's brief in opposition to Aetna's Motion for Summary Judgment, as well as sealed or redacted versions of certain exhibits attached thereto. As grounds for sealing, the Defendants state that these exhibits contain personal health information and confidential business information -- including negotiation strategies, pricing information, discussion of internal processes -- that the

Defendants consider proprietary and commercially sensitive. As grounds for redaction of the brief, the Defendants maintain that the brief quotes from or otherwise characterizes the content of these confidential materials. [Doc. 234]. The Plaintiff takes no position as to whether the exhibits attached to her brief should be sealed or redacted, but she objects to the redaction of the brief itself. [See Doc. 231 at 3].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow

interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the parties' motions. The parties filed their motion on June 13, 2019, and such motion has been accessible to the public through the Court's electronic case filing system since that time. Further, the parties have demonstrated that the documents at issue contain confidential business information and personal health information, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing these exhibits, the Court concludes that sealing of these documents is narrowly tailored to serve the interest of protecting the confidential and sensitive nature of the information contained therein.

**IT IS, THEREFORE, ORDERED** that the parties' Joint Motion for Leave to File under Seal Certain Exhibits and Related Portions of Plaintiff's Brief in Opposition to Aetna's Motion for Summary Judgment [Doc. 231] is

**GRANTED**, and Exhibits 3, 4, 5, 6, 7, 8, 9, 10, 20, 21, 25, and 32; the redacted portions of Plaintiff's Brief; and the redacted versions of Exhibits 2, 12, 13, 14, 15, 23, 28, and 31 filed in support of Plaintiff's Brief in Opposition shall be filed under seal under further Order of this Court.

**IT IS SO ORDERED.**

Signed: June 19, 2019

Martin Reidinger
United States District Judge