# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

| | | |
|---|---|---|
| SANDRA M. PETERS, on behalf of herself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:15-cv-00109-MR |
| v. | ) ) | |
| AETNA INC., AETNA LIFE INSURANCE COMPANY, and OPTUMHEALTH CARE SOLUTIONS, INC., | ) ) ) ) ) | |
| Defendants. | ) ) ) ) | |

# DEFENDANTS' SURREPLY OPPOSING
# PETERS'S MOTION FOR CLASS CERTIFICATION

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................ 1

ARGUMENT ...................................................................................................................... 1

    1.    The Fourth Circuit's unpublished (non-precedential) opinion in *Amazon.com, Inc. v. WDC Holdings LLC* says nothing about tracing rules under ERISA. ............................................................................ 1

    2.    The Fourth Circuit has never addressed the Supreme Court's decisions in *Thole, TransUnion*, or *California*. ................................... 4

    3.    Reasonable compensation is not an affirmative defense under ERISA § 502(a)(3) ............................................................................. 5

    4.    Peters lacks Article III standing to seek declaratory or injunctive relief ........................................................................................................ 7

CONCLUSION ................................................................................................................... 7

Case 1:15-cv-00109-MR   Document 267   Filed 10/26/21   Page 2 of 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. GreatBanc Tr. Co.*,
   835 F.3d 670 (7th Cir. 2016) ................................................................................. 5

*Amazon.com, Inc. v. WDC Holdings LLC*,
   No. 20-1743, 2021 WL 3878403 (4th Cir. Aug. 31, 2021) ...................................... 1, 2

*Comcast Corp. v. Behrend*,
   569 U.S. 27 (2013) .................................................................................................. 4

*Fernandez v. Keisler*,
   502 F.3d 337 (4th Cir. 2007) .................................................................................. 5

*FTC v. Bronson Partners, LLC*,
   654 F.3d 359 (2d Cir. 2011) .................................................................................. 2, 3

*Gunnells v. Healthplan Servs., Inc.*,
   348 F.3d 417 (4th Cir. 2013) .................................................................................. 4

*Hans v. Tharaldson*,
   No. 05-cv-115, 2011 WL 7179644 (D.N.D. Oct. 31, 2011) ...................................... 6

*Peters v. Aetna*,
   2 F.4th 199 (4th Cir. 2021) .................................................................................... 7

*Std. Fire Ins. Co. v. Knowles*,
   568 U.S. 588 (2013) ................................................................................................ 6

*Teets v. Great-W. Life & Annuity Ins. Co.*,
   921 F.3d 1200 (10th Cir. 2019) .............................................................................. 2, 3

*United States v. Cortez*,
   930 F.3d 350 (4th Cir. 2019) .................................................................................. 1

*United States v. Horton*,
   693 F.3d 463 (4th Cir. 2012) .................................................................................. 5

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011) ................................................................................................ 4

**Statutes & Rules**

ERISA § 502(a)(3) ................................................................................................ 1, 3, 5, 6

Fed. R. Civ. P. 15(a) ................................................................................................. 6

Fed. R. Civ. P. 23 ................................................................................................... 4, 7

## INTRODUCTION

In her reply supporting her motion for class certification (Dkt. 262), Peters plays fast and loose with the Fourth Circuit's decision in this case, controlling precedents (from the Supreme Court and the Fourth Circuit) that foreclose class certification, and the evidence. Aetna and Optum will not respond to all of Peters's mischaracterizations, but Peters has made new arguments in her reply that warrant a brief response.

## ARGUMENT

**1. The Fourth Circuit's unpublished (non-precedential) opinion in *Amazon.com, Inc. v. WDC Holdings LLC* says nothing about tracing rules under ERISA.**

One of Peters's lead arguments in her reply is that the Fourth Circuit in *Amazon.com, Inc. v. WDC Holdings LLC*, No. 20-1743, 2021 WL 3878403, at *6 (4th Cir. Aug. 31, 2021) (per curiam) held that equitable disgorgement under ERISA § 502(a)(3) "does not require tracing of specific funds in a defendant's possession." Reply 2, 11 (quoting *Amazon.com*) (in turn citing *FTC v. Bronson Partners, LLC*, 654 F.3d 359, 374 (2d Cir. 2011)). Peters goes so far as to suggest that Defendants' counsel might have breached an ethical obligation by not citing the *Amazon* decision in their supplemental opposition. Reply 2.

