UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

|  |  |
|---|---|
| SANDRA M. PETERS, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AETNA INC., AETNA LIFE INSURANCE COMPANY, and OPTUMHEALTH CARE SOLUTIONS, INC., <br><br> Defendants. | Case No. 1:15-cv-00109-MR |

## DEFENDANTS' MOTION FOR STATUS CONFERENCE

Defendants move the Court to hold a status conference at its earliest convenience to address the case schedule going forward, including the schedule for renewed dispositive or other motions and other related proceedings.

Following remand from the Fourth Circuit, Peters purports to seek only equitable relief in the form of (1) disgorgement and surcharge for the return any improper gains and (2) retrospective declaratory and injunctive relief. Dkt. 272 at 12. As to Optum, the only claim certified is Peters's *Harris Trust* theory under ERISA § 502(a)(3) that Optum was a nonfiduciary party interest that engaged in transactions with Aetna prohibited by ERISA § 406(a)(1)(D).

Peters's claims for equitable relief under ERISA present multiple unresolved issues that warrant renewed summary judgment briefing. To give just one example, the Fourth Circuit in *Rose v. PSA Airlines, Inc.*, No. 21-2207, -- F.4th --, 2023 WL 5839282 (4th Cir. Sep. 12, 2023) recently rejected in part its earlier decision in *Peters*.

As Defendants have previously argued, to obtain monetary equitable relief from either Defendant, Peters must show that "money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." *See Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002); *see also Teets v. Great-West Life & Annuity Ins. Co.*, 919 F.3d 1232, 1260 (10th Cir. 2019) (same).[1] She cannot seek recovery from "general assets." *Montanile v. Bd. of Trs. of the Nat'l Elevator Indus. Health Ben. Plan*, 577 U.S. 136, 145 (2016).

Although this Court has not yet addressed the question, the Fourth Circuit's recent decision in *Rose v. PSA Airlines, Inc.* confirms that (among other things) Defendants' arguments about Peters's need to show tracing are correct. The *Rose* court explained the narrow circumstances in which a plaintiff may obtain monetary "equitable relief" under ERISA § 502(a)(3). Consistent with the Supreme Court's decisions in *Mertens v. Hewitt Associates* and *Great-West Life & Annuity Insurance Company v. Knudson*, the Fourth Circuit held that "[a] plaintiff alleging unjust enrichment can get a monetary remedy under ERISA only if she seeks specific funds that are wrongfully in the

---

[1] *See* Dkt. 172 at 34–35; Dkt. 190 at 23; Dkt. 207 at 17–22; Dkt. 259 at 16–18; Dkt. 267 at 1–4; Dkt. 275 at 9–12.

defendant's possession and rightfully belong to her. Courts cannot award her relief that amounts to personal liability paid from the defendant's general assets to make the plaintiff whole." *Rose*, 2023 WL 5839282, at *9.

The *Rose* court went on: "*Great-West* tells us that[] to qualify as 'equitable,' restitutionary relief imposed to remedy unjust enrichment must be *proprietary*, not *personal*: The plaintiff cannot recover out of the defendant's general assets. Instead, the plaintiff must (1) identify certain property or money 'belonging in good conscience' to him, and (2) that property must 'clearly be traced to particular funds or property in the defendant's possession.'" *Id.* at *9 (emphasis in original) (citations omitted).

In that way and others, the Fourth Circuit expressly rejected its prior decision in this case, *Peters v. Aetna, Inc.*, 2 F. 4th 199 (4th Cir. 2021), as well as its decision in *McCravy v. Metropolitan Life Insurance Company*, 690 F.3d 176 (4th Cir. 2012). Both of those decisions relied on dicta in *CIGNA Corporation v. Amara*, 563 U.S. 421 (2011), suggesting (but not holding) that § 502(a)(3) authorized broad make-whole relief. *Rose*, 2023 WL 5839282, at *11–12. Because "the Supreme Court has since acknowledged [in *Montanile*], [that] part of *Amara* was dicta" and "expressly declared that the 'interpretation of equitable relief in *Mertens* [and] *Great-West* . . . *remains unchanged*,'" plaintiffs who seek monetary equitable relief under § 502(a)(3) must "trace those [alleged] unjust gains to 'specifically identified funds that remain in the defendant's possession or against traceable items that the defendant purchased with the funds.'" *Rose*, 2023 WL 5839282, at *12 (quoting *Montanile*, 577 U.S. at 144–45) (emphasis in original); *see also Thorn v.*

3

*Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 332 (4th Cir. 2006) (proposed class failed to show that alleged "premium overcharges [were] traceable").

In short, the Fourth Circuit has disavowed its earlier reasoning and decision in *Peters* and made clear that a plaintiff seeking monetary relief under ERISA § 502(a)(3) must satisfy the tracing requirements for equitable relief. Defendants request the opportunity to file renewed dispositive motions on that and various other outstanding issues presented by Peters's claims for equitable relief and ask the Court to hold a status conference to address the schedule going forward.

Dated: September 25, 2023

Respectfully submitted,

/s/ *E. Thomison Holman*
E. Thomison Holman
  NC Bar No. 19380
HOLMAN LAW, PLLC
56 College Street, Suite 302
Asheville, NC 28801
tom@holmanlawwnc.com
(828) 252-7381
(828) 252-5018 (fax)

Earl B. Austin (*pro hac vice*)
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112
earl.austin@bakerbotts.com
(212) 408-2500
(212) 408-2501 (fax)

*Counsel for Defendants Aetna Inc.*
*and Aetna Life Insurance Company*

/s/ Brian D. Boone
Brian D. Boone
  NC Bar No. 38910
Michael R. Hoernlein
  NC Bar No. 40419
Brandon C.E. Springer
  NC Bar No. 54523
ALSTON & BIRD LLP
1120 South Tryon Street, Suite 300
Charlotte, NC 28203
(704) 444-1000
(704) 444-1111 (fax)
brian.boone@alston.com
michael.hoernlein@alston.com
brandon.springer@alston.com

*Counsel for Defendant*
*OptumHealth Care Solutions, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of September 2023, a copy of the foregoing was electronically filed with the clerk of the court of the United States District Court, Western District of North Carolina, Asheville Division, and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Brian D. Boone*
Brian D. Boone
  NC Bar No. 38910

*Counsel for Defendant*
*OptumHealth Care Solutions, Inc.*