# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## Case No. 1:15-cv-00109-MR

| | |
|---|---|
| SANDRA M. PETERS, on behalf of herself and all others similarly situated, | |
| Plaintiff, | **JOINT STATUS UPDATE** |
| v. | |
| AETNA INC., AETNA LIFE INSURANCE COMPANY, and OPTUMHEALTH CARE SOLUTIONS, INC., | |
| Defendants. | |

Pursuant to the Court's March 19, 2024 text-only order, Plaintiff Sandra Peters ("Plaintiff") and Defendants Aetna Inc., Aetna Life Insurance Company, and OptumHealth Care Solutions (collectively "Defendants") jointly provide the Court with the following statement of the issues to be addressed at the upcoming April 30, 2024 status conference, as well as the points of agreement and disagreement between the parties.

Since their March 14, 2024 status update, the parties' settlement efforts have intensified. Specifically, (i) Plaintiff has made a settlement demand, (ii) Aetna has countered Plaintiff's demand, and (iii) the parties have met, telephonically and by videoconference, on multiple occasions, about how they might structure a resolution. If the parties have reached an agreement in principle or are on the precipice of

reaching an agreement in principle before the April 30 status conference, the parties will advise the Court.

Absent a settlement agreement in principle on or before April 30, the parties will be prepared to address the following issues:

**Plaintiff's List Of Issues To Be Addressed At Status Conference:**

(1) <u>Supplementation of class information.</u> The supplemental production of information, including Optum's supplemental data, to identify all class members who should receive notice for the entire class period. If the parties are unable to agree on the scope and nature of such supplemental production, Plaintiff requests that the Court order briefing on a motion to compel production of updated class information.

(2) <u>Class notice.</u> After receiving the necessary data and information, class notice must be finalized and sent before the litigation can continue. Dkt. 272. Plaintiff proposes to file a final class notice for the Court's consideration within fourteen (14) days of receipt of the information necessary to identify all class members who should receive notice.

(3) <u>Post-notice trial calendaring.</u> Plaintiff's position is that after class notice is completed, this case, which has been pending since 2015, should proceed to trial. At the status conference, Plaintiff will be prepared to address what a trial in this ERISA case should look like and requests that the Court set

dates for pretrial submissions and trial. Plaintiff intends to propose that this ERISA bench trial be conducted on the written record pursuant to Federal Rule of Civil Procedure 52. *See e.g., Pinario v. Prudential Ins. Co. of Am.*, 2009 WL 10705395, at *3 (E.D.N.C. July 23, 2009) (conducting an ERISA trial on the written record under Rule 52 through the plaintiff's Rule 52 motion for judgment).

(4) Plaintiff strenuously disagrees with Defendants' characterization that she has created any "obstacle to meaningful conversation about what the case should look like going forward." During the parties' recent meet-and-confer, Plaintiff advised Defendants of her understanding that, for this filing, the Court requested a concise list of issues to be discussed at the upcoming status conference, rather than setting out arguments that the parties have already briefed, most recently in Dkt Nos. 288, 290, and 292. Accordingly, Plaintiff does not respond here to Defendants' substantive legal arguments.

Plaintiff opposes another round of summary judgment briefing based on *Rose v. PSA Airlines, Inc.*, 80 F.4th 488 (4th Cir. 2023), for the reasons stated in Dkt. No. 290. Plaintiff also opposes another round of summary judgment briefing on all the other issues raised by Defendants below. Defendants have already raised those issues to this Court and/or the Fourth

Circuit, and would have full opportunity to address them again in trial briefing.

Plaintiff agrees with the Court that issuance of notice to the classes should occur next. Plaintiff will be prepared to address all these issues at the status conference.

