IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:15-cv-00109-MR

| | |
|---|---|
| SANDRA M. PETERS, on behalf of herself and all others similarly situated, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>AETNA INC., AETNA LIFE INSURANCE COMPANY, and OPTUMHEALTH CARE SOLUTIONS, INC., )<br>)<br>)<br>)<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Notice of Filing Proposed Class Notice [Doc. 302]; the Defendants' Response and Objections to Plaintiff's Proposed Class Notice [Doc. 303]; and the Plaintiff's Reply in Support of Her Proposed Class Notice [Doc. 304].

On June 5, 2023, the Court entered an Order certifying the following classes:

- Plan Claim Class: All participants or beneficiaries of self-insured ERISA health insurance plans administered by Aetna for which plan responsibility for a claim was assessed using an agreed rate between Optum and Aetna that exceeded the provider's

- contracted rate with Optum for the treatment provided.

- Member Claim Class: All participants or beneficiaries of ERISA health insurance plans insured or administered by Aetna for whom coinsurance responsibility for a claim was assessed using an agreed rate between Optum and Aetna that exceeded the provider's contracted rate with Optum for the treatment provided.

[Doc. 272 at 43-44].

Pursuant to the Pretrial Order and Case Management Plan entered on May 7, 2024, the Plaintiff now submits a proposed class notice. [Doc. 302]. The Defendants object to the Plaintiff's proposed notice, arguing: (1) the proposed class notice does not accurately reflect the Plaintiff's surviving claims and (2) the proposed class notice describes classes that do not satisfy Rule 23's ascertainability and predominance requirements or ERISA's tracing requirements. [Doc. 303 at 1-3]. The Defendants also raise a number of procedural issues related to the logistics of sending out any such proposed notice. [Id. at 4-5]. In response to the Defendant's objection pertaining to the wording of the classes, the Plaintiff proposes to add the phrase "for a claim" to the summary description of the classes set forth in the first bullet point of the notice such that this first bullet reads as follows:

2

> If, in connection with such claims, Aetna imposed a fee for administrative services performed by its vendor OptumHealth Care Solutions, Inc. ("Optum"), you may be a member of the two classes certified by the Court in this lawsuit: (i) a class of plan members who paid more **for a claim** than they should have (referred to herein as the "Member Class"); and/or (ii) a class of plan members whose Aetna Plans paid more **for a claim** than they should have (referred to herein as the "Plan Class").

[See Doc. 304 at 2].

The Court concludes that the language of the Plaintiff's proposed notice, as revised, is appropriate and therefore will authorize distribution of the notice. See Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 172 (1989) (holding a district court has discretion to authorize distribution of a notice it concludes is "timely, accurate, and informative"). As for the Defendant's argument that the proposed class notice describes classes that do not satisfy Rule 23's ascertainability and predominance requirements or ERISA's tracing requirements, this objection merely reasserts the arguments that the Defendants have previously made, both to this Court and the Fourth Circuit, regarding the certification of the classes. These arguments do not require any alteration of the proposed class notice.

3

As for the procedural issues raised by the Defendants, the parties are directed to meet and confer in an expeditious manner to facilitate the prompt service of the class notification on potential class members.

The Plaintiff's proposed notice does not specify a particular notice period. The Court concludes that a forty-five-day notice period is appropriate. See Regan v. City of Charleston, No. 2:13-cv-3046-PMD, 2014 WL 3530135, at *10 (D.S.C. July 16, 2014) ("[D]istrict courts in the Fourth Circuit regularly authorize opt-in periods between thirty and sixty days.").

**IT IS, THEREFORE, ORDERED** that the Defendants' Objections [Doc. 303] to the Plaintiff's proposed notice [Doc. 302] are **SUSTAINED IN PART** to the extent they have been incorporated into the revised proposed notice.

**IT IS FURTHER ORDERED** that Plaintiff's revised proposed notice is **APPROVED**, and the parties shall proceed with the service of the class notification as set forth in the Pretrial Order and Case Management Plan [Doc. 301].

**IT IS SO ORDERED.** Signed: May 27, 2024

Martin Reidinger
Chief United States District Judge