## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:15-cv-00109-MR

| | |
|---|---|
| SANDRA M. PETERS, on behalf of herself and all others similarly situated, ) ) ) ) | |
| Plaintiff, ) ) | **SUPPLEMENTAL PRETRIAL ORDER AND CASE MANAGEMENT PLAN** |
| vs. ) ) | |
| AETNA, INC., AETNA LIFE INSURANCE COMPANY, and OPTUMHEALTH CARE SOLUTIONS, INC., ) ) ) ) | |
| Defendants. ) | |
| _____ ) | |

**IN ACCORDANCE WITH** the Local Rules of the Western District of

North Carolina and pursuant to Rule 16 of the Federal Rules of Civil

Procedure, the undersigned enters the following Supplemental Pretrial Order

and Case Management Plan in this matter.

## I.

The Pretrial Order and Case Management Plan previously

entered in this matter sets forth certain requirements for the

parties to follow in preparing for and trying a civil case

before this Court. These requirements are not a mere

formality but rather are essential to the efficient administration of the trial. To ensure such efficient administration, the Court hereby supplements these requirements so as to better elucidate the parties' responsibilities and the Court's expectations. A party's failure to comply with the requirements set forth in the Pretrial Order and Case Management Plan, as supplemented herein, may subject such party to an administrative fine for interfering with the efficient administration of the trial.

## II. DEPOSITIONS TO BE USED AT TRIAL

A.  Page/line designations for any depositions to be used at trial, whether discovery or *de bene esse* depositions, shall be filed no later than fourteen (14) days before the final pretrial conference. Objections and counter-designations shall be filed no later than seven (7) days before the final pretrial conference, and objections to any such counter-designations shall be filed no later than two (2) business days before the final pretrial conference. Failure to meet these deadlines may result in summary exclusion of the

designated testimony or the summary denial of the objections.

B.    If the parties are unable to resolve all of the objections to the designated deposition testimony, such objections that remain will be resolved at the final pretrial conference. Thus, a copy of the transcript excerpts necessary for the Court to understand such designations and objections must be filed with the Court no later than two (2) business days before the final pretrial conference.

C.    If counsel intends to use deposition or trial testimony given in another case, such designation must be accompanied by a statement as to how counsel contends such testimony is admissible in the present action.

D.    While the parties may present deposition or trial testimony by reading such testimony into the record, the use of video recording is strongly encouraged.

E.    If testimony is presented by video, the video must be edited so as to exclude any testimony for which an objection has been sustained and so that the video can be played without any interruptions.

F.      Before the trial begins, counsel shall provide the Court with an estimate of the length of any deposition or trial testimony to be proffered (e.g., for a video deposition, counsel shall provide the playtime length of the edited video; for a deposition that will be read, counsel shall provide an estimate of the length of time to read the edited transcript into the record).

G.      Any attorney who will appear at trial must attend the final pretrial conference, unless such attorney seeks, in writing, to be excused from such attendance at least one (1) week in advance of the final pretrial conference.

## III.    EXHIBIT LISTS AND EXHIBIT NOTEBOOKS

A.      Final exhibit lists must be submitted before the trial begins. Exhibit lists must follow the format set forth in the Pretrial Order and Case Management Plan.

B.      Exhibit lists must list each exhibit counsel reasonably anticipates using at trial, whether offered as substantive or illustrative evidence, or whether it is to be used on direct or cross-examination or to refresh a witness's recollection.

C.     While exhibit lists should not be under-inclusive, they also

should not be over-inclusive.   Exhibit lists should not

include all exhibits that counsel believes may *possibly* be

used at trial.   If necessary, the parties may supplement

their exhibit lists at trial with additional exhibits upon a

showing of good cause and a lack of surprise or unfair

prejudice to the opponent.   Counsel should prepare exhibit

lists with a few blank spaces at the end to allow for the

exhibit lists to be amended as the trial progresses; counsel

should not file amended exhibit lists in the middle of trial.

D.     The exhibit lists should designate each exhibit individually;

the use of group exhibits (e.g., designating a series of

photographs as one exhibit) is discouraged.   The parties

may, however, designate a group of exhibits in such a way

as to indicate their related nature (e.g., designating a series

of photographs as Exhibit 1A, Exhibit 1B, Exhibit 1C, etc.).

"Catch-all" exhibits (e.g., an exhibit designation of "all

materials provided in discovery") are not permitted.

E.     Exhibit notebooks also must be tendered to the Court

before the beginning of trial.  Such notebooks must contain

5

one clean, legible copy of each exhibit on the party's exhibit list.  For any exhibits that are added during the trial, a copy must be handed up to the Court at or before the time that the particular exhibit is offered.

## IV.    WITNESS LISTS

A.    Witness lists must be filed no later than noon on the business day before the beginning of trial.

B.    Each witness list must identify all persons who may be called to testify at trial.  Any person not so named on a witness list will not be allowed to testify absent a showing of good cause.

C.    Each witness list must identify those witnesses who will be testifying live and those who will be testifying by deposition.

D.    Each witness list must identify any witness that counsel intends to tender as an expert as well as the area of expertise of that witness.

E.    Each witness list must identify all witnesses who will appear at trial pursuant to a trial subpoena.

**IT IS SO ORDERED.**

Signed: November 4, 2024

Martin Reidinger
Chief United States District Judge