# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

| | |
|---|---|
| SANDRA M. PETERS, on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiff,<br>　v.<br>AETNA INC., AETNA LIFE INSURANCE COMPANY, and OPTUMHEALTH CARE SOLUTIONS, INC.,<br><br>　　　　　Defendants. | Case No. 1:15-cv-00109-MR<br><br>**NOTICE OF FILING SETTLEMENT MEMORANDUM FOR PLAINTIFF AND AETNA DEFENDANTS** |

Pursuant to the Court's November 7 Order (Doc. 311), Plaintiff Sandra Peters on behalf of the Classes ("Plaintiff") and Defendants Aetna Inc. and Aetna Life Insurance Company ("Aetna," and together with Plaintiff, the "Settling Parties") respectfully submit under seal as Exhibit 1 an agreement with the material terms of a class settlement (i.e., a "term sheet"). The other defendant, OptumHealth Care Solutions ("Optum"), has not agreed to participate in the settlement.

As explained in the November 6 joint filing (Doc. 310), all parties have been negotiating a settlement for almost a year. The day after the Court's November 7 Order, a draft term sheet was circulated among all parties. Unfortunately, *for the first time*, on the evening of December 2, it became clear that Optum's understanding of

one of the negotiated terms was inconsistent with the understanding of the Settling Parties. Despite vigorous efforts, the parties were unable to resolve this disagreement prior to the deadline for this submission.

In light of these developments, the Settling Parties executed the attached settlement term sheet to resolve Plaintiff's claims against Aetna and are prepared to work together toward finalizing and administering that settlement. To facilitate these activities, and not waste party or judicial resources, the Settling Parties respectfully request that all deadlines in the current schedule (Doc. 308), the November 5 docket entry setting the Final Pretrial Conference, and the Supplemental Pretrial Order and Case Management Plan (Doc. 309) be suspended. The Settling Parties intend to memorialize their settlement in a formal written agreement, and Plaintiff will prepare her motion and legal memorandum seeking preliminary approval of the settlement, as well as a proposed plan of allocation and proposed settlement notice to class members. In light of upcoming commitments of Plaintiff's counsel (including a trial in mid-December), as well as the Settling Parties' holiday-related obligations, the Settling Parties request that Plaintiff be given until January 31, 2025 to file such a motion.

With respect to the claims against Optum, all parties believed until this week that settlement was imminent. As a result, they focused their energies on moving that settlement forward and did not perform various activities that must be completed

prior to a trial—particularly a trial involving only Plaintiff's claims against Optum. In addition, because Optum is not participating in the settlement, it now will be necessary to send notice to the class members explaining the claims against Optum and their related opt-out rights.

The Settling Parties therefore request that pretrial and trial proceedings as between Plaintiff and Optum be deferred until the Court has given final approval to the settlement between the Settling Parties. Aetna in particular is acutely concerned that to proceed with a trial between Plaintiff and Optum, while at the same time working to finalize and administer a settlement as between Plaintiff and Aetna, would be highly prejudicial to Aetna. A principal motivation for settlement was to avoid the time, expense, and uncertainty of a trial; and until the settlement between the Settling Parties has been finally approved, Aetna would face significant potential prejudice from a separate trial against Optum, in which Aetna could be impacted but in which it did not participate. As a practical matter, until its settlement with Plaintiff is complete Aetna will have no choice but to participate in any trial of the merits of this action —a consideration that necessarily would compromise and undermine the settlement. For that reason, the Settling Parties jointly request that they be allowed to complete their settlement—which, as reflected in the term sheet, will bring substantial value to the settlement classes—before any proceedings concerning the claims against Optum recommence.

3

Respectfully submitted,

Dated: December 6, 2024

/s/ *Andrew N. Goldfarb*
Larry McDevitt
David M. Wilkerson
Heather Whitaker Goldstein
THE VAN WINKLE LAW FIRM
11 North Market Street
Asheville, NC 28801
(828) 258-2991
lmcdevitt@vwlawfirm.com

D. Brian Hufford (*pro hac vice*)
Jason S. Cowart (*pro hac vice*)
Nell Z. Peyser (*pro hac vice*)
ZUCKERMAN SPAEDER LLP
485 Madison Avenue, 10th Floor
New York, NY 10022
(212) 897-3434
(212) 704-4256 (fax)
dbhufford@zuckerman.com

Andrew N. Goldfarb (*pro hac vice*)
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
(202) 778-1800
(202) 822-8106 (fax)
agoldfarb@zuckerman.com

*Counsel for Plaintiff Sandra M. Peters,
on behalf of herself and all others
similarly situated*

/s/ *E. Thomison Holman*
E. Thomison Holman
 NC Bar No. 19380
HOLMAN LAW, PLLC
56 College Street, Suite 302
Asheville, NC 28801
tom@holmanlawwnc.com
Tel: (828) 252-7381
Fax: (828) 252-5018

Earl B. Austin (*pro hac vice*)
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112
earl.austin@bakerbotts.com
(212) 408-2500
(212) 408-2501 (fax)

*Counsel for Defendants Aetna Inc. and
Aetna Life Insurance Company*

# EXHIBIT 1

# [FILED UNDER SEAL]

## CERTIFICATE OF SERVICE

I certify that on December 6, 2024, I caused to be filed and served a copy of the foregoing Notice using the CM/ECF system, which will give notice to counsel of record.

*/s/*Andrew N. Goldfarb
Andrew N. Goldfarb