# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

|  |  |
|---|---|
| SANDRA M. PETERS, on behalf of herself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) Case No. 1:15-cv-00109-MR |
| AETNA INC., AETNA LIFE INSURANCE COMPANY, and OPTUMHEALTH CARE SOLUTIONS, INC., | )<br>)<br>)<br>) |
| Defendants. | ) |

## OPTUM'S STATUS REPORT

In accordance with the Court's November 7, 2024 Order, Optum submits the following status report:

- As of November 6, 2024, Optum understood Class Counsel to have agreed to certain material terms of a global class settlement including a full release co-extensive with the class period certified by the Court;

- On December 2, Optum learned for the first time that Class Counsel did not agree to a release co-extensive with the certified class period;

- Accordingly, Optum does not join the proposed settlement between Aetna and the classes.

Optum stands ready to proceed to a bench trial and will work with Class Counsel to establish proposed deadlines for submitting pre-trial materials. As it stands, Class Counsel has not yet provided class members notice and an opportunity to opt out of the classes before trial. That process—which could take months—would need to play out before any bench trial.

Optum also remains prepared to file a short, targeted summary judgment motion focused on ERISA's tracing requirement—as the Fourth Circuit recently explained in *Rose v. PSA Airlines, Inc.*, 80 F.4th 488 (4th Cir. 2023)—which disposes of the sole remaining claim against Optum. Permitting a limited summary judgment motion focused on ERISA's tracing requirement will preserve both the Court's and the parties' resources and would allow for the efficient resolution of this case. ERISA's tracing requirement applies to Peters's only remaining monetary claim against Optum (*see Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 241 (2000)) and requires each plaintiff to (1) "identify certain property or money 'belonging in good conscience' to him" and (2) clearly trace that property "to particular funds or property in the defendant's possession" (*Rose*, 80 F.4th at 502 (internal citation omitted)). There is no dispute that no such evidence exists here. Indeed, Peters claimed all along that she was not required to prove or provide evidence of tracing.

Optum is prepared to move for summary judgment on that issue and could do so within two weeks. Accordingly, Optum respectfully requests that the Court allow it

to file a ten-page motion for summary judgment by December 20, 2024. Optum has conferred with Class Counsel about this request, and Class Counsel opposes.

Dated: December 6, 2024.

Respectfully submitted,

*/s/ Brian D. Boone*
Brian D. Boone
  NC Bar No. 38910
Michael R. Hoernlein
  NC Bar No. 40419
Brandon C.E. Springer
  NC Bar No. 54523
ALSTON & BIRD LLP
1120 S. Tryon Street, Suite 300
Charlotte, NC 28203
(704) 444-1000
(704) 444-1111 (fax)
brian.boone@alston.com
michael.hoernlein@alston.com
brandon.springer@alston.com

*Counsel for Defendant*
*OptumHealth Care Solutions, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of December 2024, a copy of the foregoing was electronically filed with the clerk of the court of the United States District Court, Western District of North Carolina, Asheville Division, and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Brian D. Boone*
Brian D. Boone
 NC Bar No. 38910

*Counsel for Defendant*
*OptumHealth Care Solutions, Inc.*
