# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

|  |  |
|---|---|
| SANDRA M. PETERS, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AETNA INC., AETNA LIFE INSURANCE COMPANY, and OPTUMHEALTH CARE SOLUTIONS, LLC, <br><br> Defendants. | Case No. 1:15-cv-00109-MR |

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Settlement Agreement" or "Settlement"), dated as of February 26, 2025, is made and entered into by and among Plaintiff Sandra M. Peters ("Plaintiff") on behalf of the certified classes (the "Classes," together with Plaintiff, "Plaintiffs") and Defendants Aetna Inc. and Aetna Life Insurance Company ("Aetna") and OptumHealth Care Solutions, LLC ("Optum," and together with Aetna, "Defendants"). Each of Plaintiffs and Defendants is a "Party" and are collectively referred to herein as the "Parties."

## I. BACKGROUND OF THE LITIGATION

In June 2015, Plaintiff commenced this class action lawsuit (the "Action"). In her complaint, Plaintiff alleged, inter alia, that Defendants violated duties imposed by the Employee

10091207.1

Retirement Income Security Act of 1974 ("ERISA"), by improperly charging members of ERISA health care plans administered by Aetna administrative fees pertaining to subcontracted services performed by Optum relating to Optum's network of chiropractic and physical therapy providers. The district court found—and the Fourth Circuit affirmed—that Optum served no fiduciary function relating to the challenged conduct.

In June 2023, the Court granted Plaintiff's renewed motion for class certification of the Classes. Doc. 272. Thereafter, the Parties initiated arms-length, good faith settlement discussions and exchanged numerous settlement demands and offers. On December 17, 2024, the Parties reached an agreement in principle on the material terms of settlement and executed a term sheet that was filed under seal with the Court. Based on the evidentiary record in the case, the Parties' arms-length discussions, and additional information that Aetna provided during the course of settlement negotiations, the Parties now enter the settlement embodied in this Settlement Agreement. The Parties agree herein to settle, compromise, and fully resolve the Released Claims in exchange for the consideration provided in this Settlement.

## II. TERMS AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY AGREED by and among Plaintiffs and Defendants, by and through their respective counsel, as follows:

## A. Definitions.

1. As used in this Settlement, the following terms have the meanings specified below:

    1.1 "Affiliated Entities" means (i) any current, former, or future direct or indirect parents, subsidiaries, or affiliates of Defendants; (ii) any employees, agents, representatives, contractors, administrators, officers or directors of Defendants or their direct or indirect parents, shareholders (all natural persons in the definition

10091207.1

of Affiliated Entities are collectively referred to as "Affiliated Individuals"); (iii) any corporations in which any such Affiliated Entity or Affiliated Individual is a shareholder in excess of 5%, employee, officer or director; (iv) any partnerships or any other unincorporated forms of business, or limited liability companies, in which any Affiliated Entity or Affiliated Individual owns an interest in excess of 5%; and (v) any predecessors or successors of the above. Affiliated Entities also means any corporations, business entities, partnerships or other unincorporated forms of business, or limited liability companies, that are controlled directly or indirectly by Defendants, Affiliated Entities, or Affiliated Individuals, or that are directly or indirectly under "common control" with Defendants, Affiliated Entities, or Affiliated Individuals as that term is defined under ERISA Section 4001(a)(14)(B), 29 U.S.C. § 1301(a)(14)(B).

1.2     "Optum Provider Services" means physical therapy or chiropractic services provided by a provider contracted with Optum.

1.3     "Member Class" means:

All participants or beneficiaries of ERISA health insurance plans insured or administered by Aetna for whom coinsurance responsibility for a claim was assessed using an agreed rate between Optum and Aetna that exceeded the provider's contracted rate with Optum for the treatment provided. (Doc. 272)

1.4     "Plan Class" means:

All participants or beneficiaries of self-insured ERISA health insurance plans administered by Aetna for which plan responsibility for a claim was assessed using an agreed rate between Optum and Aetna that exceeded the provider's contracted rate with Optum for the treatment provided. (Doc. 272)

10091207.1

1.5     "Class Counsel" means D. Brian Hufford, Jason S. Cowart, Andrew N. Goldfarb,

and Nell Z. Peyser of Zuckerman Spaeder LLP and David M. Wilkerson and

Larry McDevitt of The Van Winkle Law Firm.

1.6     "Class List" means the list of names and last known mailing addresses of all Class

members whom Aetna is able to identify using their best efforts by twenty (20)

days after the date on which the Preliminary Approval Order is entered by the

Court.

1.7     "Class member" means a person who is a member of one of the Classes, except

that a member of the Classes will cease to be a Class member if that person

submits a timely and valid Opt-Out Form or is otherwise excluded from the

Classes by Order of the Court.

1.8     "Class Period" means the period from July 12, 2012 to the Effective Date of this

Settlement.

1.9     "Class representative" means Sandra M. Peters.

1.10    "Effective Date," or the date upon which the Settlement embodied in this

Settlement becomes effective, means the date on which the Order of Final

Approval of Settlement, substantially in the form of Exhibit C to this Settlement,

becomes final as a matter of law (which the Parties hereby deem to be thirty-five

(35) days after entry of the judgment if no appeal is filed). If an appeal is filed, the

Effective Date will be the date on which the final mandate is issued affirming the

judgment.

1.11    "Incentive Amount" means an award to the Class representative of twenty

thousand dollars ($20,000), to be paid out of the Settlement Amount.

1.12   "Notice of Proposed Settlement" means the Notice of Proposed Settlement of

Class Action and Fairness Hearing, substantially in the form attached hereto as

Exhibit B. The Parties expect that the Notice of Proposed Settlement will consist

of (i) a sealed postcard including a short-form, summary notice that directs Class

members to a settlement website. The settlement website will provide (A) the

complete text of the long-form notice contained in Exhibit B, (B) links to Opt-Out

forms, (C) information and guidance on how to submit evidence relevant to the

Plan of Allocation; (D) links to important pleadings and decisions in the case, and

(E) contact information for whom Class members should contact if they have

questions.

1.13   "Person" means an individual, corporation, partnership, limited partnership,

association, joint stock company, estate, legal representative, trust, unincorporated

organization, and any other type of legal entity, and their spouses, heirs,

successors, predecessors, representatives, or assigns.

1.14   "Plan of Allocation" means Plaintiff's plan for allocating the Settlement Amount.

1.15   "Preliminary Approval Order" means the order to be entered by the Court,

substantially in the form attached hereto as Exhibit A, that among other things

preliminarily approves the terms and conditions of this Settlement, directs that

notice of the proposed Settlement and Fairness Hearing be provided to the Class,

and schedules a Fairness Hearing concerning the final approval of the Settlement.

1.16   "Released Claims" means any and all past, present, and future claims, actions,

causes of action, rights or liabilities, costs, expenses, losses, debts, or claims,

regardless of forum, contingent or non-contingent, accrued or unaccrued, known

10091207.1

or unknown, that were asserted in the Action or that could have been asserted in the Action before the date of final approval of the settlement, including any and all claims relating to or arising from benefit claims in which member or plan responsibility for a claim for Optum Provider Services was assessed using an agreed rate between Optum and Aetna that exceeded the provider's contracted rate with Optum. For avoidance of doubt, Released Claims cover any and all claims relating to or arising from the subject matter of the Action.

1.17 "Settlement Administration" means the notice and settlement administration duties described in this Settlement. Settlement Administration includes, inter alia, sending a Court-approved settlement notice to Class members; determining which Class members opt out; and calculating and issuing payments to eligible Member Class members and Plans pursuant to the Plan of Allocation. Aetna will administer some aspects of the class notice and settlement payment distribution administrative functions of Settlement Administration internally, which the Parties agree would promote efficiency. A Settlement Administrator will be necessary for certain Settlement Administration functions, and Plaintiffs and Aetna will each pay 50% of amounts invoiced by the Settlement Administrator. Optum will not pay any Settlement Administration costs.

1.18 "Settlement Administrator" means the entity appointed by the Court to perform Settlement Administration duties. In the motion for preliminary approval, Plaintiff will propose that the Court appoint Atticus Administration, LLC ("Atticus") to serve as Settlement Administrator. Atticus has experience handling cases that involve protected health information ("PHI"), as defined by 45 C.F.R. § 160.103

10091207.1

and applicable state laws.

1.19    "Settlement Administration Amount" means Fifty-Two Thousand Four Hundred

Dollars ($52,400), which is 50% of the Settlement Administrator's estimate for its

Settlement Administration activities. The Settlement Administration Amount is

separate and apart from the Settlement Amount and the Attorney's Fee Amount.

Optum will not pay any portion of the Settlement Administration Amount.

1.20    "Settlement Amount" means Four Million Eight Hundred Thousand Dollars

($4,800,000) for the benefit of the Classes, consisting of (X) Four Million Six

Hundred Thousand Dollars ($4,600,000) from Aetna, plus (Y) Two Hundred

Thousand Dollars ($200,000) from Optum. The Settlement Amount is separate

and apart from Aetna's payment of the Attorney's Fee Amount to Class Counsel.

The Parties agree that the Settlement Amount will be maintained and held by the

Settlement Administrator as a fund for purposes of making payments pursuant to

an Order granting Final Approval to the Settlement and the Court-approved Plan

of Allocation. The Parties agree that the Settlement Amount is intended to be a

"Qualified Settlement Fund" under Section 468B of the Internal Revenue Code of

1986, as amended and Treas. Reg. §1.468B-1, 26 C.F.R. § 1.468B-1, et seq., and

will be administered by the Settlement Administrator as such. The Parties agree to

cooperate with one another and the Settlement Administrator to the extent

reasonably necessary to carry out the provisions of this section.

1.21    "Attorneys' Fee Amount" means Three Million, Five Hundred Fifty Thousand

Dollars ($3,550,000) for attorneys' fees and costs (excluding costs for Settlement

Administration) paid by Aetna for the benefit of Class Counsel, separate and apart

from the Settlement Amount. Optum will not pay any portion of the Attorneys'
Fee Amount.

**B. Operative Terms of Settlement.**

2.1    The Parties will work cooperatively in filing and submitting all appropriate motions and proposed orders with the Court in order to obtain preliminary and final approval of the Settlement.