In fact, it is Peters's counsel who have mischaracterized *Amazon.com*. First, the opinion is an unpublished per curiam decision, so it is not precedential, much less "dispositive." Reply 2; *United States v. Cortez*, 930 F.3d 350, 362 n.2 (4th Cir. 2019)

("unpublished opinions are not binding in this [c]ircuit"). Defendants had no obligation to cite a non-precedential decision.

Second, and more important, the decision is not about equitable remedies under ERISA—the relief Peters claims to be seeking here—but rather about equitable remedies under Virginia law. In discussing Virginia law, the Fourth Circuit made the statement that "disgorgement does not require tracing of specific funds in a defendant's possession" and cited the Second Circuit's decision in *Bronson Partners*. *Amazon.com*, 2021 WL 3878403, at *6. But if Peters's counsel had read *Bronson Partners*, they would know that the Second Circuit was discussing equitable disgorgement, not under ERISA, but under the FTC Act. In fact, the Second Circuit went out of its way to distinguish equitable disgorgement under the FTC Act from other forms of equitable disgorgement (including under ERISA). *Bronson Partners*, 654 F.3d at 370–74; *see also id.* at 372 ("disgorgement is a distinctly public-regarding remedy, available only to government entities seeking to enforce explicit statutory provisions"). Nothing in the Fourth Circuit's unpublished opinion in *Amazon.com* upends the tracing rules that apply to equitable disgorgement under ERISA.

On the contrary, Peters's reliance on *Amazon.com* only underscores her misunderstanding of the equitable remedies available under ERISA. Under ERISA, "[t]he tracing requirement . . . for equitable restitution also applies to accounting and disgorgement of profits but may be modified in certain limited circumstances." *Teets v. Great-W. Life & Annuity Ins. Co.*, 921 F.3d 1200, 1225 (10th Cir. 2019) (citing *Great-W.*

2

*Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 214 n.2 (2002)). "If, for example, a plaintiff is entitled to a constructive trust on a particular property held by the defendant, he may also recover profits produced by the defendant's use of that property, even if he cannot identify a particular res containing the profits sought to be recovered." *Teets*, 921 F.3d at 1225 (quoting *Knudson*, 534 U.S. at 214 n.2). "To qualify for this remedy in equity, the plaintiff still must show entitlement 'to a constructive trust on particular property held by the defendant' that the defendant used to generate the profits." *Id.* at 1226 (quoting *Knudson*, 534 U.S. at 214). "Accordingly, without a particular profit-generating *res*, a claim for payment out of the defendant's general assets is a request for legal relief rather than for equitable accounting or disgorgement of profits and cannot be awarded under § 502(a)(3)." *Id.*

Peters has never tried to satisfy that tracing requirement for any "equitable" monetary remedy. On the contrary, she has argued all along that no tracing rules apply to the remedies that she seeks. *See* Dkt. 199 at 24 (arguing that "Optum's discussion about requiring tracing is irrelevant to disgorgement"); Dkt. 179 at 20 (same). In her reply, she relies on *Bronson Partners* to argue that she can trace through classwide proof (Reply at 15–16), but as discussed, *Bronson Partners* is not about tracing rules under ERISA and did not impose a tracing requirement on the FTC. And Peters misrepresents the record when she argues that "Optum does not dispute that the funds are in its bank account." Reply 16. In fact, Optum has put on evidence to the contrary. *See generally* Dkt. 172-55 (Ex. 79) ¶ 8 ("Aetna's documentation for a deposit does not tell Optum

3

which claims the deposit covers.") *id.* ¶ 9 ("Optum never receives a payment from an Aetna member or Aetna plan sponsor.").