**Defendants' List Of Issues To Be Addressed At Status Conference:**

(1) Dispositive Motions

Defendants request the opportunity to file renewed dispositive motions on the remaining claims. Because the Court previously denied class certification before addressing summary judgment only as to Peters's claims, Defendants are entitled to seek summary judgment on *all* remaining claims because neither the Court nor the Fourth Circuit has decided whether the classes (as opposed to Peters alone) have sufficient evidence to withstand summary judgment on each claim. *See Thomas v. FTS USA, LLC*, 193 F. Supp. 3d 623, 626 (E.D. Va. 2016) (noting the Court's prior grant of leave for Defendants' filing of a second motion for summary judgment post-certification); *Lossia v. Flagstar Bancorp., Inc.*, No. 15-12540, 2016 WL 4169145, at *1 (E.D. Mich. Aug. 5, 2016) ("[O]ne Rule 56 motion in connection with plaintiffs' individual claims and one additional motion in the event that class certification is granted, promotes the underlying goals of efficiency and economical use of judicial resources underlying class action litigation.").

In any event, Defendants would focus their summary judgment motions on arguments that neither this Court nor the Fourth Circuit has previously passed on. That includes, but is not limited to, arguments on the following unresolved issues:

- Whether members of either the Member Claim Class or Plan Claim Class can trace any claimed monetary remedy to specific funds in Defendants' possession as required under *Rose v. PSA Airlines, Inc.*, 80 F.4th 488 (4th Cir. 2023), *cert denied*, No. 23-734, 2024 U.S. LEXIS 1730 (U.S. Apr. 15, 2024);
- Whether members of the Member Claim Class have sufficient evidence to create genuine disputes of material fact on their (ambiguous) claims for "declaratory and non-prospective injunctive relief";
- Whether the payments in question are plan assets under ERISA § 406(a)(1)(D);
- Whether Optum's fees constituted reasonable compensation for access to its network of providers;
- Whether Peters can establish that either Defendant made any profit sufficient to support an award of equitable monetary relief under ERISA and how any alleged profit should be calculated;
- How any alleged profit earned could be unjust under the circumstances; and
- Whether Optum can face any liability vis-a-vis the Plan Claim Class given that it served no fiduciary function for the challenged conduct.

5

In addition, in the course of the parties' discussions regarding settlement and class notice, an issue has arisen regarding the proper time period covered by the two classes and appropriate for class notice. Aetna updated its Plan Administration Information disclosures, template Master Services Agreement and template Summary Plan Description between 2015 and 2018 to provide that Aetna may contract with vendors who are responsible for contracting with healthcare providers and that the rate Aetna pays to the vendors and charged to the plans includes an administrative fee for any delegated services by the vendor. Aetna revised its Plan Administration Information disclosures to self-funded plans beginning in plan year 2015. Aetna similarly revised its template Master Services Agreement and template Summary Plan Description for the 2018 plan year. Based on those materials, Defendants submit that the class periods should end on December 31, 2014, for the Plan Class and on December 31, 2017, for the Member Class.

Peters continues to resist summary judgment briefing on those undecided issues by asserting that the issues—and particularly the tracing issue—are governed by "the law of the case." That argument is frivolous and unfortunately has proven an obstacle to meaningful conversation about what the case should look like going forward. Contrary to Peters's assertions, and as Defendants have previously explained (Dkt. 292), the issue of tracing remains unresolved because neither this Court in its previous summary judgment order (Dkt. 242) nor the Fourth Circuit in

*Peters* addressed the tracing question. Indeed, the Fourth Circuit never mentioned the words "trace" or "tracing" or even the tracing doctrine in general, and this Court did not address Defendants' arguments on the issue. There is no "law of the case" on the tracing question here because no court has considered it in this case. *See Seatrain Shipbuilding Corp. v. Shell Oil Co.*, 444 U.S. 572, 597 (1980) ("This issue was not addressed by the Court of Appeals and is open for its consideration on remand."); *Salazar v. Buono*, 559 U.S. 700, 729 (2010) (Scalia, J., concurring) (law-of-the-case doctrine "comes into play only if an issue we are asked to resolve has already been decided in the same litigation"); *Smith v. Bounds*, 813 F.2d 1299, 1306 (4th Cir. 1987) ("The law of the case doctrine does not govern issues which the appellate court did not address."). Peters's argument to the contrary is meritless and a tell that she knows that Defendants' arguments will spell the end of the litigation.