2.2    Class Counsel will retain and oversee the Settlement Administrator appointed by the Court.

2.3    Within twenty (20) days after the Preliminary Approval Order is entered by the Court, Aetna will provide the Class List to Class Counsel and the Settlement Administrator as authorized by the Court in the Preliminary Approval Order. Within sixty (60) days after the Preliminary Approval Order is entered by the Court, pursuant to this Settlement and the Preliminary Approval Order, Class Counsel, coordinating with Aetna and the Settlement Administrator, will cause the individuals listed on the Class List to be notified either (i) by Aetna or the Settlement Administrator mailing the Notice of Proposed Settlement by first-class U.S. mail to each person's last known address as determined by Aetna or the Settlement Administrator; or (ii) by providing the Notice of Proposed Settlement using another method that satisfies Rule 23. To the extent a Notice of Proposed Settlement sent by U.S. mail is returned because the addressee is no longer found at the address to which the notice was sent (or for any other reason), the Settlement Administrator will use its respective best efforts to obtain correct

10091207.1

current addresses and thereafter remail the Notice of Proposed Settlement by first-class U.S. mail.

2.4     Should the Court grant preliminary approval to the Settlement, then the following provisions also apply:

(a)     At such time as the Notice of Proposed Settlement is issued to Class members, the Notice of Proposed Settlement will direct Class members to the Opt-Out of Settlement Form ("Opt-Out Form"), as approved by the Court, to the Class members.

(b)     In order for a member of the Classes to be excluded from the Classes, the member of the Classes must request exclusion by sending a complete, signed, and valid Opt-Out Form to the Settlement Administrator at the address described in the Notice of Proposed Settlement, and the Opt-Out Form must be postmarked no later than forty (40) days after the Notice of Proposed Settlement is mailed or otherwise provided. With regard to any member of the Classes who submits a timely and valid Opt-Out Form, that member of the Classes will be excluded from the Classes, will not be a Class member, and will not be entitled to participate in the Settlement.

2.5     The Settlement Administrator will keep confidential from all persons, except as authorized in writing by a Class member or as ordered by the Court, the Class List and all other PHI of members of the Classes, which includes names, addresses, and any other personally identifiable information that can be used on its own or combined with other information to identify, contact, or locate an individual, or to identify an individual in context. Any permitted disclosures of Class member

10091207.1

information under this Section or any other section of the Settlement must be limited to the minimum necessary to satisfy the Settlement's requirements. Class members who ask the Settlement Administrator for contact information for Class Counsel must be provided such information and a form through which the Class member can authorize his or her identity and/or PHI to be shared with Class Counsel to assist in answering questions or in facilitating the Settlement. Without limitation of the foregoing limitations and restrictions, Class Counsel will ensure that the Settlement Administrator executes an agreement substantially in the form of Exhibit A to the Consent Protective Order (Doc. 64), and all permitted disclosures of Class members' information under this Settlement will be subject to the additional protections governing Confidential Health Information in that order. Within sixty (60) days after completion of all payments and related Settlement Administration by the Settlement Administrator, the Settlement Administrator must destroy the Class List and any PHI related to this Settlement and provide a written certification of same to Class Counsel and Defendants' counsel.

2.6     Within thirty (30) days after the date of the Preliminary Approval Order, Aetna will pay the Settlement Administration Amount into an account administered by the Settlement Administrator, subject to completion of necessary documentation, including W-9 forms. The Parties will cooperate to execute an appropriate escrow agreement for the Settlement Administration Amount within fifteen (15) days after execution of this Settlement. Should the Settlement not obtain final approval from the Court, the Settlement Administration Amount will be returned within ten

10091207.1

(10) court days, less amounts incurred by the Settlement Administrator after entry of the Preliminary Approval Order for Settlement Administration activities, including notice costs.

2.7     Within thirty (30) days after the Effective Date, (A) Defendants will pay their respective shares of the Settlement Amount into the account administered by the Settlement Administrator, subject to completion of necessary documentation, including W-9 forms; and (B) Aetna will pay the Attorneys' Fee Amount to Zuckerman Spaeder LLP on behalf of Class Counsel, subject to completion of necessary documentation, including W-9 forms.

(a)     Upon payment of the amounts pursuant to this Section 2.7, Optum will have no other liability or responsibility for any payments, fees, or costs under the Settlement aside from its portion of the Settlement Amount ($200,000).

(b)     Upon payment of the amounts pursuant to this Section 2.7, Aetna will have no other liability or responsibility for any payments, fees, or costs under the Settlement aside from the its portion of the Settlement Amount; the Attorneys' Fee Amount; the Settlement Administration Amount, plus one-half of any additional amounts reasonably invoiced by the Settlement Administrator; and Aetna's role in Settlement Administration (costs for which Aetna will bear).

2.8     Defendants represent that the contractual arrangement between Defendants under which the claims of Plaintiff and the Classes arose ended on or about April 1, 2023. Aetna agrees that it will not process any new claims subject to that

10091207.1

arrangement and, as a result, will not issue any Explanation of Benefits forms ("EOBs") for new claims that relate to such arrangement.

2.9   To the extent not performed by Aetna, the Settlement Administrator will, inter alia, administer the Settlement and make payments to the Class members pursuant to this Settlement, the Preliminary Approval Order, and the Order of Final Approval of Settlement (including the Plan of Allocation approved therein). Notwithstanding Aetna's role in Settlement Administration, Defendants will play no role in, and will have no liability for, determining the sufficiency of claims or the amount of claims under the Settlement. The Settlement Administrator's responsibilities will include all administrative, accounting, and tax compliance matters related to Settlement Administration.

2.10  The Settlement Administrator will maintain a complete and accurate record of all payments or anticipated payments to Class members, all valid Opt-Outs, as well as all submissions concerning post-2017 claims, all of which will be subject to examination by Class Counsel and Defendants' counsel on reasonable notice. At least seven (7) days prior to the filing of a motion for final approval, the Settlement Administrator will provide Defendants' counsel with a copy of the schedule of anticipated payments as it exists at that point in time. An updated copy of this report will also be provided to Defendants' counsel upon completion of all payments under this Settlement.

2.11  Defendants agree not to challenge any claims for payments by Class members, or any determinations made by the Settlement Administrator, so long as they are made substantially in accordance with the Order of Final Approval of Settlement

10091207.1

(including the Plan of Allocation approved therein).

2.12   No Class member may bring any claim against Class Counsel, the Settlement

Administrator, Defendants' counsel, or Defendants or their Affiliated Entities

based upon any distribution made substantially in accordance with the Order of

Final Approval of Settlement (including the Plan of Allocation approved therein).

2.13   Upon the Effective Date, members of the Classes will fully, finally, and forever

release, relinquish, and discharge all of the Defendants and their Affiliated

Entities from the Released Claims.

2.14   Upon the Effective Date, members of the Classes will further release any and all

past, present and future claims they could have brought, before the date of final

approval of the settlement, relating to or arising from Action, against counsel

representing Defendants in the Action.

2.15   Upon the Effective Date, Defendants and their Affiliated Entities will fully,

finally, and forever release, relinquish, and discharge members of the Classes

from the Released Claims.

2.16   Upon the Effective Date, Defendants and their Affiliated Entities will further

release any and all past, present and future claims they could have brought, before

the date of final approval of the settlement, relating to or arising from the Action,

against Class Counsel in the Action.

2.17   With regard to the release described above in Section 2.13, Class members

expressly acknowledge certain principles of law applicable in some states, such as

Section 1542 of the Civil Code of the State of California, which provide that a

general release does not extend to claims that a creditor does not know or suspect

10091207.1

exists in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor. Class members expressly waive all rights related to the Released Claims under Section 1542 of the Civil Code of the State of California, which reads as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Class members acknowledge that they may have claims that are covered by the terms of the Settlement that they have not yet discovered. Class members acknowledge that they intend to release any and all such known, unknown or unsuspected Released Claims. Notwithstanding the choice of law provision in the Settlement, to the extent that California or other law may be applicable and enforceable, Class members hereby agree that the provisions of Section 1542 of the Civil Code of the State of California and all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction that may be applicable here are hereby knowingly and voluntarily waived and relinquished by Class members.

2.18    Any change in law arising after the date of this filing will not be relied upon by any Party as a basis for refusing to carry out the terms of this Settlement.

2.19    Attached as Exhibit D to this Settlement are forms of notice under the Class Action Fairness Act of 2005 ("CAFA Notices"). The Parties agree that Defendants will mail the CAFA Notices within ten (10) days after this Settlement

Agreement is filed with the Court, and that upon timely mailing of the CAFA

Notices, Defendants will have complied with the notice requirements of CAFA.

## C.  The Preliminary Approval Order.

3.  After execution of this Settlement, the Parties will request the Court to enter the

Preliminary Approval Order, substantially in the form of Exhibit A to this Settlement,

providing for, inter alia, preliminary approval of, notice of, and hearing on the proposed

Settlement ("Fairness Hearing"). The Fairness Hearing will occur at a date and time

designated by the Court, but no sooner than one hundred twenty-five (125) days after the

Preliminary Approval Order is entered by the Court (to account for the CAFA Notices

and other interim steps described herein). The Preliminary Approval Order will, inter

alia, specifically include provisions that:

3.1     Preliminarily approve the Settlement as set forth in this Settlement, subject to

further hearing and determination under Rule 23(e);

3.2     Approve the written Notice of Proposed Settlement substantially in the form of

Exhibit B hereto;

3.3     Appoint the Settlement Administrator;

3.4     Authorize Defendants and their counsel to receive and to disclose information

about Class members and their claims, including PHI necessary for settlement

administration, to the Settlement Administrator and Class Counsel in order to

effectuate notice and implement the Settlement;

3.5     Direct the Settlement Administrator to issue the Notice of Proposed Settlement to

the individuals listed on the Class List via mail or another method of notice that

satisfies Rule 23;

3.6     Find that the method of providing the Notice of Proposed Settlement pursuant to this Settlement constitutes the best notice practicable under the circumstances, and that the Notice of Proposed Settlement fully satisfies the requirements of due process and the Federal Rules of Civil Procedure;

3.7     Set a deadline for Plaintiff to file a motion for attorneys' fees and costs that will be twenty-one (21) days prior to the deadline for submission of Opt-Out Forms or objections;

3.8     Schedule the Fairness Hearing to be held by the Court and a deadline for filing of a motion for final approval, to be no later than ten (10) days prior to the Fairness Hearing, to address at least the following matters: whether the Settlement and Plan of Allocation, including the Incentive Amount, should be finally approved as fair, reasonable, and adequate, whether the motion by Plaintiff for attorneys' fees and costs in the amount of the Attorneys' Fee Amount should be granted, and whether an order finally approving the Settlement and the Plan of Allocation should be entered;

3.9     Provide that no objection to the Settlement will be heard and no papers submitted in support of said objection will be received and considered by the Court at the Fairness Hearing unless the objection and reasons therefor, along with copies of any supporting papers, are filed with the Clerk of the Court and served on the Parties to this Settlement within forty (40) days of the mailing or providing of the Notice of Proposed Settlement;

3.10    Provide that the Fairness Hearing may be continued from time to time by Order of the Court if necessary, and without further notice to the Class; and

10091207.1

3.11 Approve the form of CAFA Notices, which the Court determines comply with the requirements of CAFA and which, upon timely mailing, will discharge Defendants' obligations pursuant to CAFA.