Peters also argues alternatively that "even if Defendants could successfully raise individualized questions as to the ultimate award of damages or equitable relief under ERISA, 'the need for individualized proof of damages will *not* defeat class certification.'" Reply 9 (quoting *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 429 (4th Cir. 2003) (emphasis in original)). She misses the point: Determining whether any particular plan member is entitled to *any* monetary recovery would require an individualized inquiry into, among other things, the member's plan terms claims history, any payments from Aetna to Optum, any profit on the claims, and whether any profit was ill-gotten in the equity sense. It is not just a matter of fixing damages.

But even if it were, individualized damages issues preclude class certification. *See Comcast Corp. v. Behrend*, 569 U.S. 27, 35–38 (2013). *Gunnells* is from the pre-*Dukes*, pre-*Comcast* era in which the Fourth Circuit taught that "federal courts should give Rule 23 a liberal rather than a restrictive construction." 348 F.3d at 424. The Supreme Court has since rejected that approach. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–51 (2011); *Comcast*, 569 U.S. at 33–34.

### 2. The Fourth Circuit has never addressed the Supreme Court's decisions in *Thole*, *TransUnion*, or *California*.

Peters also argues for the first time that the "Fourth Circuit considered [*Thole*, *TransUnion*, and *California*] and rejected Defendants' strained reading of them." Reply 2.

4

That is false. The Fourth Circuit has never addressed those decisions. Inasmuch as

Peters suggests that the Fourth Circuit's silence counts as rejection, the Fourth Circuit

has said too many times to count that it does not decide issues by silence. *See, e.g.,*

*Fernandez v. Keisler*, 502 F.3d 337, 343 n.2 (4th Cir. 2007) (rejecting notion that "what

[the Fourth Circuit] *did not do or say*" creates binding precedent); *United States v. Horton*,

693 F.3d 463, 479 n.16 (4th Cir. 2012) ("a *sub silentio* holding is not binding precedent").

### 3. Reasonable compensation is not an affirmative defense under ERISA § 502(a)(3).

Contrary to Peters's argument, the only remaining claim against Optum is

Peters's unpleaded claim for nonfiduciary liability under ERISA § 502(a)(3). (Peters

lacks standing to sue for injunctive or declaratory relief. *See* Dkt. 259 at 3–4; Section 4

below.)

In any event, Peters argues that Defendants "waived" any reasonable-

compensation defense by not pleading reasonable compensation as an affirmative

defense. Setting aside that Peters did not *plead* a Section 406 claim against Aetna or

Optum, Peters mischaracterizes the law. Reasonable compensation is not an affirmative

defense to a claim for nonfiduciary liability under ERISA § 502(a)(3). Peters has never

cited a case holding otherwise. The one out-of-circuit ERISA case that Peters cites in

her reply—*Allen v. GreatBanc Tr. Co.*, 835 F.3d 670, 676 (7th Cir. 2016)—is about claims

against *fiduciaries*, not claims against nonfiduciaries under § 502(a)(3). For a nonfiduciary

to be liable under § 502(a)(3), the nonfiduciary "must be demonstrated to have had

actual or constructive knowledge of the circumstances that rendered the transaction unlawful." *Harris Trust & Sav. Bank v. Salomon Smith Barney Inc.*, 530 U.S. 238, 251 (2000). That requires the plaintiff to prove that the nonfiduciary knew not only that the transaction was technically prohibited by § 406 but also that the transaction was not subject to any exemption under § 408. *See Hans v. Tharaldson*, No. 05-cv-115, 2011 WL 7179644, at *16 (D.N.D. Oct. 31, 2011). After all, an exempt transaction is not "unlawful" under ERISA. Accordingly, Peters had to prove that Optum knowingly participated in a prohibited transaction that was not exempted under § 408; that required proof that, among other things, Optum's compensation was unreasonable and Optum knew as much.