Even if this Court or the *Peters* court had addressed the tracing question, Peters's own cited case makes clear that the law-of-the-case doctrine does not apply when "controlling authority has since made a contrary decision of law applicable to the issue." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2009); *see also United States v. Moreland*, 568 F. Supp. 2d 674, 685 (S.D. W. Va. Apr. 3, 2008) (deviating from mandate when there was a "dramatic change in controlling legal authority"). The Fourth Circuit in *Rose* disavowed its earlier reasoning and decision in *Peters* and made clear that, among other things, a plaintiff seeking monetary relief

7

Case 1:15-cv-00109-MR   Document 299   Filed 04/16/24   Page 7 of 11

under ERISA § 502(a)(3) must—as Defendants have consistently argued[1]—satisfy the tracing requirements for equitable relief. *See* 80 F.4th at 504; Dkt. 288. As Defendants have already previewed (*see* Dkts. 288, 292)—and as they would argue more fulsomely on summary judgment—*Rose* is dispositive of what remains of Peters's claims. Just yesterday, the Supreme Court denied the *Rose* plaintiff's petition for a writ of certiorari, cementing the Fourth Circuit's decision as the law in the Circuit.

Defendants stand ready to move for summary judgment on these and other unresolved arguments and request that the Court set the following briefing schedule for summary judgment even as the parties discuss how to proceed on class notice:

June 30: Deadline for summary judgment motions.

July 31: Deadline for responses to summary judgment motions.

August 21: Deadline for replies supporting summary judgment motions.

At the status conference, Defendants also will be ready to discuss how the remaining legal and factual issues bear on notice to the class.

Respectfully submitted,

Dated: April 16, 2024

---

[1] *See* Dkt. 172 at 34–35; Dkt. 190 at 23; Dkt. 207 at 17–22; Dkt. 259 at 16–18; Dkt. 267 at 1–4; Dkt. 275 at 9–12.

s/ *David Wilkerson*
Larry McDevitt
David M. Wilkerson
Heather Whitaker Goldstein
THE VAN WINKLE LAW FIRM
11 North Market Street
Asheville, NC 28801
(828) 258-2991
lmcdevitt@vwlawfirm.com

D. Brian Hufford (*pro hac vice*)
Jason S. Cowart (*pro hac vice*)
Nell Z. Peyser (*pro hac vice*)
ZUCKERMAN SPAEDER LLP
485 Madison Avenue, 10th Floor
New York, NY 10022
(212) 897-3434
(212) 704-4256 (fax)
dbhufford@zuckerman.com

Andrew N. Goldfarb (*pro hac vice*)
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
(202) 778-1800
(202) 822-8106 (fax)
agoldfarb@zuckerman.com

*Counsel for Plaintiff Sandra M. Peters, on behalf of herself and all others similarly situated*

s/ *E. Thomison Holman*
E. Thomison Holman
 NC Bar No. 19380
HOLMAN LAW, PLLC
56 College Street, Suite 302
Asheville, NC 28801
tom@holmanlawwnc.com
Tel: (828) 252-7381
Fax: (828) 252-5018

Earl B. Austin (*pro hac vice*)
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112
earl.austin@bakerbotts.com
(212) 408-2500
(212) 408-2501 (fax)

*Counsel for Defendants Aetna Inc. and Aetna Life Insurance Company*

s/ *Brian D. Boone*
Brian D. Boone
 NC Bar No. 38910
Michael R. Hoernlein
 NC Bar No. 40419
Brandon C.E. Springer
 NC Bar No. 54523
ALSTON & BIRD LLP
Vantage South End
1120 South Tryon St #300
Charlotte, NC 28203
Tel: (704) 444-1000
Fax: (704) 444-1111
brian.boone@alston.com
michael.hoernlein@alston.com
brandon.springer@alston.com

*Counsel for Defendant*

9

*OptumHealth Care Solutions, Inc.*

## CERTIFICATE OF SERVICE

I certify that on April 16, 2024, I filed and served a copy of the Joint Status Report using the CM/ECF system, which will give notice to counsel of record.


*s/* David M. Wilkerson