**D. Order of Final Approval of Settlement.**

4. Upon approval by the Court of the Settlement embodied in this Settlement, an Order of Final Approval of Settlement will be entered by the Court, substantially in the form of Exhibit C hereto, which will, inter alia:

4.1 Finally approve the Settlement set forth in this Settlement Agreement;

4.2 Adjudge that the Settlement and Plan of Allocation are fair, reasonable, and adequate to the Classes;

4.3 Approve Plaintiff's request (which Defendants do not and will not oppose) for payment of the Incentive Amount to the named Plaintiff;

4.4 Approve Plaintiff's request (which Defendants do not and will not oppose) for payment of the Attorneys' Fee Amount by Aetna;

4.5 Dismiss the Action against Defendants with prejudice;

4.6 Adjudge that the Parties will be deemed conclusively to have released the Released Claims and claims against counsel as set out in the mutual releases in Sections 2.13 to 2.16 of this Settlement Agreement;

4.7 Reserve exclusive jurisdiction, without affecting the finality of the Order entered, with regard to:

(a) Implementation of this Settlement;

(b) Disposition of the Settlement Amount pursuant to the Plan of Allocation; and

10091207.1

(c)     Enforcement and administration of this Settlement, including the release provisions thereof;

4.8     Find that notice to the appropriate state and federal officials has been provided as required by CAFA and that Defendants have satisfied their obligations pursuant to 28 U.S.C. § 1715; and

4.9     Find as follows: With regard to the release described in Sections 2.13 and 4.6, Class members expressly acknowledge certain principles of law applicable in some states, such as Section 1542 of the Civil Code of the State of California, which provide that a general release does not extend to claims that a creditor does not know or suspect exists in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor. Class members expressly waive all rights related to the Released Claims under Section 1542 of the Civil Code of the State of California, which reads as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Class members acknowledge that they may have claims that are covered by the terms of the Settlement that they have not yet discovered. Class members acknowledge that they intend to release any and all such known, unknown or unsuspected Released Claims. Notwithstanding the choice of law provision in the Settlement, to the extent that California or other law may be applicable and enforceable, Class members hereby agree that the provisions of Section 1542 of

10091207.1

the Civil Code of the State of California and all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction that may be applicable here are hereby knowingly and voluntarily waived and relinquished by Class members.

**E. Effect of Disapproval, Cancellation, or Termination.**

5.1    If the conditions of Settlement set forth in this Settlement are not satisfied, if the Court does not enter the Preliminary Approval Order or Order of Final Approval of Settlement provided for in this Settlement, if the Court enters the Order of Final Approval of Settlement and appellate review is sought and on such review such Order is reversed, or if one or more of the material terms of the Settlement is not approved or the Order of Final Approval of Settlement with respect to one or more of such terms is rejected, then the Settlement will be terminated unless the Parties can agree within sixty (60) days of such event (or by agreement of the Parties to another specified time period) to amend this Settlement in such a manner as to resolve such issue. The Parties agree, should such event as described in this Section 5.1 occur, to negotiate in good faith to attempt to amend this Settlement in such a manner as to resolve such issue.

5.2    If the Effective Date does not occur, or if this Settlement is otherwise terminated pursuant to its terms, the Parties will be deemed to have reverted to their respective statuses as of the date and time immediately prior to the execution of this Settlement.

**F. Miscellaneous Provisions.**

6.1    The Parties hereto agree to cooperate to the extent necessary to effectuate all terms and conditions of this Settlement. Such cooperation will include, but not be limited to, reasonable extensions of time to implement the provisions of this Settlement; any such extensions will be in writing and subject to Court approval in the event that they impact the Court's schedule and deadlines.

6.2    Plaintiff and Class Counsel agree that the Class List information will be used for settlement purposes only, i.e., effectuating, supporting, and carrying out the terms of the Settlement.

6.3    The Parties and their counsel will not engage in any conduct intended or designed to have the Settlement not approved.

6.4    All exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

6.5    This Settlement may be amended or modified only by written instrument signed by authorized representatives of all Parties or their successors in interest.

6.6    This Settlement and the exhibits attached hereto constitute the entire agreement between Class members, Class Counsel, Defendants, and Defendants' counsel.

6.7    Counsel for Defendants are authorized to sign the Settlement on behalf of their respective clients. Class Counsel are authorized to sign this Settlement on behalf of Plaintiff and the Classes.

6.8    This Settlement will be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

10091207.1

6.9    All of the terms of this Settlement will be governed by and interpreted in accordance with the laws of the United States and the State of North Carolina.

6.10   To the extent that any of the exhibits to this Settlement are inconsistent with any of the terms of this Settlement, there will be a presumption that any such inconsistencies are resolved in favor of the terms of the Settlement.

6.11   Except as expressly provided for in this Settlement, each Party will bear its own costs and fees.

6.12   Neither this Settlement nor any document referred to herein nor any action taken to carry out this Settlement is or may be construed as either a finding by the Court or an admission by Defendants of any fault, wrongdoing, or liability whatsoever. There has been no final determination by the Court as to the merits of the claims asserted by the Classes against Defendants. In addition, entering this Settlement and taking steps to support facilitate administration of this Settlement will not constitute an admission by Defendants that the Classes were properly certified or should remain certified if this Action were to be litigated.

6.13   The headings used herein are only for ease of reference, and do not modify the terms set forth in the numbered paragraphs.

6.14   This Settlement may be executed in one or more counterparts. All executed counterparts, taken together, will constitute a single, enforceable instrument.

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement to be executed by their duly authorized attorneys, as of the day and year first set forth above.

10091207.1

SANDRA M. PETERS, on her own behalf
and on behalf of the Classes

Date: February 26, 2025

By: _____

Larry McDevitt
David M. Wilkerson
Heather Whitaker Goldstein
THE VAN WINKLE LAW FIRM
11 North Market Street
Asheville, NC 28801
(828) 258-2991
lmcdevitt@vwlawfirm.com

D. Brian Hufford (*pro hac vice*)
Jason S. Cowart (*pro hac vice*)
Nell Z. Peyser (*pro hac vice*)
ZUCKERMAN SPAEDER LLP
485 Madison Avenue, 19th Floor
New York, NY 10022
(212) 897-3434
(212) 704-4256 (fax)
dbhufford@zuckerman.com
jcowart@zuckerman.com
npeyser@zuckerman.com

Andrew N. Goldfarb (*pro hac vice*)
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
(202) 778-1800
(202) 822-8106 (fax)
agoldfarb@zuckerman.com

10091207.1

AETNA INC. AND AETNA LIFE
INSURANCE COMPANY

Date: February 26, 2025

By:

E. Thomison Holman
  NC Bar No. 19380
HOLMAN LAW, PLLC
56 College Street, Suite 302
Asheville, NC 28801
tom@holmanlawwnc.com
Tel: (828) 252-7381
Fax: (828) 252-5018

Earl B. Austin (*pro hac vice*)
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112
earl.austin@bakerbotts.com
(212) 408-2500
(212) 408-2501 (fax)

OPTUMHEALTH CARE SOLUTIONS, LLC

Date: February 26, 2025

By: _____

Brian D. Boone
  NC Bar No. 38910
Michael R. Hoernlein
  NC Bar No. 40419
Brandon C.E. Springer
  NC Bar No. 54523
ALSTON & BIRD LLP
Vantage South End
1120 South Tryon St #300
Charlotte, NC 28203
Tel: (704) 444-1000
Fax: (704) 444-1111
brian.boone@alston.com
michael.hoernlein@alston.com
brandon.springer@alston.com

*Counsel for Defendant*
*OptumHealth Care Solutions, LLC*

10091207.1

<u>Exhibit Summary</u>

Exhibit A     Proposed Order Preliminarily Approving Settlement and Approving Notice of Proposed Settlement and Fairness Hearing

Exhibit B     Proposed Notice of Proposed Settlement of Class Action and Fairness Hearing and Opt-Out Form

Exhibit C     Proposed Order of Final Approval of Settlement

Exhibit D     Class Action Fairness Act of 2005 Notices

10062159.1

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

|  |  |
|---|---|
| SANDRA M. PETERS, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AETNA INC., AETNA LIFE INSURANCE COMPANY, and OPTUMHEALTH CARE SOLUTIONS, LLC, <br><br> Defendants. | Case No. 1:15-cv-00109-MR |

### [Proposed] ORDER GRANTING PRELIMINARY APPROVAL
### OF CLASS SETTLEMENT

WHEREAS, Plaintiff Sandra M. Peters ("Plaintiff") on behalf of the certified classes (the "Classes," together with Plaintiff, "Plaintiffs") and Defendants Aetna Inc. and Aetna Life Insurance Company ("Aetna") and OptumHealth Care Solutions, LLC ("Optum," and together with Aetna, "Defendants"), have determined to settle the above-captioned matter (the "Action") on the terms and conditions set forth in the Settlement Agreement dated February __, 2025 and all exhibits thereto (the "Settlement Agreement"), the original of which is filed with the Clerk of the Court (this settlement process hereafter referred to as the "Settlement");

WHEREAS, Plaintiff has filed an unopposed motion for an order that, inter alia, (1) preliminarily approves the Settlement on the terms set forth in the Settlement Agreement; (2) appoints the Settlement Administrator; (3) directs notice to be sent to the members of the Classes

per the approved form of notice; (4) establishes a deadline for members of the Classes to opt out of or object to the Settlement; and (5) schedules a hearing to determine whether the Settlement should be finally approved as fair, reasonable and adequate, and whether an order finally approving the Settlement should be entered;

WHEREAS, the Court, having read and considered the motion, the memorandum submitted in support of the motion and the exhibits thereto (including the Plan of Allocation), the Settlement Agreement and the exhibits thereto, including the proposed (i) Notice of Proposed Settlement of Class Action and Fairness Hearing; (ii) Order of Final Approval of Settlement; and (iii) Class Action Fairness Act of 2005 Notices, finds that substantial and sufficient grounds exist for entering this Order Preliminarily Approving Settlement and Approving Notice of Proposed Settlement and Fairness Hearing ("this Order"); and

WHEREAS, upon review and consideration of the foregoing materials, the Court has found good cause for entering this Order.