The only evidence in the record proves that Optum's fees were reasonable (*see* Dkt. 207 at 22–25), and Peters has not come forward with countermanding evidence even though she bears the burden of proving her entitlement to equitable monetary relief under ERISA § 502(a)(3). Each putative class member would face the same hurdles if they ever had a live claim in this case. But as of now, no other plaintiff is part of the litigation, so Optum could not have possibly waived any nonexistent "affirmative defense" under ERISA § 502(a)(3) to other putative class members' claims. *See Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013) ("[A] nonnamed class member is [not] a party to the class-action litigation *before the class is certified*.") (emphasis in original). And even if this Court were to hold for the first time that reasonable compensation is an affirmative defense to Peters's individual unpleaded claim for nonfiduciary liability, the

6

Court should permit Optum to press the defense against Peters's individual claims. *See* Fed. R. Civ. P. 15(a) ("The court should freely give leave [to amend] when justice so requires.").

### 4. Peters lacks Article III standing to seek declaratory or injunctive relief.

Peters concedes that she is a former plan participant, and she never engages with the cases that Aetna and Optum cite holding that former plan participants lack standing to seek declaratory or injunctive relief. *See* Dkt. 259 at 4–5. Instead, she suggests that the Fourth Circuit allowed her to seek injunctive and declaratory relief for potential harm to the Mars Plan. Reply 19. On the contrary, the Fourth Circuit questioned Peters's standing for those claims. *Peters v. Aetna*, 2 F.4th 199, 221 n.11 (4th Cir. 2021).

Peters also makes the frivolous argument that she has "a risk of future harm" because Defendants could attempt to collect on within-deductible charges relating to a seven-year-old benefits claim. Reply 18. The evidence shows that Optum has understood all along that it did not get paid on within-deductible claims and could not collect payment from Aetna plan members. *See* Dkt. 207 at 5–6 (citing multiple exhibits). Peters lacks Article III standing to seek declaratory or injunctive relief.

## CONCLUSION

Peters suffered no injury and lacks standing to seek relief for herself or anyone else. Her proposed classes fail to satisfy Rule 23. The Court should deny Peters's motion for class certification.

Dated: October 26, 2021

Respectfully submitted,

/s/ *E. Thomison Holman*
E. Thomison Holman
  NC Bar No. 19380
HOLMAN LAW, PLLC
56 College Street, Suite 302
Asheville, NC 28801
tom@holmanlawwnc.com
(828) 252-7381
(828) 252-5018 (fax)

Earl B. Austin (*pro hac vice*)
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112
earl.austin@bakerbotts.com
(212) 408-2500
(212) 408-2501 (fax)

*Counsel for Defendants Aetna Inc.*
*and Aetna Life Insurance Company*

/s/ *Brian D. Boone*
Brian D. Boone
  NC Bar No. 38910
Michael R. Hoernlein
  NC Bar No. 40419
Brandon C.E. Springer
  NC Bar No. 54523
ALSTON & BIRD LLP
Bank of America Plaza, Suite 4000
101 South Tryon Street
Charlotte, NC 28280
(704) 444-1000
(704) 444-1111 (fax)
brian.boone@alston.com
michael.hoernlein@alston.com
brandon.springer@alston.com

*Counsel for Defendant*
*OptumHealth Care Solutions, Inc.*

## CERTIFICATE OF COMPLIANCE WITH THE COURT'S RULES

I certify that this brief complies with Local Rule 7.1 and this Court's Pretrial Order and Case Management Plan. It uses Microsoft Word double-spacing and one-inch margins and is in Garamond 14-point font (including footnotes).


Dated: October 26, 2021


/s/ E. Thomison Holman
E. Thomison Holman
  NC Bar No. 19380
HOLMAN LAW, PLLC
56 College Street, Suite 302
Asheville, NC 28801
tom@holmanlawwnc.com
(828) 252-7381
(828) 252-5018 (fax)

*Attorney for Defendants Aetna Inc. and Aetna Life Insurance Company*

9

# CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of October 2021, a copy of the foregoing was electronically filed with the clerk of the court of the United States District Court through the CM/ECF system, which will provide notice to all counsel of record.

/s/ E. Thomison Holman
E. Thomison Holman
 NC Bar No. 19380
HOLMAN LAW, PLLC
56 College Street, Suite 302
Asheville, NC 28801
tom@holmanlawwnc.com
(828) 252-7381
(828) 252-5018 (fax)

*Attorney for Defendants Aetna Inc. and*
*Aetna Life Insurance Company*