THEREFORE, IT IS ORDERED THAT:

1. The definitions and terms set forth in the Settlement Agreement are hereby adopted and incorporated into this Order.

2. The proposed Settlement as reflected in the Settlement Agreement and all exhibits thereto is hereby preliminarily approved. The Court finds that it is likely to be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2) after considering whether:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>> (i) the costs, risks, and delay of trial and appeal;
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Accordingly, notice of the proposed Settlement should be given to the Classes.

3.    The Court approves the substance of the Notice of Proposed Class Action Settlement and Fairness Hearing ("Notice") and the Opt-Out Form, which are attached to the Settlement Agreement as Exhibit B. The Notice program includes: (i) the mailing of a short-form notice directly to Class members, which summarizes the Settlement Agreement and Class members' options and rights, and directs them to the Settlement website; (ii) a Settlement website containing the long-form Notice information, Opt-Out Form, and relevant pleadings about the case, including the Motion for Preliminary Approval and, when filed pursuant to the schedule set forth herein, the Fee Motion; and (iii) a dedicated telephone number by which members of the Classes can obtain information about the Settlement. The Court finds that these procedures established for Notice by the Settlement Agreement are the best practicable under the circumstances and are reasonably calculated to apprise the members of the Classes of the pendency of the Action and the proposed Settlement, afford any member of the Classes an opportunity to present any objections to the Settlement or to opt out of the Settlement, and comply in all respects with the Federal Rules of Civil Procedure and all of the requirements of due process.

4.    The Court approves the form and substance of the CAFA Notices, attached to the Settlement Agreement as Exhibit D. The Court further finds and orders that upon timely mailing of the CAFA Notice to the attorneys general of the United States and the states where Class members are located (based on available information at the time such notices are sent),

Defendants Defendants will have complied with the notice requirements of CAFA.

5.     Atticus Administration, LLC is hereby appointed as Settlement Administrator. The Settlement Administrator will be responsible for carrying out the Notice as directed by Class Counsel, in coordination with Aetna and in accordance with the provisions of the Settlement Agreement and this Order. The Court finds that the Settlement Administrator has experience handling cases that involve protected health information ("PHI"), including as that term is defined by 45 C.F.R. § 160.103.

6.     Within twenty (20) business days of entry of this Order, Aetna will provide the Settlement Administrator with the Class List. Within sixty (60) days of the date of this Order, the initial Notice will be sent to all individuals listed on the Class List in accordance with the Settlement Agreement.

7.     Defendants and their counsel are authorized and directed to disclose the Class List to the Settlement Administrator in accordance with the foregoing paragraph and the terms of the Settlement. Defendants and their counsel are also authorized and directed to disclose agreed-upon information about Class members and their claims to the Settlement Administrator and Class Counsel as needed to facilitate administration of the Settlement in accordance with this Order and the Settlement's terms. Such disclosures, which include information protected by HIPAA and potentially other laws (including state privacy laws), are necessary to facilitate the Settlement, and therefore good cause and a compelling need exist for these disclosures, the interests supporting disclosure outweigh the need for greater confidentiality, and non-disclosure would be contrary to the public interest. To the extent any provision of federal or state law requires the Parties to obtain a court order as a precondition for the disclosure of information related to or arising out of the treatment of a mental health condition, this Order satisfies that

requirement. Defendants will designate any such material produced containing PHI as "CONFIDENTIAL" under the Consent Protective Order (Doc. 64) and produce the data in encrypted form, and the information will be subject to all the restrictions on use in the Consent Protective Order.

8.      In order for a Class member to be excluded from the Settlement, the Class member must request exclusion by sending a complete, signed, and valid Opt-Out Form to the Settlement Administrator at the address described in the Notice, which must be postmarked no later than forty (40) days after the date on which the Notice is mailed or otherwise provided. In the event that a member of the Class submits a timely and valid Opt-Out Form, that Class member of the Class will be excluded from the Member Class and will not be entitled to participate in the Settlement.

9.      To object to the Settlement, a Class member must send a complete, signed, and valid objection to the Court at the address described in the Notice, which must be received by the Court no later than forty (40) days after the date on which the Notice is mailed or otherwise provided. The objection must include a written statement that indicates all bases for objection and all documentation in support of the objection. If the objecting Class member intends to appear at the Fairness Hearing, the Class member must also include, as part of the objection, a notice of intent to appear and a list of witnesses (if any) the person may call by live testimony. Copies of such objection and notice, and all documentation in support thereof, together with copies of any other papers or briefs filed with the Court, must be simultaneously delivered to Class Counsel and Defendants' Counsel at the addresses provided in the Notice. Any Class member who does not object in the foregoing manner will be deemed to have waived all objections and will be foreclosed from making any objections to the Settlement. The procedures

and requirements for filing objections satisfy the due process rights of all Class members and are sufficient to ensure the efficient administration of justice and the orderly presentation of any Class members' objections to the Settlement.

10.      No later than twenty-one (21) days before the opt-out and objection deadline, Plaintiff will file her motion for attorneys' fees and reimbursement of costs and expenses in the amount of the Attorneys' Fee Amount, as that term is defined in the Settlement Agreement (the "Fee Motion"). The Court finds that this schedule is reasonable and adequate to enable members of the Class to consider the Fee Motion in deciding whether to opt out or object to the Settlement.

11.      By no later than fourteen (14) days after the deadline for submission of Opt-Out Forms or objections, Class Counsel will file Plaintiff's motion for final approval of the Settlement and any other papers in support of final approval. Copies of all papers will be served upon all Class members (or their counsel) who file a valid and timely objection to the Settlement.

12.      The Court will determine whether to grant final approval of the Settlement at a Fairness Hearing to be held before this Court on _____, 2025 (no sooner than one hundred and twenty-five (125) days after the date this Order is entered) at the United States District Court for the Western District of North Carolina, 100 Otis Street, Asheville, NC 28801 (the "Fairness Hearing"). The Court will determine pursuant to the Fairness Hearing that it has jurisdiction over the subject matter and the Parties. It will further determine whether the proposed Settlement, including the Plan of Allocation and Attorneys' Fee Amount, are fair, reasonable, and adequate, and whether it should be finally approved by the Court. As part of that determination, the Court will decide the Fee Motion and determine the Incentive Amount to be awarded to the class representative.

13.     The Settlement Administrator will, at least seven (7) days prior to the Fairness Hearing, file with the Court proof of mailing of the Notice to the Class.

14.     Any Class Member may appear at the Fairness Hearing, in person or by counsel, and be heard to the extent allowed by the Court in opposition to the fairness, reasonableness, and adequacy of the Settlement as embodied by the Settlement Agreement, including the application for an award of the Incentive Amount and the Attorneys' Fee Amount for Class Counsel. Unless such requirement is excused by the Court, no person will be heard in opposition to the Settlement, the Settlement Agreement, or the Fee Motion unless such person, no later than forty (40) days after the date on which the Notice is mailed or otherwise provided, has filed with the Court an objection to the Settlement and a notice of an intention to appear.

15.     The Court reserves the right to adjourn and/or reschedule the Fairness Hearing without further notice of any kind to Class members. Therefore, any Class member intending to attend the Fairness Hearing should (in addition to complying with all instructions and requirements above) monitor the date, time, and location of the Fairness Hearing on the Court docket.

16.     Pending the final determination of whether the Settlement should be approved, all proceedings and discovery in the Action are stayed, except as specifically provided for in this Order. If the Effective Date does not occur, or if the Parties' Settlement Agreement is otherwise terminated and canceled pursuant to its terms, the Settlement will be void and of no force and effect, and the Parties will be deemed to have reverted to their respective statuses as of the date and time immediately prior to the execution of the Settlement Agreement.

17.     This Court hereby retains jurisdiction to consider further matters and applications arising out of or connected with the Settlement and this Order.

18.     The Court approves the following schedule for Settlement-related activities:

| DATE | EVENT |
|---|---|
| _____, 2025 [Day 1] | Order entered granting preliminary approval |
| _____, 2025 [Day 60] | Last day to provide Notice |
| _____, 2025 [Day 79] | Plaintiff files Fee Motion |
| _____, 2025 [Day 100] | Last day for Class members to opt out or object to Settlement |
| _____, 2025 [Day 114] | Last day for Plaintiff to file a motion for final approval of the Settlement and to respond to objections |
| _____, 2025 [Day 125 or after] | Fairness Hearing concerning final approval of Settlement, including Fee Motion. |

SO ORDERED.


Dated: _____, 2025


_____
Martin Reidinger
United States District Judge

<u>LEGAL NOTICE BY ORDER OF</u>
<u>THE UNITED STATES DISTRICT COURT FOR THE</u>
<u>WESTERN DISTRICT OF NORTH CAROLINA</u>
<u>ASHEVILLE DIVISION</u>

**<u>NOTICE OF PENDENCY OF CLASS ACTION</u>**

## If you were a member of a health benefit plan administered by Aetna and subject to ERISA, and you received chiropractic or physical therapy services between July 12, 2012 and December 17, 2024, and you were improperly charged an administrative fee, you may be eligible to get a payment from the proposed settlement of a class action lawsuit.

READ THIS NOTICE CAREFULLY – YOUR RIGHTS MAY BE AFFECTED BY A
PROPOSED CLASS ACTION SETTLEMENT PENDING IN THIS COURT

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- **There is a proposed settlement ("Settlement") with Aetna Inc. and Aetna Life Insurance Co. (together, "Aetna") and OptumHealth Care Solutions, LLC ("Optum") in a class action lawsuit,** *Peters v. Aetna Inc., et al.*, **Civ. No. 15-109-MR (W.D.N.C.) (the "Action").**

- You are receiving this Notice because your rights may be affected by the Settlement regarding covered benefit claims for chiropractic or physical therapy services that you submitted under a health care plan insured or administered by Aetna that was covered by the Employee Retirement Income Security Act of 1974 ("ERISA") (an "Aetna Plan"). The Settlement will resolve a lawsuit over whether Aetna and Optum (together, "Defendants") violated ERISA when Aetna imposed a fee for administrative services performed by its vendor Optum.

- You may be a member of the two classes certified by the Court in this lawsuit: (i) a class of plan members who paid more for a claim than they should have (referred to herein as the "Member Class"); and/or (ii) a class of plan members whose Aetna Plans paid more for a claim than they should have (referred to herein as the "Plan Class"). This Notice refers to the Member Class and Plan Class together as the "Classes."

- The lawsuit is pending in federal court in Asheville, North Carolina (the "Court"). The Court has ordered this Notice be sent to you. The purpose of this Notice is to inform you how the Settlement may affect your rights and what steps you may take. This Notice is not an expression by the Court of any opinion as to the merits of any of the claims or defenses in this lawsuit.

- Defendants deny all of Plaintiff's claims, but have agreed to the Settlement to resolve the Action.

- The Settlement provides monetary payments to eligible Class Members and their respective eligible Plans.

- Your rights and options – and the deadlines to exercise them – are explained in this Notice. **Please read it carefully**.

  - If you have questions, go to www.AetnaAdminFeeSettlement.com, call XXXXXXX, or email _____. You can also write to Aetna Admin Fee Settlement Administrator, c/o _____.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS FOR THE SETTLEMENT | |
|---|---|
| **DO NOTHING AND REMAIN A MEMBER OF THE CLASSES** | You do not need to do anything to be included in the Classes for the Settlement. As a member of the Classes, you may be entitled to remedies that the Court awards (if any). You automatically will be included in the Classes and your portion of the Settlement Fund will be calculated based on Aetna's records and records that you can submit.<br><br>If you remain in the Class, you will give up your right to sue Defendants for claims relating to the subject matter of the lawsuit. |
| **EXCLUDE YOURSELF FROM THE CLASSES ("OPT OUT")** | If you do not wish to be part of the Classes, you can exclude yourself ("opt out").<br><br>If you opt out, you will not be eligible for any payment from the Settlement, nor will you be able to object to the Settlement. You will, however, keep any rights you currently have to sue Aetna and/or Optum about the subject matter of the lawsuit. |
| **OBJECT TO THE SETTLEMENT** | Write to the Court about why you don't like the Settlement. To object to the Settlement, you must send a copy of your objection via mail to the Court, Class Counsel, and counsel for Defendants. Their addresses are listed below. Your written objection must be filed with the Court and sent to Class Counsel and counsel for Defendants no later than _____.<br><br>If you object to the Settlement, you will remain a Class member. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement.<br><br>The Court will hold a Fairness Hearing on _____, at _____ to consider whether the Settlement is fair, reasonable, and adequate, including whether the proposed plan of allocating the Settlement, the proposed award of Class Counsel's attorneys' fees and costs, and the proposed |

|  | incentive award for the class representative are fair, reasonable and adequate. If you want to speak at the Fairness Hearing, you must let the Court and the parties know by providing the Court and the parties with a letter that is received by _____, stating that you intend to appear at the hearing. You cannot speak at the hearing if you opt out of the Settlement. |
| --- | --- |

## 1. Why should I read this Notice?

- This Notice provides a summary of the lawsuit and the Settlement. It also describes who is eligible to be included in the Classes; the effect of staying in the Classes; the effect of opting out of the Settlement; and how to opt out if you want to.

- You may be entitled to monetary relief from the Settlement.

- **Your legal rights will be affected whether you act or do nothing.**

## 2. What is a class action and who is involved?

- In a class action lawsuit, one or more "class representatives" sue on behalf of themselves and other people who have similar claims. Together, the class representatives and other people who have similar claims are called a "class" or "class members." In a class action, one court may resolve the claims for all class members. The class representative in this case is Sandra M. Peters ("Plaintiff" or "Ms. Peters").

## 3. What is this lawsuit about?

- This is a civil lawsuit filed by Ms. Peters in the United States District Court for the Western District of North Carolina, Asheville Division. The defendants are Aetna, Inc., Aetna Life Insurance Company, and OptumHealth Care Solutions, LLC ("Defendants").

- As detailed in Plaintiff's complaint, Ms. Peters alleges that she was a member of an Aetna Plan and that she obtained covered chiropractic or physical therapy services from a healthcare provider contracted with Aetna through Optum's provider network ("Optum Provider Services"). Ms. Peters alleges that Defendants violated the terms of Class Members' health plans and ERISA by failing to adhere to the written terms of her Aetna Plan; misrepresenting and misclassifying Optum's administrative fee (the "Optum fee") as medical expenses; and improperly collecting Optum fees from her and her Aetna Plan. Ms. Peters brought the case as a putative class action, and sought a variety of remedies to redress Defendants' alleged misconduct.

- On June 5, 2023, the Court certified the Classes and appointed Ms. Peters as class representative for both Classes.

- Defendants deny any and all liability to the Classes.

- The contractual arrangement between Aetna and Optum under which the claims of Plaintiff and the Classes arose concerned Optum Provider Services in the following states: **North Carolina, South Carolina, Georgia, Virginia, Illinois, Indiana, and the District of Columbia**. The arrangement ended on April 1, 2023.

## 4. Who is a member of each class?

- The <u>Member Class</u> is defined as: "All participants or beneficiaries of Aetna Plans for whom coinsurance responsibility for a claim was assessed using an agreed rate between Optum and Aetna that exceeded the provider's contracted rate with Optum for the treatment provided."

- The <u>Plan Class</u> is defined as: "All participants or beneficiaries of self-insured Aetna Plans for which plan responsibility for a claim was assessed using an agreed rate between Optum and Aetna that exceeded the provider's contracted rate with Optum for the treatment provided."

- The time period for the Classes is July 12, 2012 to the Effective Date of the Settlement Agreement.

## 5. Did the Court decide who is right?

- No. The parties entered into the Settlement before the lawsuit reached a decision on the merits, so if the Court approves the Settlement there will not be a decision about which side was right.

<strong>WHAT THE SETTLEMENT PROVIDES</strong>

## 6. What does the Settlement do?

The Settlement has two major parts: (1) payments to eligible Member Class members and Plans; and (2) a release by Members of both Classes of all legal claims against Defendants relating to the subject matter of the Action. **All payments under the Settlement will be made according to a Plan of Allocation proposed by Plaintiffs and approved by the Court**.

### (1) <u>Payments from the Settlement Fund</u>

Under the Settlement, Defendants will pay $4.8 million for the benefit of the Classes: $4.6 million from Aetna and $200,000 from Optum. This Settlement Amount, less any class representative incentive award and amounts for settlement administration, will make up the "Settlement Fund." The Settlement Fund will be used to make settlement payments to eligible Member Class members and to eligible Plans. A Settlement Administrator who has experience handling cases that involve personal health information will oversee the distribution of payments from the Settlement Fund.

Under the proposed Plan of Allocation, half of the Settlement Amount ($2.4 million) will be used to remedy injuries to Member Class members, and the other half will be used to remedy injuries to Plans.

### a. Payments to Member Class Members

The allocation of the Settlement Fund to Member Class members will be based on each Class Member's "Individual Claim" as follows:

- "Individual Claim": A Class member's Individual Claim will be the total of the excess amount that the Class Member paid for covered Optum Provider Services received during the Class Period, which is the difference between (A) the agreed rate between Optum and Aetna and (B) the provider's contracted rate with Optum.

  - As a simple example, for illustrative purposes only: If a Class member paid $10 for one chiropractic and/or physical therapy session where the Optum Provider's contracted rate with Optum was $8, the Class member's Individual Claim for that claim would be $2 ($10 - $8 = $2). If the Class member had 10 such sessions, the total Individual Claim for all 10 claims would be $20 ($2 per session x 10 sessions = $20).

- The Individual Claim for claims of Member Class members that arose between July 12, 2102 and December 31, 2017 will be calculated based on Aetna's records.

- The Individual Claim for claims of Member Class members that arose **after** December 31, 2017 will be calculated for members who submit adequate information showing that, at the time of their post-2017 claim, their Aetna Plan document (the Summary Plan Description) did **not** include language disclosing that the allowed amount could include an administrative fee.

  - **If you choose to submit evidence of Individual Claims for post-2017 claims, you have until _____ to submit that evidence** to the Settlement Administrator. An example of valid documentation is a copy of your Summary Plan Description in effect at the time of your claim.

  - Documentation should be sent to the Settlement Administrator at: Aetna Admin Fee Settlement Administrator, c/o _____. You can also email a PDF copy of the documentation to: mail@AetnaAdminFeeSettlement.com. Additionally, you can contact the Settlement Administrator if you are unsure of when your post-2017 claim occurred.

  - **SUBMISSIONS TO SUPPORT INDIVIDUAL CLAIMS FOR POST-2017 CLAIMS THAT ARE NOT POSTMARKED ON OR BEFORE _____, OR ARE NOT SUBMITTED ELECTRONICALLY ON OR BEFORE 11:59 PM EASTERN TIME ON _____, WILL NOT BE CONSIDERED WHEN CALCULATING YOUR INDIVIDUAL CLAIM.**

- The maximum of an individual Member Class member's Individual Claim for purposes of calculating the share of distribution is $5,000.

- If you qualify to receive a distribution from the Settlement Fund, your payment may be less than your Individual Claim. The amount of your payment will depend on, among other things, the records submitted by Member Class members for claims after December 31, 2017.

- <u>No De Minimis Payment</u>. Where a Member Class member would receive a payment of less than $15, the Member Class member will not receive a payment.

- If the total Individual Claims for the entire Member Class is <u>less than</u> $2.4 million, then each Member Class member who qualifies to receive a payment will receive a payment of 100% of their Individual Claim. If the total Individual Claims for the entire Member Class is <u>more than</u> $2.4 million, then each Member Class member who qualifies to receive a payment will receive a pro rata share of their Individual Claim.

### b. Payments to Plans

The Plan Class consists of members of Aetna Plans who asserted claims to recover alleged losses suffered by their Aetna Plans. Thus, amounts paid from the Settlement Fund relating to claims of the Plan Class will be paid to the Aetna Plans.

Each Plan's claim will be calculated based on the total amount of Optum fees that the Plan paid for Optum Provider Services for members of that Plan. Each Plan eligible to receive a payment will receive a proportional (pro rata) share of the Plan Class's portion of the Settlement Fund.

<u>No De Minimis Payment</u>. Where a Plan would receive a payment of less than $500, the Plan will not receive a payment.

If the total Individual Claims for the entire Member Class is <u>less than</u> $2.4 million, then the remaining amount will be allocated to make payments to Plans in accordance with the Plan of Allocation.

### (3) Release of Claims Against Defendants

Upon the Effective Date of the Settlement after final approval, all Class Members for both Classes will release each of the Defendants (and related entities) for any and all legal claims arising out of or related to the subject matter of the case. The definition of "Released Claims" in the Settlement Agreement is:

> "[A]ny and all past, present and future claims, actions, causes of action, rights or liabilities, costs, expenses, losses, debts, or claims, regardless of forum, contingent or non-contingent, accrued or unaccrued, known or unknown, that were asserted in the Action or that could have been asserted in the Action before the date of final approval of the settlement, including any and all claims relating to

or arising from benefit claims in which member or plan responsibility for a claim for Optum Provider Services was assessed using an agreed rate between Optum and Aetna that exceeded the provider's contracted rate with Optum. For avoidance of doubt, Released Claims cover any and all claims relating to or arising from the subject matter of the Action."

## 7. What happens if I do nothing?

If you do nothing, you will be included in the Classes. You will be eligible to get a payment according to the Plan of Allocation described above. And you will be bound by the Settlement if it is finally approved by the Court. If you want to pursue any claim related to the issues in this case on your own and at your own expense, you should opt out of the Settlement.

***If you do nothing, you will not be able to sue Aetna or Optum on your own for the Released Claims as described in the part of Question 5 titled "Release of Claims against Defendants."***

## 8. How can I exclude myself ("opt-out") from the Classes?

- o **If you choose to opt out, you will <u>not</u> be eligible to receive any payment as part of the Settlement. And you could, at your own expense, bring your own legal claim(s) against Defendants relating to the subject matter of this case.**

- o If you wish to opt out, you <u>must</u> submit an opt-out request. To opt out, go to www.AetnaAdminFeeSettlement.com and follow the directions for how to fill out and submit the Opt-Out Form: you can (1) download and print out the Opt-Out Form from the website, fill it out and sign it, and send it by first class mail to the Settlement Administrator at: Aetna Admin Fee Settlement Opt Out, c/o _____; (2) email the completed and signed Opt-Out Form to the Settlement Administrator at mail@AetnaAdminFeeSettlement.com; or (3) mail or email to the Settlement Administrator a request for exclusion that includes your full name (and business name, if applicable), mailing address, email address, signature (or an electronic signature consisting of "/s/" plus your typed name), and the following statement: "I request that I be excluded from the Classes in *Peters v. Aetna*, Civ. No. 15-109-MR (W.D.N.C.)." An opt-out request that does not clearly state you wish to be excluded—or that makes conflicting requests to be excluded and to receive monies under the Settlement—will not be treated as a valid opt-out.

**REQUESTS TO OPT OUT THAT ARE NOT POSTMARKED ON OR BEFORE _____, OR ARE NOT SUBMITTED ELECTRONICALLY ON OR BEFORE 11:59 PM EASTERN TIME ON _____, WILL NOT BE HONORED.**

**Only submit an opt-out request if you do NOT wish to participate in the Classes and do NOT want to be eligible for any payment from the Settlement Fund.**

## Objecting to the Settlement

### 9. How do I object to the Settlement?

You can object to the Settlement, the proposed Plan of Allocation, the attorneys' fees and expenses requested, or the class representative incentive award. Submitting an objection gives you the chance to tell the Court why you think the Court should not approve any of these things, but objecting will <u>not</u> exclude you from the Settlement. To object, you must send the Court a letter via first class mail stating why you object to the Settlement. Be sure to include your name, address, telephone number, and signature. You must mail the objection to these three different groups so that they are received by the Court, Class Counsel, and counsel for Defendants no later than _____:

| Court | Class Counsel |
|---|---|
| Clerk of the Court<br>United States District Court for the<br>Western District of North Carolina<br>100 Otis Street, Room 309<br>Asheville, NC 28801 | Andrew N. Goldfarb<br>D. Brian Hufford<br>Jason S. Cowart<br>ZUCKERMAN SPAEDER LLP<br>1800 M Street, NW, Suite 1000<br>Washington, DC 20036 |
| **Aetna Counsel** | **Optum Counsel** |
| Earl B. Austin<br>Sarah Reeves<br>BAKER BOTTS L.L.P.<br>30 Rockefeller Plaza<br>New York, NY 10112 | Brian D. Boone<br>Michael R. Hoernlein<br>Brandon C.E. Springer<br>ALSTON & BIRD LLP<br>Vantage South End<br>1120 South Tryon St #300<br>Charlotte, NC 28203 |

**OBJECTIONS THAT ARE NOT RECEIVED BY THE COURT ON OR BEFORE _____ WILL NOT BE HONORED.**

### 10. Do I have a lawyer in the case?

Yes, unless you exclude yourself from the Classes. The interests of the Classes are represented by the class representative (Ms. Peters) and Plaintiff's counsel. The Court decided that two law firms ("Class Counsel") are qualified to represent the Classes. These firms are Zuckerman Spaeder LLP, 1800 M Street, NW, Suite 1000, Washington D.C. 20036 and The Van Winkle Law Firm, 11 N. Market Street, Asheville, NC 28801.

### 11. How will Class Counsel and the class representative be paid?

Under the Settlement, Aetna has agreed to pay Class Counsel $3.55 million for attorneys' fees and costs. The payment is separate from the payment of the Settlement Amount by the Defendants for the benefit of the Classes. Class Counsel will file a motion requesting that the Court approve their request for attorneys' fees and costs no later than _____, so you will have time to review that motion prior to deciding whether you want to object or opt-out.

This payment will compensate Class Counsel for their work investigating the facts, litigating the case, and negotiating the Settlement since the case started in mid-2015. The amount represents about a 50% discount on Class Counsel's fees.

The amount that the class representative (who brought the lawsuit and who has served as the named plaintiff) receives for her claims will be determined by the same Plan of Allocation used for all Class Members. In addition, the Settlement Agreement allows Class Counsel to ask the Court for an "incentive" award of up to $20,000 for the class representative, to recognize her role and contributions to the case as the lead plaintiff for almost 10 years. Any incentive award must be approved by the Court.

Class Counsel's motion for attorneys' fees and costs, and an incentive award to the class representative, will be available on the website www.AetnaAdminFeeSettlement.com, or you can contact the Settlement Administrator.

## 12. How is the cost of providing notice to class members paid for?

Aetna and the Classes will each pay one-half of amounts reasonably incurred by the appointed Settlement Administrator. Aetna's share of such costs is separate from its payment of its portion of the Settlement Amount and the attorneys' fee amount. Optum will not pay any such costs. Aetna has indicated that it may be able to administer some aspects of the class notice and settlement-related functions internally.

### THE FAIRNESS HEARING

## 13. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing on _____, at _____, at the United States District Court for the Western District of North Carolina, 100 Otis Street, Asheville, NC 28801. At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The judge in the case, Chief Judge Martin Reidinger, will listen to people who have asked in advance to speak at the hearing. The Court will also decide Class Counsel's request for attorneys' fees and expenses, as well as the request for the incentive award for the class representative. After the hearing, the Court will decide whether to approve the Settlement. It is not known how long these decisions will take.

The Court can change the date of the hearing without further notice, so please check the docket for the case if you want to appear to make sure that the date and time have not changed.

**14. Do I have to come to the hearing?**

No. Class Counsel will answer questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. If you retain your own lawyer, your lawyer can attend on your behalf.

**15. May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Peters v. Aetna*, No. 15-cv-109-MR." Be sure to include your name, address, telephone number, and signature. Your Notice of Intention to Appear must be received no later than _____, and must be sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the four addresses in Question 9. You cannot speak at the hearing if you opted out of the Settlement.

## 16. How do I get more information?

- Additional information about this lawsuit is available at www.XXXXXXXXXXX.com. The information includes copies of Plaintiff's complaint, the Settlement Agreement and its attachments; the Opt-Out Form and Objection Form; and the motion for preliminary approval of the Settlement, along with the exhibits to the motion. In addition, the motion for attorneys' fees and expenses and the class representative incentive award will be posted to the website after it is filed on or before _____.

- If you have additional questions about the Settlement or the case, you can go to www.AetnaAdminFeeSettlement.com, call _____, or email mail@AetnaAdminFeeSettlement.com. You can also write to the Aetna Admin Fee Settlement Administrator, c/o _____.

- **Correcting your mailing address.** If the Notice was sent to your correct mailing address, you do not have to do anything to receive further notices concerning this litigation. If the Notice was forwarded by the postal service, or if it was sent to an individual or address that is not correct or current, you should immediately contact the Settlement Administrator via the contact information provided in this Notice.

EXHIBIT C TO SETTLEMENT AGREEMENT

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

|  |  |  |
|---|---|---|
| SANDRA M. PETERS, on behalf of herself and all others similarly situated, | ) ) ) ) ) | Case No. 1:15-cv-00109-MR |
| Plaintiff, | ) ) |  |
| v. | ) ) |  |
| AETNA INC., AETNA LIFE INSURANCE COMPANY, and OPTUMHEALTH CARE SOLUTIONS, LLC, | ) ) ) ) ) |  |
| Defendants. | ) ) |  |

## [Proposed] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT

Plaintiff Sandra M. Peters ("Plaintiff") on behalf of the certified classes (the "Classes," together with Plaintiff, "Plaintiffs") and Defendants Aetna Inc. and Aetna Life Insurance Company ("Aetna") and OptumHealth Care Solutions, LLC ("Optum," and together with Aetna, "Defendants"), have determined to settle the above-captioned matter (the "Action") on the terms and conditions set forth in the Settlement Agreement dated February __, 2025 and all exhibits thereto (the "Settlement Agreement"), the original of which is filed with the Clerk of the Court (this settlement process hereafter referred to as the "Settlement").

Currently pending is an application for final approval of the Settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and of the Plan of Allocation; also pending is Plaintiff's motion for approval of the Attorneys' Fee Amount (as that term is defined in the

Settlement Agreement) for attorneys' fees and expenses (the "Fee Motion").

In connection with the Settlement and the current applications before the Court, the Court makes the following findings:

A. On _____, 2025, the Court entered an Order Preliminarily Approving Settlement and Approving Notice of Proposed Settlement and Fairness Hearing (the "Preliminary Approval Order"); appointing a Settlement Administrator; and directing that notice be given to Class members about the proposed Settlement and about a Fairness Hearing.

B. In the Preliminary Approval Order, the Court approved the form and content of the Notice of Proposed Class Action Settlement and Fairness Hearing ("Notice") directed to Class members.

C. During the period _____, 2025 through _____, 2025, Notice was mailed to Class members. The Notice informed members of the Class of the Settlement terms and that the Court would consider the following issues at the Fairness Hearing: (i) whether the Court should grant final approval to the Settlement and Plan of Allocation; (ii) whether the Court should enter final judgment dismissing the Action with prejudice; (iii) whether to award the Attorneys' Fee Amount to Class Counsel; (iv) whether to approve the payment of the Incentive Amount to the class representative and the amount of the Incentive Amount; and (v) any objections by members of the Classes to any of the above that were timely and properly served in accordance with the Preliminary Approval Order.

D. On _____, 2025, Plaintiff filed the Fee Motion.

E. Pursuant to the Notice, _____ Class members chose to exclude themselves

from the Settlement by submitting timely and valid Opt-Out Forms, and _____

objection(s) to the Settlement was/were filed with the Court and/or made at the

Fairness Hearing.

F.  On _____, 2025, the Settlement Administrator filed with the Court proof of

mailing of the Notice to all members of the Class.

G.  Defendants mailed the Class Action Fairness Act Notices ("CAFA Notices")

previously approved by the Court to the appropriate persons or entities.

H.  In accordance with the Notice and Preliminary Approval Order, a Fairness Hearing

was held on _____, 2025.

The Court having entered the Preliminary Approval Order, having heard argument in support of the Settlement, including the Plan of Allocation, the Incentive Amount for the class representative, and the Fee Motion, having reviewed all of the evidence, objections, and other submissions presented with respect to the Settlement and Plan of Allocation, and the record of all proceedings in this case, and having made the foregoing findings,

it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.  The Court has jurisdiction over the subject matter and personal jurisdiction over the parties to the Action, including the Class members.

2.  The Settlement Agreement and all of its exhibits (as filed with the Court) are incorporated in this Final Order and Judgment, including the definitions and terms set forth in the Settlement Agreement.

3.  The Classes previously certified by the Court are defined as follows:

Member Claim Class: All participants or beneficiaries of ERISA health insurance plans insured or administered by Aetna for whom coinsurance responsibility for a claim was assessed using an agreed

rate between Optum and Aetna that exceeded the provider's contracted rate with Optum for the treatment provided.

Plan Claim Class: All participants or beneficiaries of self-insured ERISA health insurance plans administered by Aetna for which plan responsibility for a claim was assessed using an agreed rate between Optum and Aetna that exceeded the provider's contracted rate with Optum for the treatment provided.

Doc. 272.

4. Notice to the members of the Class has been given in an adequate and sufficient manner and the Notice given constitutes the best notice practicable under the circumstances, and was reasonably calculated to apprise interested parties of the pendency of the Action, the nature of the claims, the definition of the Class, and their opportunity to exclude themselves from the Class or present objections to the Settlement. The Notice complied in all respects with the requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the rules of this Court, and any other applicable law.

5. Class members were given the opportunity to exclude themselves through submission of Opt-Out Forms, and _____ individuals did so in a timely fashion. These individuals are identified on the papers filed with the Court on _____, Doc. __.

6. _____ other individuals submitted Opt-Out Forms that were either untimely or not adequately completed, as reflected on the papers filed with the Court on _____, 2025, Doc. __. These individuals are not excluded from the Class. They are Class members and are bound by the terms of the Settlement Agreement and this Final Order and Judgment.

7. Defendants have satisfied the requirements of CAFA pursuant to 28 U.S.C. § 1715.

8. The Court finally approves the Settlement and Plan of Allocation in all respects as fair, reasonable, adequate, and in the best interests of the Classes pursuant to Rule 23(e). The

Settlement was not a product of fraud or collusion, and the Court finds it to be fair, reasonable, and adequate under Rule 23(e)(2). The Court find that: (A) the class representative and Class Counsel have adequately represented the Classes; (B) the proposal was negotiated at arm's length; (C) the relief provided for the Classes is adequate, taking into account (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of any proposed method of distributing relief to the Classes, and (iii) the terms of the proposed award of attorneys' fees, including timing of payment; and (D) the proposal treats Class members equitably relative to each other. The Court also finds the Settlement fair, reasonable, and adequate under the so-called *Jiffy Lube* factors set out in *In re Lube Securities Litigation*, 927 F.2d 155, 158-59 (4th Cir. 1991). *See also Cantu-Guerrero v. Lumber Liquidators, Inc.,* 952 F.3d 471, n.8 (4th Cir. 2020) (noting that the *Jiffy Lube* factors "almost completely overlap with the…Rule 23(e)(2) factors"). The *Jiffy Lube* factors for a class settlement's fairness are: (1) the posture of the case at the time settlement was proposed; (2) the extent of discovery that had been conducted; (3) the circumstances surrounding the negotiations; and (4) the experience of counsel in the area of class action litigation. The *Jiffy Lube* factors for a class settlement's adequacy are (a) the relative strength of the plaintiffs' case on the merits; (b) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial; (c) the anticipated duration and expense of additional litigation; (d) the solvency of the defendants and the likelihood of recovery on a litigated judgment; and (e) the degree of opposition to the settlement. 927 F.2d at 158-59.

9.     The terms of the Settlement Agreement, including all exhibits to the Settlement Agreement and to this Final Order and Judgment, will be forever binding on the Classes.

10.     Neither the Settlement, this Final Order and Judgment, any papers related to the Settlement, nor the fact of Settlement will be used as a finding or conclusion of the Court, or an

admission by Defendants, of any fault, wrongdoing, or liability whatsoever.

11.     The parties and the Settlement Administrator will carry out all the terms of the Settlement, including distribution of the Settlement Fund in accordance with the Plan of Allocation, and the release provisions in the Settlement Agreement in accordance with the terms of the Settlement Agreement.

12.     Defendants will have no liability or responsibility for any payments, fees, or costs under this Final Order and Judgment or the Settlement aside from the amounts as set forth in the Settlement Agreement.

13.     Releases:

A.     As of the Effective Date, members of the Classes fully, finally, and forever release, relinquish, and discharge all of the Defendants and their Affiliated Entities from the Released Claims, which the Settlement Agreement defines as:

> [A]ny and all past, present, and future claims, actions, causes of action, rights or liabilities, costs, expenses, losses, debts, or claims, regardless of forum, contingent or non-contingent, accrued or unaccrued, known or unknown, that were asserted in the Action or that could have been asserted in the Action before the date of final approval of the settlement, including any and all claims relating to or arising from benefit claims in which member or plan responsibility for a claim for Optum Provider Services was assessed using an agreed rate between Optum and Aetna that exceeded the provider's contracted rate with Optum. For avoidance of doubt, Released Claims cover any and all claims relating to or arising from the subject matter of the Action.

B.     As of the Effective Date, members of the Classes fully, finally, and forever release, relinquish, and discharge any and all past, present and future claims they could have brought, before the date of final approval of the settlement, relating to or arising from Action, against counsel representing Defendants in the Action.

C.     As of the Effective Date, Defendants and their Affiliated Entities fully,

finally, and forever release, relinquish, and discharge members of the Classes from the Released Claims.

D. As of the Effective Date, Defendants and their Affiliated Entities fully, finally, and forever release, relinquish, and discharge any and all past, present and future claims they could have brought, before the date of final approval of the settlement, relating to or arising from the Action, against Class Counsel in the Action.

E. Class members expressly acknowledge certain principles of law applicable in some states, such as Section 1542 of the Civil Code of the State of California, which provide that a general release does not extend to claims that a creditor does not know or suspect exists in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor. Class members expressly waive all rights related to the Released Claims under Section 1542 of the Civil Code of the State of California, which reads as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Class members acknowledge that they may have claims that are covered by the terms of this Settlement that they have not yet discovered. Class members acknowledge that they intend to release any and all such known, unknown or unsuspected Released Claims. Notwithstanding the choice of law provision in the Settlement, to the extent that the law of other jurisdictions may be applicable and enforceable, Class members hereby agree that the provisions of Section 1542 of the Civil Code of the State of California and all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction that may be applicable here are hereby knowingly and voluntarily waived and

relinquished by Class members.

F. The respective releasing parties are barred and permanently enjoined from prosecuting any and all Released Claims.

G. Nothing in this Final Order and Judgment or the Settlement Agreement will preclude any action to enforce the terms of the Settlement.

14. Without affecting the finality of this Final Order and Judgment in any way, this Court will retain exclusive continuing jurisdiction over all parties and Class members with regard to implementation of the Settlement Agreement, disposition of the Settlement Fund, and enforcement and administration of this Settlement Agreement. The Court may order any appropriate legal or equitable remedy necessary to enforce the terms of this Final Order and Judgment and/or the Settlement.

15. The Fee Motion is granted. The Court approves the Attorneys' Fee Amount ($3,550,000) as fair, reasonable, and adequate.

16. The Court approves an Incentive Amount for the Class representative of $20,000, an amount to be paid from the Settlement Amount.

17. The Action is dismissed with prejudice and without costs (except as otherwise provided herein).

This is a final and appealable judgment.

SO ORDERED.

Dated: _____, 2025

_____
Martin Reidinger
United States District Judge



1295 Northland Drive
STE 160
St. Paul MN 55120

1-844-728-8428
info@atticusadmin.com
www.atticusadmin.com

Mail Date

**VIA U.S. PRIORITY MAIL**

AG Name
Attorney General of State
Address 1
Address 2
City State Zip

Re: **Class Action Fairness Act Notice**
*Sandra M. Peters v. Aetna Inc., et al.*
U.S. District Court for the Western District of North Carolina, Asheville Division
Case No. 1:15-cv-00109-MR

Dear Sir or Madam,

ATTICUS ADMINISTRATION, LLC has been retained as the third-party Settlement Administrator in the above-referenced putative class action lawsuit (the "Action") pending in the U.S. District Court for the Western District of North Carolina, Asheville Division. The parties have proposed to settle the claims asserted in the Action with the terms of a settlement agreement which was filed with the Court on February _, 2025.

This notice of a proposed settlement is being provided to you in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715. The enclosed CD-ROM, the contents of which are identified below, includes all of the materials requested under the statue.

Contents of the Enclosed CD-ROM

1.      Class Action Complaint filed June 12, 2015 (Attachment 1).

2.      Plaintiff's Motion for Preliminary Approval of Settlement and exhibits thereto filed February _, 2025 (Attachment 2)

3.      Proposed Plan of Allocation ("Allocation Plan") (Attachment 3)

4.      Long Form Class Settlement Notice ("Proposed Notice") (Attachment 4)

5.      Settlement Agreement ("Settlement Agreement") (Attachment 5)

6.      Proposed Order Granting Preliminary Approval of Class Settlement ("Preliminary Approval Order (Attachment 6)

10095956.1



1295 Northland Drive     1-844-728-8428
STE 160     info@atticusadmin.com
St. Paul MN 55120     www.atticusadmin.com

With respect to 28 U.S.C. § 1715(b)(7)(A) and (B), it is not feasible at this time to provide the names of all settlement class members or estimate the proportionate share of the claims of each settlement class member. That is in part because the majority of the members who receive notice of the settlement will need to fill out requisite forms and provide certain information to establish their eligibility to participate. The total amount that any class member receives will be determined in accordance with the Settlement Agreement and Allocation Plan after the list of class members who are eligible and wish to participate has been established.

Based on currently available information, notice of the settlement will be sent to approximately 258,864 potential class members in the following states (with estimated figures for each state): Virginia (62,904), Georgia (56,366), North Carolina (56,179), Illinois (40,740), South Carolina (20,859), District of Columbia (3,708), Florida (2,921), Maryland (2,003), Indiana (1,567), Texas (1,411), California (1,095), New York (1,063), New Jersey (925), Pennsylvania (897), Tennessee (628), Colorado (504), West Virginia (496), Ohio (492), Connecticut (342), Michigan (340), Arizona (336), Massachusetts (290), Wisconsin (284), Alabama (281), Washington (263), Missouri (187), Nevada (135), Delaware (134), Kentucky (119), Utah (119), Minnesota (93), Louisiana (86), Kansas (79), Oregon (71), New Hampshire (68), Maine (66), Mississippi (64), Oklahoma (48), Iowa (47), Nebraska (41), Arkansas (40), Idaho (40), Rhode Island (39), Montana (37), New Mexico (36), South Dakota (26), Vermont (22), Hawaii (16), Alaska (11), North Dakota (10), and Wyoming (9).

There are no contemporaneous settlements or other agreements between Class Counsel and counsel for the Defendants. The terms of the proposed class action settlement are stated in the Settlement Agreement and Proposed Order of Preliminary Approval.

A final judgment has not been entered in this action and no notice of dismissal has been filed at this time. The Court has not yet scheduled a Fairness Hearing.

At this time, no written judicial opinions have been issued in this action relating to the materials described in 28 U.S.C. § 1715(b) (3)-(6) regarding any proposed or final notification to the class members, any proposed or final class action settlement, any settlement or other contemporaneous agreement, or final judgment or notice of dismissal.

If you are unable to access any of the information included on the enclosed CD or if you have any questions regarding the proposed settlement, kindly contact counsel for the Defendant, Earl Austin of Baker Botts LLP at earl.austin@bakerbotts.com or 214-953-6542, at your earliest convenience.

With kind regards,


Office of the Settlement Administrator
On Behalf of Defendants Aetna, Inc. and Aetna Life Insurance Company

Enclosure – CD-ROM

10095956.1



1295 Northland Drive     1-844-728-8428
STE 160     info@atticusadmin.com
St. Paul MN 55120     www.atticusadmin.com

<mark>Mail Date</mark>

**VIA U.S. PRIORITY MAIL**

AG Name
Attorney General of State
Address 1
Address 2
City State Zip

Re:     **Class Action Fairness Act Notice**
       *Sandra M. Peters v. Aetna Inc., et al.*
       U.S. District Court for the Western District of North Carolina, Asheville Division
       Case No. 1:15-cv-00109-MR

Dear Sir or Madam,

       ATTICUS ADMINISTRATION, LLC has been retained as the third-party Settlement Administrator in the above-referenced putative class action lawsuit (the "Action") pending in the U.S. District Court for the Western District of North Carolina, Asheville Division. The parties have proposed to settle the claims asserted in the Action with the terms of a settlement agreement which was filed with the Court on February __, 2025.

       This notice of a proposed settlement is being provided to you in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715. The enclosed CD-ROM, the contents of which are identified below, includes all of the materials requested under the statue.

Contents of the Enclosed CD-ROM

1. Class Action Complaint filed June 12, 2015 (Attachment 1).

2.        Plaintiff's Motion for Preliminary Approval of Settlement and exhibits thereto filed February __, 2025 (Attachment 2)

3.        Proposed Plan of Allocation ("Allocation Plan") (Attachment 3)

4.        Long Form Class Settlement Notice ("Proposed Notice") (Attachment 4)

5.        Settlement Agreement ("Settlement Agreement") (Attachment 5)

6.        Proposed Order Granting Preliminary Approval of Class Settlement ("Preliminary Approval Order (Attachment 6)

       With respect to 28 U.S.C. § 1715(b)(7)(A) and (B), it is not feasible at this time to provide the names of all settlement class members or estimate the proportionate share of the claims of each

10095956.1



1295 Northland Drive
STE 160
St. Paul MN 55120

1-844-728-8428
info@atticusadmin.com
www.atticusadmin.com

settlement class member. That is in part because the majority of the members who receive notice of the settlement will need to fill out requisite forms and provide certain information to establish their eligibility to participate. The total amount that any class member receives will be determined in accordance with the Settlement Agreement and Allocation Plan after the list of class members who are eligible and wish to participate has been established.

Based on currently available information, notice of the settlement will be sent to approximately 258,864 potential class members in the following states (with estimated figures for each state): Virginia (62,904), Georgia (56,366), North Carolina (56,179), Illinois (40,740), South Carolina (20,859), District of Columbia (3,708), Florida (2,921), Maryland (2,003), Indiana (1,567), Texas (1,411), California (1,095), New York (1,063), New Jersey (925), Pennsylvania (897), Tennessee (628), Colorado (504), West Virginia (496), Ohio (492), Connecticut (342), Michigan (340), Arizona (336), Massachusetts (290), Wisconsin (284), Alabama (281), Washington (263), Missouri (187), Nevada (135), Delaware (134), Kentucky (119), Utah (119), Minnesota (93), Louisiana (86), Kansas (79), Oregon (71), New Hampshire (68), Maine (66), Mississippi (64), Oklahoma (48), Iowa (47), Nebraska (41), Arkansas (40), Idaho (40), Rhode Island (39), Montana (37), New Mexico (36), South Dakota (26), Vermont (22), Hawaii (16), Alaska (11), North Dakota (10), and Wyoming (9).

There are no contemporaneous settlements or other agreements between Class Counsel and counsel for the Defendants. The terms of the proposed class action settlement are stated in the Settlement Agreement and Proposed Order of Preliminary Approval.

A final judgment has not been entered in this action and no notice of dismissal has been filed at this time. The Court has not yet scheduled a Fairness Hearing.

At this time, no written judicial opinions have been issued in this action relating to the materials described in 28 U.S.C. § 1715(b) (3)-(6) regarding any proposed or final notification to the class members, any proposed or final class action settlement, any settlement or other contemporaneous agreement, or final judgment or notice of dismissal.

If you are unable to access any of the information included on the enclosed CD or if you have any questions regarding the proposed settlement, kindly contact counsel for Defendant OptumHealth Care Solutions, LLC:

> Brian D. Boone
> Michael R. Hoernlein
> Brandon C.E. Springer
> ALSTON & BIRD LLP
> Vantage South End
> 1120 South Tryon St #300
> Tel: (704) 444-1000
> brian.boone@alston.com
> michael.hoernlein@alston.com
> brandon.springer@alston.com

10095956.1



1295 Northland Drive  
STE 160  
St. Paul MN 55120  

1-844-728-8428  
info@atticusadmin.com  
www.atticusadmin.com

With kind regards,

Office of the Settlement Administrator
On Behalf of Defendant OptumHealth Care Solutions, LLC

10095956.1